UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

LINDA M. LESLIE, Regional
Director of the Third Region of
the National Labor Relations
Board for and on behalf of the
National Labor Relations Board,

                    Petitioner,

v.                                  22-CV-478 (JLS)

STARBUCKS CORPORATION,

                    Respondent.

───────────────────────────────

## ORDER

Petitioner Linda M. Leslie and Respondent Starbucks Corporation have filed competing motions addressing the proper procedural path for this case. In the Motion to Shorten Time and for an Expedited Hearing (Dkt. 2) and Motion to Determine Section 10(j) Injunction Petition on Basis of Affidavits and Documentary Evidence (Dkt. 3), Petitioner asks the Court to determine the merits of the petition as soon as possible, based on the evidence that Petitioner submitted, and without a hearing.[1] Respondent cross-moved in opposition, asking the Court either to (1) stay this matter pending completion of the administrative hearing on the underlying alleged unfair labor practices, or (2) set a schedule for expedited discovery and schedule an evidentiary hearing. Dkt. 14.

───────────────────────────────

[1] Petitioner "does not seek a temporary restraining order." Dkt. 2-1, at 1.

At the June 24, 2022 status conference to discuss scheduling, Petitioner stated that she opposed Respondent's discovery and stay requests, but clarified that she did not oppose Respondent submitting its own affidavits and documentary evidence. Respondent stated that it would need sixty days to submit such affidavits and evidence.

After studying the parties' submissions,[2] the Court grants, in part, and denies in part, each party's motions as follows. The Court settled on this approach after reviewing the procedural paths that other Section 10(j) cases have taken, which illustrate that the Court has the discretion to chart a path that gives it the information necessary to determine the petition and is fair to both sides under the circumstances of the particular case. *See, e.g., Kreisberg v. HealthBridge Mgmt., LLC*, 732 F.3d 131, 136 (2d Cir. 2013) (district court "tried the matter on the papers," where neither party objected and the NLRB had completed administrative proceedings); *Mattina ex rel. NLRB v. Kingsbridge Heights Rehab. & Care Ctr.*, 329 F. App'x 319, 322–23 (2d Cir. 2009) (the district court "acted within its discretion when it held hearings" to resolve the petition and "did not abuse its discretion in denying [Respondent]'s discovery requests"); *Paulsen v. CSC Holdings, LLC*, Civil Action No. 15-7054, 2016 WL 951535, at *2 & n.1 (E.D.N.Y. Mar. 8, 2016) (resolving petition based on the administrative record, affidavits, and accompanying exhibits);

---

[2] The Court has considered all papers filed by each party regarding the proper procedure, including Respondent's supplement to its cross-motion, which it filed this morning. *See* Dkt. 19.

*Fernbach ex rel. NLRB v. Raz Dairy, Inc.*, 881 F. Supp. 2d 452, 461 (S.D.N.Y. 2012) (resolving petition after oral argument before the administrative hearing began).[3]

The Court DENIES Respondent's request for a stay, but GRANTS its request for limited, expedited discovery. Discovery shall proceed accordingly as follows:

1. By **Tuesday, June 28**, Respondent shall file a proposed discovery order indicating, briefly, (a) what discovery it needs and why, (b) a list of deponents (*e.g.*, affiants and others who it may need testimony from) and why, (c) proposed time limits for each deposition, in hours, and (d) a proposed total aggregate deposition time, in hours;

2. By **Wednesday, June 29**, Petitioner shall respond to Respondent's proposed discovery order;

3. The Court will study the proposed order and response, and will issue a final discovery order by **Thursday, June 30**;

4. By **Friday, July 1**, Respondent shall serve all deposition notices on Petitioner, as well as on witnesses, if necessary and appropriate—with later service on witnesses permitted, if adequate notice given; and

5. Depositions may begin on **Tuesday, July 5**, and shall be completed by **Friday, July 29, at 5:00 p.m. EST**;

---

[3] Each of the district courts to handle similar cases recently allowed limited, expedited discovery and held hearings—with the District of Arizona court limiting each party to three hours of cross-examination and argument at the hearing. *See generally Overstreet v. Starbucks Corp.*, No. 2:22-cv-00676-JJT (D. Az.); *McKinney v. Starbucks Corp.*, No. 2:22-cv-02292-SHL-cgc (M.D. Tenn.).

The Court strongly encourages the parties to cooperate on scheduling depositions and resolving discovery disputes. If necessary, the parties may raise a discovery dispute with the Court by filing a letter. The Court will resolve any urgent discovery issues by phone, on the record.

The Court GRANTS, IN PART, Petitioner's motion to decide the petition on the papers—*e.g.*, affidavits, documentary evidence, and any deposition testimony submitted—provided that, if the Court decides live witness testimony is necessary on a particular topic or issue, it will receive such evidence on the date set for oral argument, and will so instruct the parties sufficiently in advance of that date.

Respondent shall file all opposition papers—including deposition testimony, affidavits, and documentary evidence—and its memorandum in opposition to the petition by **Friday, August 26**. Petitioner's reply brief is due by **Wednesday, September 7**. The parties shall appear *in person* for oral argument on **Thursday, September 15, at 10:00 a.m.**

The Court recognizes that it allowed Petitioner until Tuesday, June 28, to respond to Respondent's cross-motion and reply in further support of its own motion. Petitioner may file that submission, if she wishes, and the Court will consider it. The Court is confident that the procedure described in this order is the appropriate path forward and balances each party's rights; it will adjust this order

4

if any reply by Petitioner justifies doing so, but the parties shall proceed with the presumption that this order stands.[4]

SO ORDERED.

*/s/ John L. Sinatra, Jr.*

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

Dated:       June 27, 2022
             Buffalo, New York

---

[4] The Court issues this order before the deadline for Petitioner's submission in light of the quickly approaching deadlines set forth in this order, which the Court selected consistent with Petitioner's request for expedited proceedings.