UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

**LINDA M. LESLIE, Regional Director of the**
**Third Region of the National Labor Relations Board,**
**for and on behalf of the**
**NATIONAL LABOR RELATIONS BOARD**

                      Petitioner
      vs.                                       CIVIL NO. 22-CV-00478
                                              J. SINATRA
**STARBUCKS CORPORATION.**                   ECF CASE

                      Respondent

**PETITIONER'S RESPONSE IN OPPOSITION**
**TO RESPONDENT'S PROPOSED DISCOVERY ORDER**

On June 27, 2022, the Court issued an Order requesting that the parties present their positions as to a discovery schedule in this matter (ECF No. 20). On June 28, 2022, Respondent submitted a proposed scheduling order seeking depositions from 38 witnesses, including the Regional Director for Region Three; four (4) hours per witness for an aggregate of 152 hours of deposition testimony; and Petitioner's full investigatory file (ECF No. 24). These requests are far from the "limited discovery"[1] that Respondent initially proposed to the Court and far exceed what is necessary for Respondent to vet the evidence in support of the Petition for Section 10(j) relief (ECF No. 1).

Respondent's proposed discovery order validates Petitioner's concern that engaging in discovery in this matter will unavoidably result in a duplicative parallel proceeding to be conducted

---

[1] Respondent's Cross Motion at p. 2, 5 ("Starbucks . . . requests the opportunity to take limited discovery in an expedited fashion . . ." and "Starbucks requests discovery, including a limited number of depositions . . .").

concurrently with the administrative hearing (ECF No. 23).[2] Accordingly, as directed by the Court in its Order dated June 27, 2022, Petitioner opposes Respondent's proposed discovery order in its entirety, as fully articulated herein:

I. **The Number of Witnesses and Amount of Time Respondent Seeks for Depositions is Disproportionate to What Respondent Needs and Will Result in a Full Parallel Proceeding to the Concurrent Administrative Hearing**

Respondent requests four (4) hours of deposition testimony each and a total of 152 hours of time in which to depose 37 witnesses whose affidavits were submitted as the evidentiary basis for the Petition. This amount of time and the testimony is wholly disproportionate to Respondent's needs in responding to the Petition for Section 10(j) relief. The vast majority of the witnesses it seeks to depose will merely offer cumulative or repetitive information relative to the primary witnesses impacted by Respondent's unlawful conduct. For example, of the 37 witnesses Respondent seeks to depose, Petitioner is seeking interim reinstatement for only seven.[3] Likewise, only two witnesses provided the testimony that form the foundation for the majority status requirement for Petitioner's bargaining order request at Respondent's Camp Road store.[4] An additional single witness can provide all relevant testimony to the closure of Respondent's Galleria kiosk.[5] Nearly all witnesses, including the aforementioned individuals, have provided testimony in support of other aspects of the Petition, including monitoring by support managers and the

---

[2] For Petitioner's full position on discovery, please see Petitioner's Opposition to Respondent's Cross Motion (ECF No. 23).
[3] The seven discriminatees who were discharged are Cassie Fleischer, Angel Krempa, Kellen Montanye, Brian Nuzzo, Minwoo "Edwin" Park, Daniel Rojas, Jr., and Nathan Tarnowski.
[4] These witnesses are William Westlake and Gianna Reeve.
[5] This witness is Roisin Doherty.  If the court requires corroboration on this point, an additional witness Erin O'Hare can provide it.

threats made at captive audience meetings.[6] Deposing witnesses beyond these core individuals will result in cumulative testimony and unnecessarily waste court resources, particularly in light of the Regional Director's limited burden of proof in a 10(j) proceeding. It ensures that this matter will become a parallel litigation of nearly identical scope to that before the ALJ during the same timeframe. The proposed order therefore asks for overly broad and unduly burdensome discovery and should be denied in its entirety or modified to better target the narrower needs of this 10(j) proceeding.

    II.  **Respondent's Request to Depose the Regional Director Seeks Irrelevant Information that is Protected from Disclosure**

In a request unprecedented in this Region, Respondent requests to depose Regional Director Linda M. Leslie. Petitioner unqualifiedly opposes this request as irrelevant, given the deferential standards granted to the Regional Director's legal theories under well-established Second Circuit precedent. *See, e.g.*, *Kaynard v. Mego Corp.*, 33 F.2d 1026, 1031 (2d Cir.1980) (Friendly, J.) (holding that the Regional Director's version of facts "should be given the benefit of the doubt" and all facts and inferences "should be sustained if within the range of rationality.").

Additionally, Respondent's request to depose the Regional Director on the reasonable cause element is simply unnecessary as the Regional Director has fully articulated the factual and legal bases for her theories in the Memorandum of Points and Authorities already submitted to the Court (ECF No. 1.) She has, moreover, no firsthand knowledge of the facts giving rise to the Petition, having relied on the evidence already disclosed in full to the Court and Respondent in making her determinations. *See, e.g.*, *Simplex Time Recorder Co. v. Sec. of Labor,* 766 F.2d 575,

---

[6] The Region has already made transcripts of these meetings available. These transcripts should obviate the need for witness testimony on matters related to threats made during captive audience meetings as the transcripts are the best evidence of what occurred.

586-587 (D.C. Cir. 1985); *Barker v. Regal Health and Rehab Ctr., Inc.*, 632 F. Supp.2d 817, 836 (N.D. Ill. 2009); *cf Church of Scientology of Boston v. I.R.S.*, 138 F.R.D. 9, 12 (D. Mass. 1990).

To the extent that Respondent seeks to depose the Regional Director on any legal theories being advanced that would require a change to Board law, the request is untenable. The Regional Director is not responsible for setting agency priorities regarding changes to Board law (this is the sole prerogative of the agency's General Counsel). She therefore lacks firsthand knowledge as to the reasoning that underlies these positions.

Finally, deposing the Regional Director about the "just and proper" element, including the remedies sought and their scopes, would serve no purpose that could not be accomplished through oral argument and briefing. To the extent Respondent maintains that these questions cannot be handled in this manner, Respondent is essentially seeking information about the Regional Director's mental processes and deliberations, which are not relevant to establishing the existence of "reasonable cause" and whether the requested relief is "just and proper."[7] The Regional Director's processes and deliberations are furthermore exempt from disclosure under attorney/client, work product, and internal Agency deliberations privilege. *See, e.g.*, *NLRB v. Whittier Mills Co.*, 123 F.2d 725, 728 (5th Cir. 1941) (finding that Regional Director's beliefs are irrelevant to issues before court); *McLeod v. Local 239, Teamsters*, 330 F.2d 108, 112 (2d Cir. 1964) (stating that respondent "should have attempted to prove that reasonable cause [to believe violation occurred] did not exist, rather than seeking to psychoanalyze the regional director");

---

[7] Highlighting the irrelevance of the Board's deliberative processes to Section 10(j) proceedings, Judge Tuchi observed in the 10(j) matter against Starbucks in Arizona, "[The Regional Director] could have, for example, consulted a Ouija board or flipped a coin and that shouldn't matter if the evidence is there." *Overstreet v. Starbucks Corp.*, CV22-00676-PHX-JJT (transcript of May 5, 2022 telephonic hearing).

*United States v. AT&T*, 524 F. Supp. 1381, 1387-88 (D.D.C. 1981) (irrelevant and privileged). [8]

Meanwhile, there are other, less intrusive, means to discover the information, including by reading Petitioner's nearly 90-page memoranda outlining all legal positions in this matter, supplemental briefing and oral argument as necessary, and discovery of non-Board witnesses with personal knowledge of events.[9]

### III. Respondent's Request for Petitioner's Entire Investigatory File is Overbroad and Seeks Non-Relevant Information

Respondent requests Petitioner's entire investigatory file by Friday, July 1, 2022, excluding documents protected from disclosure under the attorney/client privilege or work product doctrine.

---

[8] *See also NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150 (1975); *see also NLRB v. Botany Worsted Mills, Inc.,* 106 F.2d 263, 267 (3d Cir. 1939) (denying respondent inquiry into Board decision-making process); *U.S. v. Electro-Voice, Inc.,* 879 F. Supp. 919, 923-24 (N.D. Ind. 1995) (employer not permitted to obtain testimony regarding information contained in reports protected by deliberative process privilege; quashed notice of deposition of NLRB Regional Director); *accord D'Amico v. Cox Creek Refining Co.,* 126 F.R.D. 501, 505 (D. Md. 1989) (quashing notice of deposition of Board investigator); *NLRB v. Trades Council*, 131 LRRM 2022, 2023-24, 1997 WL 120572 (3d Cir. 1989) (quashing notice of deposition of Regional Director).

While the deliberative process privilege is not absolute, the burden is on the party seeking discovery to show a substantial need to overcome the privilege. *U.S. v. Farley,* 11 F.3d 1385, 1389-90 (7th Cir. 1993); *FTC v. Warner Commc'ns, Inc.,* 742 F.2d 1156, 1161-62 (1984). Respondent has not made a showing of necessity sufficient to overcome this privilege.

[9] Courts have explicitly declined to examine and permit discovery regarding Board processes and deliberations about 10(j) petitions because such matters are not relevant to courts' "just and proper" inquiry. *See, e.g.*, *Madden v. Int'l Hod Carriers*, 277 F.2d 688, 693 (7th Cir.), cert. denied 364 U.S. 863 (1960) (affirming refusal to require testimony of Board agent regarding the Board's preliminary investigation and the decisional process in 10(l) proceeding) (the propriety of a 10(l) injunction is "to be resolved by the evidence adduced by the Board in open court to sustain its petition"; the Board's internal investigation and determinations regarding the petition are "judicially tested" only by the Board's subsequent ability to prove its case in court); *accord Building & Constr. Trades Council v. Alpert,* 302 F.2d 594, 595-96 (1st Cir. 1962); *U.S. v. Electro-Voice, Inc.,* 879 F. Supp. 919, 923-24 (N.D. Ind. 1995); *D'Amico,* 126 F.R.D. at 505 (D. Md. 1989); *NLRB v. Trades Council,* 131 LRRM at 2023-24; *McLeod v. Gen. Electric Co.,* 257 F. Supp. 690, 702 (S.D.N.Y. 1966), *rev'd on other grounds* 366 F.2d 847 (2d Cir. 1966), *stay granted* 87 S.Ct. 5 (1966) (J. Harlan), *vacated and remanded* 385 U.S. 533 (1967).

While Petitioner recognizes Respondent's entitlement to relevant information under Rule 26(c)(1), the request at issue is overly broad, unduly burdensome, and seeks information not relevant to the Petition.

As an initial matter, Petitioner has already made available its entire evidentiary basis for its Petition and has not withheld exculpatory information (indeed, Respondent submitted no substantive response during the investigation such that the Region lacks such evidence). Regardless, a Petition for Section 10(j) relief is not an opportunity for Respondent to engage in a fishing expedition through which to second guess the Regional Director's theories and conclusions nor is it an opportunity for Respondent to pull the Court into the role of factfinder. Attempting to place the full investigatory file before the Court risks exactly that result, however.

There is, moreover, a real danger that the production of otherwise privileged employee affidavits, witness lists, or union authorization cards could lead to Respondent's retaliation against the witness or card signers before entry of a 10(j) decree. For this and other reasons, the informer's privilege—which privileges the government to withhold from discovery the identity of persons who furnish information regarding violations of the law—protects from disclosure affidavits of witnesses whose testimony will not be used in the 10(j) proceeding. *See Roviaro v. United States,* 353 U.S. 53, 59 (1957); *Dole v. Electrical Workers Local 1942,* 870 F.2d 368, 372 (7th Cir. 1989) (upholding DOL's refusal to identify union members who assisted investigation under of union election irregularities); *NLRB v. McAdoo,* 165 LRRM 2373, 2000 WL 1466091 (9th Cir. 2000); *United States v. Martinez,* 922 F.2d 914, 921 (1st Cir. 1991) ("[T]he privilege need only give way when disclosure of the informant's identity would be vital to a fair trial."). Respondent has put forth nothing but the merest speculation that the information it seeks would be useful; it therefore cannot overcome this privilege.

Regardless, whatever Petitioner has not already disclosed to the Court is not the basis for this Petition and therefore is not relevant. Respondent is not entitled to review irrelevant testimony and evidence for this proceeding.

### IV. Petitioner Proposes Relying on the Administrative Record Rather than Engage in Unnecessary Discovery and a Parallel Evidentiary Proceeding

The scope of Respondent's proposed discovery order demonstrates its intention to create a parallel duplicative proceeding in this Court while the administrative hearing on the same facts with the same parties and involving the same evidence advances simultaneously. As fully articulated in Petitioner's Opposition to Respondent's Cross Motion (ECF No. 23), this approach taxes the Court's resources and is prejudicial to Petitioner which lacks the resources to proceed in two forums at once.

Accordingly, Petitioner requests, in lieu of proceeding with discovery at this juncture, that the Court issue an order to decide this matter on the administrative record at the conclusion of Petitioner's case in chief. To fully explore this option, Petitioner submitted a motion to the ALJ this morning requesting permission to present its just and proper testimony during the hearing. If the ALJ grants this motion, the need for discovery and depositions on the Petition will be moot as Respondent will have a full and complete opportunity to cross examine the Petitioner's witnesses and vet its evidence in that forum. If the ALJ denies this motion, the Court and parties may revisit the need for limited discovery on the just and proper element at the conclusion of the Region's case in chief in the administrative proceeding. As fully articulated in Petitioner's Response to Respondent's Cross Motion, this approach will serve the same purpose as depositions and discovery without the need for a parallel proceeding, conserving the resources of the Court, avoiding prejudice to Petitioner, circumventing cumulative and unnecessary testimony, and

ensuring Respondent the full and fair opportunity to cross examine witnesses and vet Petitioner's evidence and theories in the administrative setting, as required by statute.

Respectfully submitted this 29th day of June, 2022.

Respectfully submitted,

/s/ *Caroline V. Wolkoff*
Caroline V. Wolkoff, Counsel for Petitioner
National Labor Relations Board
Third Region – Resident Office
Leo W. O'Brien Federal Building
11A Clinton Avenue, Room 342
Albany, New York 12207-2350
Telephone: (202) 674-5235
Facsimile: (518) 431-4157
Email: cwolkoff@nlrb.gov

Jessica L. Cacaccio, Counsel for Petitioner
National Labor Relations Board, Third Region
Niagara Center Building, Suite 630
130 S. Elmwood Avenue
Buffalo, New York 14202
Direct Dial: (716) 398-7022
Facsimile: (716) 551-4972
Email: jcacaccio@nlrb.gov

Alicia P. Stanley, Counsel for Petitioner
National Labor Relations Board
Third Region – Resident Office
Leo W. O'Brien Federal Building
11A Clinton Avenue, Room 342
Albany, New York 12207-2350
Telephone: (518) 419-6256
Facsimile: (518) 431-4157
Email: astanley@nlrb.gov

*Attorneys for Petitioner*
