## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA M. LESLIE, Regional Director of the Third Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,    ) ) ) ) ) )<br><br>Petitioner,    )<br>)<br>v.    )<br>)<br>STARBUCKS CORPORATION,    )<br>)<br>Respondent.    ) | CIVIL ACTION NO. 1:22-cv-00478-JLS |

### RESPONDENT STARBUCKS CORPORATION'S STATUS REPORT

As the Court directed the Parties to do in its Order of June 30, 2022 (Doc. 29), Respondent Starbucks Corporation ("Starbucks" or the "Company") submits this status report. On August 29, 2022, Petitioner completed its case-in-chief in the administrative hearing before an administrative law judge (ALJ) of the National Labor Relations Board (NLRB) on the same unfair labor practice charges on which Petitioner bases its Petition in this case for injunctive relief under Section 10(j) of the National Labor Relations Act, 29 U.S.C. § 160(j). Also on August 29, at the ALJ's direction, Starbucks immediately began its case-in-chief, and anticipates it will finish in the next three weeks.

The parties agree (*see* Doc. 34) that the stay should not be lifted now. Where the parties diverge is regarding the need for further discovery after the administrative record closes. Starbucks' position has not changed:  it will still need additional discovery.

1.     **Petitioner Failed To Carry Her Burden Of Proof On The Reasonable Cause Element And Further Left Open The Likelihood Of Starbucks Establishing Its *Wright Line* Affirmative Defense**

In order to establish entitlement to the injunctive relief she seeks under Section 10(j), Petitioner must show that there is reasonable cause to believe Starbucks violated the NLRA as alleged in the Petition and that injunctive relief would be "just and proper."  Starbucks believes that in her case-in-chief, Petitioner failed to establish reasonable cause for the dozens of underlying unfair labor practice claims on which the Petition in this case is based. To illustrate, every alleged discriminatee who testified at the administrative hearing admitted to having engaged in the conduct that led to his or her discipline or separation.

The Company in its case-in-chief will tell the rest of the story on the reasons for, and defenses under *Wright Line* to, the alleged actions Petitioner challenges in the NLRB case.[1] That evidence will further help the Court determine whether Petitioner has carried her burden of proof on the reasonable cause element.

---

[1] In *Wright Line*, the Board established a burden shifting test for evaluating claims that an employer took an adverse employment action against an employee due to protected activity under Sections 8(a)(1) or 8(a)(3) of the NLRA. The General Counsel retains the ultimate burden of proving that an unfair labor practice occurred by a preponderance of the evidence. *See Wright Line*, 251 NLRB 1083, 1088 n.11 (1980). To establish a *prima facie* case under *Wright Line*, "the General Counsel must initially show that the employee's [protected] activity was a motivating factor in the employer's decision to discharge the employee," which means, in other words, that the General Counsel must show protected activity, employer knowledge of protected activity, and anti-union animus by the employer. *See Electrolux Home Prod. Inc.*, 368 NLRB No. 34, at *9-10 (2019); *see also Papa's Penn Inc.*, 365 NLRB No. 155, *2-3 (2017) (internal citations omitted). If the General Counsel sustains its *prima facie* burden, the burden shifts to the employer to demonstrate that it would have taken the same adverse action even in the absence of the employee's protected conduct. *See Electrolux Home Prod. Inc.*, 368 NLRB No. 34, at *401-02; *see also Papa's Penn Inc.*, 365 NLRB No. 155, at *3, 8; *Sysco Food Servs. of Cleveland, Inc.*, 347 NLRB 1024, 1036 (2006).

**2.   Starbucks Requests Clarification On Whether Starbucks Will Have The Opportunity To Complete Written Discovery And Depositions After The Close Of The ALJ Record, As Normally Occurs In Federal Court**

Section 10(j) reserves to this Court the power to determine whether "just and proper" evidence is admissible under the Federal Rules and the weight it should be given, if any.  29 U.S.C. §160(j).  Stated differently, Section 10(j) vests in the Court, not the Board, jurisdiction over the just and proper issue.

Nevertheless, the day before the Court issued its June 30, 2022 Order, Petitioner filed a motion with the ALJ requesting that the ALJ admit evidence at the administrative hearing on whether injunctive relief under Section 10(j) is just and proper. Starbucks opposed this because just and proper evidence is not relevant to whether an unfair labor practice has been committed and, as such, falls outside the scope of an ALJ's authority in an unfair labor practice case.  Over Starbucks' opposition, the ALJ granted Petitioner's motion, somehow gleaning that the Court's Order, without actually saying so, "directed" the ALJ to take just and proper evidence.  Starbucks filed a special appeal of the ALJ's order with the NLRB, which the NLRB denied, thus allowing the introduction of just and proper evidence at the merits hearing – for only the second time in the history of the NLRB (and, the only other time this occurred, both parties consented to introduction of just and proper evidence before the ALJ and the federal court directed it). (*See* Doc. 27, p. 9).

During the hearing, the ALJ permitted Petitioner to subpoena Respondent's voluminous records, resulting in Starbucks producing over 31,000 pages of documents during Petitioner's case-in-chief.  The ALJ allowed Petitioner to call (and recall) her witnesses to testify to both reasonable cause and "just and proper" evidence, including allowing the introduction of hearsay statements by often unidentified employees about an alleged "chilling effect" on the union campaign. Further, Petitioner has the benefit of advance review and use of Starbucks' documents when Starbucks puts on its case-in-chief witnesses.  In stark contrast, the ALJ has denied Starbucks the opportunity to

obtain a single page of written discovery from any witness, alleged discriminatee, the Union, or Petitioner.  Every one of the Company's subpoenas *duces tecum* was revoked by the ALJ during Petitioner's case-in-chief at the requests of the Union and Petitioner.  Accordingly, Starbucks was unable to cross examine any of Petitioner's 38 witnesses with any of the documentary evidence it sought via NLRB subpoenas.[2]

Now that the ALJ has permitted Petitioner to put on alleged "just and proper" evidence that is irrelevant to the claims over which the ALJ has jurisdiction, Starbucks must choose whether to put on its own "just and proper" evidence before the ALJ, while it still has no written discovery from anyone. If Starbucks fails to put on some witness or evidence related to whether injunctive relief is "just and proper" before the ALJ, it does not want to risk that this Court (upon Petitioner's likely request) may later deny the Company the opportunity to take written discovery, followed by depositions – as normally occurs in federal court litigation.

With this background, Starbucks, as it proceeds with its case-in-chief, requests that the Court provide clarification whether the Court intends to hold the Company to only that "just and proper" evidence admitted by the ALJ, while disallowing the Company the opportunity at the conclusion of the administrative hearing to issue subpoenas to obtain appropriate and meaningful written discovery, followed by depositions of key witnesses once such documents are in hand.  In making this request, Starbucks submits that the Court should answer this question in the negative, retaining full and complete jurisdiction over all aspects of the just and proper element of Petitioner's claims and permitting full discovery where still needed, and ensuring that the Court,

---

[2] Because it had to immediately start its own case-in-chief on August 29, Respondent cannot simultaneously gather declarations from the same dozens of witnesses it is calling in the ALJ hearing, while issuing subpoenas and conducting depositions in federal court.

as Judge Tuchi at the initial status conference in Starbucks' Phoenix 10(j) case so aptly put it, is not "a party to a railroading."

Date:  August 31, 2022

Respectfully submitted,

*/s/ Jeffrey S. Hiller*
David A. Kadela (Pro Hac Vice)
Jeffrey S. Hiller (Pro Hac Vice)
Littler Mendelson, P.C.
41 South High Street, Suite 3250
Columbus, OH  43215
Tel: 614.463.4201
Fax: 614.573.7475
Email: dkadela@littler.com
        jhiller@littler.com

Jacqueline Phipps Polito
Littler Mendelson, P.C.
375 Woodcliff Drive, Suite 2D
Fairport, NY 14450
Tel: 585.203.3413
Fax: 585.203.3414
Email: jpolito@littler.com

Jonathan Levine (Pro Hac Vice)
Adam-Paul Tuzzo (Pro Hac Vice)
Littler Mendelson, P.C.
111 East Kilbourn Ave., Suite 1000
Milwaukee, WI 53202
Telephone: 414.291.5536
Fax No.: 414.291.5526
Email: jlevine@littler.com
        atuzzo@littler.com

*Attorneys for Respondent,*
*Starbucks Corporation*

4863-8400-3888