IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LINDA M. LESLIE, Regional Director of the Third Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,**<br><br>Petitioner,<br><br>vs.<br><br>**STARBUCKS CORPORATION,**<br><br>Respondent. | Case No. 1:22-cv-00478-JLS |

**STARBUCKS CORPORATION'S ANSWER TO PETITION FOR INJUNCTION UNDER SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure and the Court's September 7, 2022 Order, Starbucks Corporation ("Starbucks"), as its Answer to Petitioner Linda M. Leslie's Petition for Injunction under Section 10(j) of the National Labor Relations Act, as amended ("Petition"), states as follows:

**GENERAL DENIAL**

Except as otherwise expressly stated herein, Starbucks denies every allegation contained in the Petition, including, without limitation, any allegations contained in the preamble, headings, or subheadings of the Petition (and expressly denies that the Petition's preamble identifies the correct court). Starbucks specifically denies that it violated the National Labor Relations Act ("NLRA") in any of the ways alleged in the Petition or any other manner alleged by the National Labor Relations Board (the "Board"). Starbucks expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary, including without limitation based on the discovery and a hearing ordered by the Court in this matter.

## ANSWER TO SPECIFIC ALLEGATIONS OF THE PETITION

1. Starbucks admits the allegations in Paragraph 1 of the Petition.

2. Starbucks admits that this Court has jurisdiction to consider injunctive relief under Section 10(j) of the NLRA but denies facts exist that warrant Petitioner's invoking the Court's jurisdiction under Section 10(j) or seeking the injunctive relief requested and therefore denies the allegations contained in Paragraph 2 of the Petition to that extent.

3. Starbucks admits that Workers United a/w Service Employees International Union ("Union") filed with the Board the charges, election petition and election objections identified in Paragraph 3 of the Petition but lacks information and knowledge sufficient to form a belief as to the other allegations in Paragraph 3 and therefore denies those allegations.

4. Starbucks admits that the General Counsel issued an Order Further Consolidating Cases, Amended Consolidated Complaint and Notice of Hearing on May 19, 2022, but lacks information and knowledge sufficient to form a belief as to the other allegations in Paragraph 4 of the Petition and therefore denies those allegations.

5. Starbucks denies the allegations in Paragraph 5 of the Petition and further asserts that Petitioner effectively denied it an opportunity to present evidence and legal arguments for many of the charges listed in Paragraph 3 of the Petition.

6. Starbucks admits the allegations in Paragraphs 6(a)-(e) of the Petition. In answer to Paragraph 6(f), Starbucks: admits that while employed by Starbucks the individuals identified by full name at certain times held the job titles next to their names, but denies that allegation with respect to Tori Clow, Mallori Coloumbe, Joana Hernandez, Melanie Joy, Marsh King, Holly Klein, David Morales, Lori Ruffin, Brittney Sanders, Alyssa Schieda, Gina Sterling, Chris Stewart and

Ashlyn Tehoke;  admits that individuals holding the positions of Store Manager, Support Manager, District Manager, Regional Director, Partner Resources Director, Partner Resources Manager, Senior Vice President, President, Director - U.S. Community Engagement, Regional Vice President, Chairman and Executive Vice President in Starbucks were supervisors and/or managerial employees; is without knowledge or information sufficient to form a belief as to the truth or falsity of whether the individuals identified only by first name held the job titles next to their first names and therefore denies that those individuals held those job titles; and is without sufficient information or knowledge to form a belief as to the other allegations contained in Paragraph 6(f) and therefore denies those allegations. Starbucks denies all other allegations contained in paragraph 6 of the Petition.

7. In answer to Paragraph 7 of the Petition:

   a. Starbucks admits that it operates a store at 5120 Camp Road, Hamburg, New York 14075 ("Camp Road store") but it denies the remaining allegations contained in Paragraph 7(a) of the Petition.

   b. Starbucks admits that it operates a store at 4255 Genesee Street, Suite 100, Cheektowaga, New York 14225 ("Genesee Street store") but it denies the remaining allegations contained in Paragraph 7(b) of the Petition.

   c. Starbucks admits that it operates a store at 4770 Transit Road, Depew, NY 14043 ("Transit & French store") but it denies the remaining allegations contained in Paragraph 7(c) of the Petition.

   d. Starbucks admits that it operates a store at 8100 Transit Road, Suite 100, Williamsville, NY 14221 ("Transit & Maple store") but it denies the remaining allegations contained in Paragraph 7(d) of the Petition.

e. Starbucks admits that it operates a store at 235 Delaware Ave., Buffalo, NY 14202 ("Delaware & Chippewa store") but it denies the remaining allegations contained in Paragraph 7(e) of the Petition.

f. Starbucks admits that it operates a store at 5165 Main Street, Williamsville, New York 14221 ("Main Street store") but it denies the remaining allegations contained in Paragraph 7(f) of the Petition.

g. Starbucks admits that it operates a store at 933 Elmwood Avenue, Buffalo, NY 14222 ("Elmwood store") but it denies the remaining allegations contained in Paragraph 7(g) of the Petition.

h. Starbucks admits that it operates a store at 3235 Southwestern Boulevard, Orchard Park, NY 14127 ("Orchard Park store") but it denies the remaining allegations contained in Paragraph 7(h) of the Petition.

i. Starbucks admits that it operates a store at 5395 Sheridan Dr., Buffalo, NY 14221 ("Williamsville Place store") but it denies the remaining allegations contained in Paragraph 7(i) of the Petition.

j. Starbucks admits that it operates a store at 6707 Transit Rd. #100, Lancaster, NY 14221 ("Transit Regal store") but it denies the remaining allegations contained in Paragraph 7(j) of the Petition.

k. Starbucks admits that it operates a store at 9660 Transit Rd., Suite 101, East Amherst, NY 14051 ("Transit Commons store") but it denies the remaining allegations contained in Paragraph 7(k) of the Petition.

   l. Starbucks denies the allegations contained in Paragraph 7(l) of the Petition except that it admits its operation of the described store as set out in the Answer to Paragraph 7(j) of the Petition.

Starbucks denies all other allegations contained in Paragraph 7 of the Petition.

  8. In answer to Paragraph 8 of the Petition:

   a. Starbucks denies the allegations contained in Paragraph 8(a) of the Petition.

   b. Starbucks admits that having mental health counselors available to employees is an existing employee benefit, but it denies the remaining allegations contained in Paragraph 8(b) of the Petition.

   c. Starbucks denies the allegations contained in Paragraph 8(c) of the Petition.

   d. Starbucks denies the allegations contained in Paragraph 8(d) of the Petition.

   e. Starbucks admits that it issued announcements about a wage increase based in part on tenure, including in October 2021, and before that in July and August 2021, but it denies the remaining allegations in Paragraph 8(e) of the Petition.

   f. Starbucks admits that it conducted a meeting on November 6, 2021, but it denies the remaining allegations in Paragraph 8(f) of the Petition.

   g. Starbucks admits that it conducted a meeting on November 6, 2021, but it denies the remaining allegations in Paragraph 8(g) of the Petition.

   h. Starbucks denies the allegations contained in Paragraph 8(h) of the Petition.

   i. Starbucks denies the allegations contained in Paragraph 8(i) of the Petition.

Starbucks denies all other allegations contained in Paragraph 8 of the Petition.

  9. In answer to Paragraph 9 of the Petition:

   a. Starbucks denies the allegations contained in Paragraph 9(a) of the Petition.

  b. Starbucks admits that for a period of time it tried to assign support managers to its Buffalo facilities, but it denies the remaining allegations contained in Paragraph 9(b) of the Petition.

  c. Starbucks admits that the referenced individuals have visited Buffalo stores, but it denies the remaining allegations contained in Paragraph 9(c) of the Petition.

  d. Starbucks admits that it has tried to schedule managers to be in its Buffalo stores during operational hours, but it denies the remaining allegations contained in Paragraph 9(d) of the Petition.

  e. Starbucks denies the allegations contained in Paragraph 9(e) of the Petition.

  f. Starbucks denies the allegations contained in Paragraph 9(f) of the Petition.

  g. Starbucks denies the allegations contained in Paragraph 9(g) of the Petition.

  h. Starbucks denies the allegations contained in Paragraph 9(h) of the Petition.

Starbucks denies all other allegations contained in Paragraph 9 of the Petition.

10. In answer to Paragraph 10 of the Petition:

  a. Starbucks admits that in Fall 2021 it trained newly-hired employees in its Buffalo store at one facility, but it denies the remaining allegations contained in Paragraph 10(a) of the Petition.

  b. Starbucks admits that it hired new employees at Buffalo stores in, before, and since September 2021, but it denies the remaining allegations contained in Paragraph 10(b) of the Petition.

  c. Starbucks admits that it has engaged in facility maintenance or improvement in Buffalo stores in, before, and since September 2021, but it denies the remaining allegations contained in Paragraph 10(c) of the Petition.

d. Starbucks denies the allegations contained in Paragraph 10(d) of the Petition.

e. Starbucks denies the allegations contained in Paragraph 10(e) of the Petition.

f. Starbucks denies the allegations contained in Paragraph 10(f) of the Petition.

g. Starbucks denies the allegations contained in Paragraph 10(g) of the Petition.

h. Starbucks denies the allegations contained in Paragraph 10(h) of the Petition.

i. Starbucks admits that in approximately September 2021 it moved or removed and replaced two district managers in Buffalo, but it denies the remaining allegations contained in Paragraph 10(i) of the Petition.

j. Starbucks admits that in, before, and since September 2021 it has renovated stores in Buffalo, but it denies the remaining allegations contained in Paragraph 10(j).

k. Starbucks admits that in, before, and since September 2021 it has made improvements in stores in Buffalo, but it denies the remaining allegations contained in Paragraph 10(k).

l. Starbucks denies the allegations contained in Paragraph 10(l).

m. Starbucks denies the allegations contained in Paragraph 10(m).

n. Starbucks denies the allegations contained in Paragraph 10(n).

o. Starbucks lacks the factual information necessary to form a belief as to the allegations contained in Paragraph 10(o) and therefore denies those allegations.

p. Starbucks lacks the factual information necessary to form a belief as to the allegations contained in Paragraph 10(p) and therefore denies those allegations.

    q. Starbucks admits that in or around November 2021 it arranged for newly-hired employees to be trained at one of three stores, but it denies the remaining allegations contained in Paragraph 10(q) of the Petition.

    r. Starbucks admits that it disabled mobile ordering at the Walden & Anderson store on November 8, 2021, but it denies the remaining allegations contained in Paragraph 10(r) of the Petition.

    s. Starbucks admits that in or around January 2022 it effected a wage increase based in part on tenure, but it denies the remaining allegations contained in Paragraph 10(s) of the Petition.

    t. Starbucks denies the allegations contained in Paragraph 10(t) of the Petition.

Starbucks denies all other allegations contained in Paragraph 10 of the Petition.

11. Starbucks denies the allegations contained in Paragraph 11 of the Petition including without limitation Paragraphs 11(a)-(i).

12. In answer to Paragraph 12 of the Petition:

    a. Starbucks admits that the "Prohibition Against Harassment" language set forth is in the Starbucks Partners Guide, dated April 2020, but it denies the remaining allegations contained in Paragraph 12(a) of the Petition.

    b. Starbucks admits that the "A Respectful Workplace Is Everyone's Responsibility" language set forth is in the Starbucks Partners Guide, dated April 2020, but denies the remaining allegations contained in Paragraph 12(b) of the Petition.

    c. Starbucks admits that the "How We Communicate" language set forth is in the Starbucks Partners Guide, dated April 2020, but it denies the remaining allegations contained in Paragraph 12(c) of the Petition.

    d. Starbucks admits that the "Corrective Action" language set forth is in the Starbucks Partners Guide, dated April 2020, but it denies the remaining allegations contained in Paragraph 12(d) of the Petition.

    e. Starbucks admits that the "Dress Code & Personal Appearance" language set forth is in the Starbucks Partners Guide, dated April 2020, but it denies the remaining allegations contained in Paragraph 12(e) of the Petition.

    f. Starbucks admits that the "Personal Mobile Device; Personal Telephone Calls and Mail" language set forth is in the Starbucks Partners Guide, dated April 2020, but it denies the remaining allegations contained in Paragraph 12(f) of the Petition.

    g. Starbucks admits that the "Soliciting/Distributing Notices" language set forth is in the Starbucks Partners Guide, dated April 2020, but it denies the remaining allegations contained in Paragraph 12(g) of the Petition.

    h. Starbucks admits that the "Attendance and Punctuality" language set forth is in the Starbucks Partners Guide, dated April 2020, but it denies the remaining allegations contained in Paragraph 12(h) of the Petition.

    i. Starbucks admits that the "Partners Not Working While Ill" language set forth is in the Starbucks Partners Guide, dated April 2020, but it denies the remaining allegations contained in Paragraph 12(i) of the Petition.

  j. Starbucks admits that the "COVID LOG" language set forth is on the check-in log in the stores, but it denies the remaining allegations contained in Paragraph 12(j) of the Petition.

  k. Starbucks admits that the language set forth concerning "Free Food Item and Beverages While Working" is substantially similar to that in the Partners Resources Manual as of October 4, 2021, but it denies the remaining allegations contained in Paragraph 12(k) of the Petition.

  l. Starbucks denies the allegations contained in paragraph 12(l) of the Petition. Starbucks denies all other allegations contained in Paragraph 12 of the Petition.

13. Starbucks admits that: at varying times it has closed stores in the Buffalo area; prior to October 2021, it shifted responsibility for hiring employees in Buffalo stores from store managers to recruiters; and in Fall 2021, it transitioned newly-hired employees at one facility. Starbucks denies the remaining allegations contained in Paragraph 13 of the Petition.

14. In answer to Paragraph 14 of the Petition:

  a. Starbucks denies that it refused to approve or delayed approving Erin O'Hare's transfer.

  b. Starbucks denies that it refused to assign employee Erin O'Hare to a home store.

  c. Starbucks denies the allegations as stated in Paragraph 14(c) of the Petition.

  d. Starbucks denies the allegations as stated in Paragraph 14(d) of the Petition.

  e. Starbucks admits that it issued written warnings as described in Paragraph 14(e) of the Petition.

    f.   Starbucks denies that it sent employees home prior to the end of their shifts as alleged Paragraph 14(f) of the Petition.

    g.   Starbucks denies the allegations contained in Paragraph 14(g) of the Petition.

    h.   Starbucks admits the allegations contained in paragraph 14(h) of the Petition.

    i.   Starbucks admits that it terminated the employment of Cassie Fleischer on April 22, 2022, Daniel Rojas, Jr. on March 5, 2022, Edwin Park on March 23, 2022, Brian Nuzzo on March 22, 2022, Nathan Tarnowski on March 31, 2022, and Angel Krempa on April 3, 2022, but it denies the remaining allegations contained in Paragraph 14(i).

    j.   Starbucks admits that Brian Nuzzo received a ban due to making a threat, but denies the remaining allegations in Paragraph 14(j) of the Petition.

    k.   Starbucks denies the allegations contained in Paragraph 14(k) of the Petition.

    l.   Starbucks denies the allegations contained in Paragraph 14(l) of the Petition.

Starbucks denies all other allegations contained in Paragraph 14 of the Petition.

15.   Starbucks denies the allegations contained in Paragraph 15 of the Petition.

16.   Starbucks admits that on December 17, 2021, the Board certified the Union as the exclusive collective-bargaining representative of the bargaining unit at the Elmwood store but it denies the remaining allegations contained in Paragraph 16 of the Petition.

17.   In answer to Paragraph 17 of the Petition:

    a.   Starbucks denies the allegations contained in Paragraph 17(a) of the Petition.

    b.   Starbucks admits generally that wages, hours and other terms and conditions of employment are mandatory subjects of bargaining, but it denies the remaining allegations contained in Paragraph 17(b) of the Petition.

  c. Starbucks denies the allegations contained in Paragraph 17(a) and therefore denies the corresponding allegations contained in Paragraph 17(c) of the Petition.

Starbucks denies all other allegations contained in Paragraph 17 of the Petition.

18. Starbucks denies the allegations contained in Paragraph 18 of the Petition.

19. In answer to Paragraph 19 of the Petition:

  a. Starbucks denies the allegations contained in Paragraph 19(a) of the Petition.

  b. Starbucks denies the allegations contained in Paragraph 19(b) of the Petition.

  c. Starbucks admits that as of May 27, 2022, it employed 31 hourly employees at the Camp Road store, and 581 baristas and shift supervisors in its Buffalo stores, but it denies the remaining allegations contained in Paragraph 19(c) of the Petition.

  d. Starbucks denies the allegations contained in Paragraph 19(d) of the Petition.

  e. Starbucks is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19(e) of the Petition and therefore denies those allegations.

  f. Starbucks denies the allegations contained in Paragraph 19(f) of the Petition.

  g. Starbucks is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19(g) of the Petition and therefore denies those allegations.

Starbucks denies all other allegations contained in Paragraph 19 of the Petition.

20. Starbucks denies the allegations contained in Paragraph 20 of the Petition.

21. Starbucks denies the allegations contained in Paragraph 21 of the Petition.

22. Starbucks denies the allegations contained in Paragraph 22 of the Petition.

23. Starbucks denies the allegations contained in Paragraph 23 of the Petition.

24. Starbucks denies the allegations contained in Paragraph 24 of the Petition.

25. Starbucks denies the allegations contained in Paragraph 25 of the Petition.

26. Starbucks denies the allegations contained in Paragraph 26 of the Petition.

27. Starbucks denies the allegations contained in Paragraph 27 of the Petition.

28. Starbucks denies the allegations contained in Paragraph 28 of the Petition.

29. Starbucks denies the allegations in Petitioner's prayer for relief, denies that Petitioner is entitled to any of the relief in its prayer for relief on pages 39-43 of the Petition, and further alleges that the relief sought is overbroad, not authorized by the NLRA, and denies Starbucks its rights under the U.S. Constitution.

30. Starbucks denies each and every allegation contained in the Petition not expressly admitted herein.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

For affirmative and additional defenses to the Petition, and without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of the claims alleged in the Petition, Starbucks asserts the following defenses:

1. The allegations in the Complaints and Petition are impermissibly vague and ambiguous and a denial of due process.

2. The allegations in the Petition, charges and Complaints underlying the Petition were filed and made in bad faith, and for vexatious and improper purposes, including to infringe upon Starbucks' rights and the operation of its business.

3. To the extent that the Petition contains allegations that are beyond the scope of the underlying charges, such allegations are barred.

4. Petitioner failed to conduct and complete a full and thorough investigation and failed to provide Starbucks a full and fair opportunity to submit evidence and legal arguments concerning the charges asserted in the underlying Complaints and Petition in violation of Starbucks' due process rights.

5. The determination to issue the Complaints and Petition was made without affording Starbucks a fair and equal opportunity to present evidence responding to the charges, and as a result without such evidence, thus depriving Starbucks of the due process to which it is entitled.

6. Starbucks has acted at all times in good faith and in compliance with the NLRA and pursuant to its well-established rules and practices.

7. Starbucks has acted at all times in accordance with its lawful property and managerial rights under state, local, and federal law.

8. Violations of the NLRA alleged in the Complaints and Petition are barred to the extent that they conflict with, are contrary to, and precluded by the rights Starbucks has under Section 8(c) and other provisions of the NLRA, and the U.S. Constitution.

9. Violations of the NLRA alleged in the Complaints and Petition are barred to the extent that they conflict with, are contrary to, and precluded by Section 10(c) and any other applicable provisions of the NLRA.

10. None of the alleged violations of the NLRA are predicated upon conduct that objectively could be found to have interfered with, restrained, coerced, or discriminated against any employees in the exercise of any rights guaranteed in the NLRA.

11. The Board is not empowered to substitute its judgment for Starbucks' lawful employment decisions.

12. Assuming, *arguendo*, any Petition allegation is found to be a violation of the NLRA, the remedies sought by the Board would be a manifest injustice and denial of due process to Starbucks and its employees.

13. Any statement made by any of Starbucks' managers, supervisors and/or agents falls within the ambit of Section 8(c) of the NLRA and the First Amendment of the U.S. Constitution, and as such, neither constitutes nor can be used as evidence of an unfair labor practice.

14. The conduct alleged in the Complaints and Petition had a *de minimis* impact, if any, on rights guaranteed by Section 7 of the NLRA and thus no remedy exists that would further the purposes of the NLRA.

15. The Board's Regional Director and General Counsel lack the proper authority to issue, file, and litigate the Petition.

16. Insofar as the Board authorized the Petition, Members Gwynne Wilcox and David Prouty should have recused themselves based on their past, present, and perceived relationship with the Service Employees International Union ("SEIU") and its Locals, and their affiliates, including the Charging Party, Workers United.

17. The Petition should be denied because the entry of a preliminary injunction would cause irreparable harm to the rights Starbucks and its partners have under the NLRA.

18. Petitioner's claim is barred by the Region's failure to act diligently in investigating and pursuing the charges.

19. The Petition should be denied because it seeks the equivalent of full and final relief on the claims pending before the Board.

20. At all times, Starbucks had legitimate business reasons for its decisions and conduct in this matter.

21. Injunctive relief is not just and proper in this matter because, among other things, the Board is capable of remedying the alleged violations contained in the Petition.

22. Injunctive relief is not just and proper because, among other things, Petitioner cannot show a reasonable likelihood of success on the merits.

23. Injunctive relief is not just and proper because of, among other things, the absence of irreparable harm and an equitable justification for restoration of the status quo, the passage of time since the commission of the alleged unfair labor practices, changed circumstances and related equitable considerations.

24. In balancing the equities, Petitioner should be found to be barred from any of the injunctive relief sought under the unclean hands doctrine and other equitable principles based upon conduct in which Petitioner has engaged that conflicts with its charter as a fair and neutral administrator and enforcer of the NLRA.

25. The remedies sought by Petitioner interfere with Respondent's rights under Section 8(c) of the NLRA and the First Amendment of the U.S. Constitution, and with its and third parties' contractual, statutory, and other rights.

Starbucks reserves the right to raise any additional defenses not asserted herein of which it may become aware through investigation and/or Court-ordered discovery, as may be appropriate at a later time.

WHEREFORE, Starbucks respectfully requests that the Petition for Injunction Under Section 10(j) of the National Labor Relations Act, as amended, be denied in its entirety with prejudice, and for such other relief as this Court deems equitable and just.

Dated: September 14, 2022

/s/ *David Kadela*
David Kadela (*Pro Hac Vice*)
Jeffrey S. Hiller (*Pro Hac Vice*)
LITTLER MENDELSON, P.C.
41 South High Street, Suite 3250
Columbus, OH 43215
Tel: 614-463-4201
Fax: 614-573-7475
Email: dkadela@littler.com
          jhiller@littler.com

Jonathan Levine (*Pro Hac Vice*)
Adam-Paul Tuzzo (*Pro Hac Vice*)
LITTLER MENDELSON, P.C.
111 East Kilbourn Ave., Suite 1000
Milwaukee, WI 53202
Tel: 414-291-5536
Fax: 414-291-5526
Email: jlevine@littler.com
          atuzzo@littler.com

Brittany L. Stepp (*Pro Hac Vice*)
LITTLER MENDELSON, P.C.
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102
Tel: 267-402-3000
Fax: 267-402-3131
Email: bstepp@littler.com

*Attorneys for Respondent*
*Starbucks Corporation*