IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA M. LESLIE, Regional Director of the Third Region of the National Labor Relations BOARD, for and on behalf of the NATIONAL LABOR RELATIONS BOARD<br><br>**Petitioner,**<br><br>vs.<br><br>**STARBUCKS CORPORATION,**<br><br>**Respondent.** | No. 1:22-cv-00478-JLS |

## MOTION TO QUASH SUBPOENA DUCES TECUM TO CUSTODIAN OF RECORDS FOR WORKERS UNITED

Workers United moves under Federal Rules of Civil Procedure Rule 45 (hereinafter "Rule 45") to quash the subpoena duces tecum issued by Respondent Starbucks Corporation ("Starbucks") to the custodian of records of Workers United (hereinafter "the subpoena)

Workers United currently has a Motion to Intervene or in the alternative appear as Amicus Curiae pending before the Court. At a status conference on September 7, 2022, Starbucks, Petitioner NLRB, and Workers United (hereinafter "Union") discussed a timeline to streamline discovery issues. As a part of that, all parties and the Court appeared to rely on the Union to accept service of twenty-two (22) subpoenas ducus tecum issued by Starbucks on the Union and twenty-one individuals, and to file the instant motion to quash with respect to those subponeas. As such, the Union notes that the parties and the Court have already effectively integrated the Union as a full party to the proceeding, and are benefitting from the participation of Workers United, just as the Union submitted was possible in the pending Motion to Intervene. The Union notes this and

1

further submits that this participating in the discovery process should weigh heavily in favor of the Court granting the pending Motion to Intervene in full.

The subpoena that is the subject of this motion is substantively identical to the ones discussed in the other Motion to Quash filed by the Union, regarding twenty-one (21) additional subpoenas to third-party witnesses and Workers United representatives.  Since the numbered requests vary slightly, this motion is filed separately to avoid confusion.

The instant subpoena must be quashed in full on several independent grounds, pursuant to Rule 45 and relevant case law applying it.[1]  Rule 45 states a subpoena "shall" be quashed if it demands confidential information or is burdensome.  The subpoena is unduly burdensome because they demand protected information, demand work product, demands information that is not relevant, demands information without any evidentiary foundation, demands information that is already available to Starbucks from other sources, is cumulative and duplicative, and because compliance would represent an extreme hardship due to the volume of information.  *See* FRCP 45(d)(3)(A)(iiii).  The subpoena also demands confidential information and should be quashed for that reason.  *See* FRCP 45(d)(3)(B)(i).

---

[1] The Union has standing to file this motion under well-established authority concerning a party's demand for information from a third party.  This is appropriate when, as here, a party has "'a sufficient privacy interest in the confidentiality of records pertaining to their personal financial affairs so as to give them standing to challenge the subpoenas.'" *In re Flag Telecom Holdings, Ltd.*, No. 02 Civ. 3400, 2006 WL 2642192, at *2 (S.D.N.Y. Sept. 13, 2006) (quoting *Sierra Rutile Ltd. v. Katz*, No. 90 Civ. 4913, 1994 WL 185751, at *2 (S.D.N.Y. May 11, 1994)); *see also Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09 CIV. 1608 RJH JCF, 2010 WL 1327921, at *8 (S.D.N.Y. Apr. 5, 2010).  Such a claim is valid when a party, as Workers United does here, makes a claim of privilege, has a privacy interest, or seeks to protect a proprietary interest in the information sought. *See In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*, No. 08-347 ARR MDG, 2010 WL 2219343, at *5 (E.D.N.Y. Feb. 5, 2010), report and recommendation adopted in part, No. 08MC347 ARR MDG, 2010 WL 1686811 (E.D.N.Y. Apr. 26, 2010).

**GENERAL OBJECTIONS**

The following general objections apply to the vast bulk of Starbucks' requests in the subpoena, and are therefore explained here.

I.   **THE SUBPOENA IS UNDULY BURDENSOME**

The subpoena should be quashed in its entirety pursuant to Rule 45 (d)(3)(A)(iv) because it is unduly burdensome. *See Copantitla v. Fiskardo Estiatorio, Inc.*, 2010 WL 1327921, at *10 (S.D.N.Y. Apr. 5, 2010).

In analyzing a motion to quash under Rule 45, "special weight [should be given] to the burden on non-parties of producing documents to parties involved in litigation." *Id.* (quoting *Travelers Indemnity Co. v. Metropolitan Life Insurance Co.,* 228 F.R.D. 111, 113 (D.Conn. 2005); *see also Fears v. Wilhelmina Model Agency, Inc.,* No. 02 Civ. 4911, 2004 WL 719185, at *1 (S.D.N.Y. April 1, 2004) ("[T]he Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on [a] nonparty."); *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 49 (S.D.N.Y.1996) ( "[T]he status of a witness as a nonparty to the underlying litigation 'entitles [the witness] to consideration regarding expense and inconvenience.'").

Generally, the question of whether a subpoena imposes an undue burden depends on considerations that include relevance, a party's need for documents, the scope of the request, the time period covered, how specifically documents are described in the request, and the burden imposed.  *United States v. International Business Machines Corp.,* 83 F.R.D. 97, 104 (S.D.N.Y.1979); *Bridgeport Music Inc. v. UMG Recordings, Inc.,* No. 05 Civ. 6430, 2007 WL 4410405, at *2 (S.D.N.Y. Dec. 17, 2007).  In addition to the grounds explained below, it is obvious from the face of the subpoenas that they would result in months of work for the recipients of them,

and require production of voluminous records.  This presents a real practical burden to Workers Untied, and this ground also supports quashing the subpoenas.

### A. The subpoena requests privileged and other protected information.

As part of the unduly burdensome analysis, the subpoena should be quashed because it seeks information that is privileged and protected in several distinct ways.  Rule 45(d)(3)(A)(iii).

First, communications between employees and their union representatives are protected by what federal courts call an "employee-union representative privilege," which covers "communications made (1) in confidence; (2) in connection with "representative" services relating to anticipated or ongoing disciplinary proceedings; (3) between an employee and his union representative; (4) where the union representative is acting in his or her official representative capacity." *Bell v. Village of Streamwood*, 806 F. Supp. 2d 1052 (N.D. Ill. 2011); *see also Hernandez v. Off. of the Comm'r of Baseball*, 331 F.R.D. 474, 477 (S.D.N.Y. 2019) ("*Bell* likened the employee-union representative privilege during disciplinary proceedings to that of attorney and client, noting that "[a]s with the attorney-client privilege, there is a strong interest in encouraging an employee accused of wrongdoing to communicate fully and frankly with his union representative, in order to receive accurate advice about the disciplinary process.").  Clearly, many of the communications sought in the subpoena fall into this category of protected communication.

Second, Starbucks seeks information given to the NLRB and statements produced by the NLRB, all of which is protected.  Starbucks has already had the opportunity to review each statement the witnesses in the ALJ hearing gave to the NLRB, as part of its ability review what are commonly called *Jencks* material.  Such material may not be obtained through a subpoena duces tecum, noting that disclosure of witness statements could have a "chilling effect on the

4

Board's [investigatory] sources," since employees "may be reluctant to give statements to NLRB investigators at all." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 240-41 (1978).

Finally, the subpoena almost exclusively seeks detailed evidence about Starbucks workers engaging in legally-protected organizing activity under the National Labor Relations Act. In analyzing the legitimacy of subpoenas in hearings before NLRB Administrative Law Judges, the NLRB has consistently held that communications among employees and between employees and their union representative should be shielded from disclosure because they reveal activity that is protected by the NLRA, and which may reveal collective bargaining strategy. *See Berbiglia, Inc.*, 233 NLRB 1476, 1495 (1977) (affirming decision to quash subpoena requests that sought, among other things, communications between a Union and its members); *see also*, *Champ Corp.*, 291 N.L.R.B. 803, 817-818 (1988)(adopting the *Berbiglia* rationale). The NLRB has recognized that subpoenas exactly like this are designed merely to give an employer insight into organizing activity, none of which is relevant to the presentation of its case, and to gain information which was always supposed to stay between workers and their union representatives. *See*, *Laguna College of Art and Design*, 362 NLRB 965 n.1 (June 15, 2015) (upholding ALJ's decision to quash employer's subpoena that sought prounion supervisor's personal email and text messages relating to organizing campaign and representation election; employer's interests outweighed by interests of supervisor and coworkers "in keeping their Sec. 7 activity confidential"); *see also Cintas Corp*. 2010 NLRB LEXIS 106, Appendix A, * 11 Case No. 29-RC-11769 (April 16, 2010).

B.  **The subpoena requests work product.**

The subpoena should be quashed because it seeks work product of both the Union and the NLRB.

Materials provided to a Union attorney during an investigation of a potential Unfair Labor Practice under the NLRA are privileged from disclosure. FRCP 26(b)(3). The Supreme Court decision in *Hickman v. Taylor*, made clear that work product includes "interviews, statements, memoranda, correspondence, briefs, mental impressions, (and) personal beliefs. . ." *Hickman v. Taylor*, 329 U.S. 495, 511 (1947). It is "'intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries.'" *Gary Friedrich Enter., LLC v. Marvel Enter., Inc.*, 2011 WL 2020586, 3 (S.D.N.Y. 2011) (quoting *William A. Gross Const. Assocs., Inc. v. Am. Mfr. Mutual Ins. Co.*, 262 F.R.D. 354, 359 (S.D.N.Y. 2009) and *U.S. v. Adlman,* 134 F.3d 1194, 1196 (2d Cir.1998)). The protection afforded under Rule 26(b)(3) is expansive, encompassing all materials "obtained or prepared" with an eye toward litigation. *U.S. v. Nobles,* 422 U.S. 225, 238-39 (1975); *In re Grand Jury Subpoena Duces Tecum,* 112 F.3d 910, 924 (8th Cir. 1997) (citing *Hickman*, 329 U.S. at 511). Litigation need not be a certainty when the materials were obtained or prepared for the work product protection to apply.

Much of the material sought by the subpoena falls into this category, given the extensive communication among workers, the Union, and the Union's attorneys in the time leading up to and following the filing of the underlying ULP charges that the NLRB is now prosecuting. "[I]n determining whether the work product doctrine is applicable" the question is "not whether litigation was a certainty, but whether the document was created 'with an eye toward litigation.'" *Michael's Piano, Inc. v. F.T.C.*, 18 F.3d 138, 146 (2d Cir. 1994) (quoting *Hickman,* 329 U.S. at 511).

For similar reasons, the subpoena seeks work product of the NLRB itself. Communications between witnesses and the NLRB, and any material created by the NLRB as part of its

6

investigation and prosecution process, plainly fall within the definition of work product, and are therefore material that is "protected" under Rule 45, making quashing the subpoena appropriate.

### C. The subpoena seeks information that is not relevant to the merits of the case or Starbucks' defenses.

The extremely broad information the subpoena seeks about the Union's internal operations and organizing activity is simply not relevant to the merits of this case – whether the NLRB is likely to prevail before the ALJ, and whether Starbucks' violations merit injunctive relief.  As part of the unduly burdensome analysis, courts routinely consider whether the information sought is relevant, and whether the party issuing the subpoena has established a foundation to support a request for documents.  *See*, *e.g.*, *In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*, No. 08-347 ARR MDG, 2010 WL 2219343, at *5 (E.D.N.Y. Feb. 5, 2010), report and recommendation adopted in part, No. 08MC347 ARR MDG, 2010 WL 1686811 (E.D.N.Y. Apr. 26, 2010) (hereinafter "*Cablevision*").

Starbucks is required to "demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No 03-Civ. 5560, 2008 U.S. Dist. LEXIS 77018, 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008) (quotation omitted); *see also Ferrari v. Cnty. of Suffolk*, No. CV104218JSGRB, 2012 WL 13109926, at *2 (E.D.N.Y. Feb. 14, 2012).  So far, it has failed to do so.  This is in spite of Starbucks' more than ample opportunity to establish a foundation for its request in the hearing before the ALJ over the last ten weeks.

In addition, such subpoenas have been quashed by federal courts, as well as by the NLRB in the parallel ALJ processes.  *See*, *e.g.*, *Interstate Builders*, 334 NLRB 835, 841-42 (2001), revd. in part 351 F.3d 1020 (10th Cir. 2003) (revoking subpoena seeking materials regarding union's

internal operations and "organizing practices or 'salting' program" as irrelevant to the alleged discriminatory refusal to hire the employees in question); *Burns Sec. Servs.,* 278 NLRB 565, 565-66 (1986) (revoking subpoena requiring the production of documents regarding union's general operations).

**D. The subpoena seeks information available from other sources.**

Adding to the unduly burdensome nature of the subpoena's requests, at least some of the information sought is already available to Starbucks, and/or has already been provided to them as part of the extensive discovery process available to it before the NLRB ALJ. In addition, Starbucks was given access to voluminous information regarding the charges, and thus any potential defenses, as part of the 4,000 page filing that supported the NLRB's instant petition. The subpoenas should be quashed because it seeks information that the recipients need not provide in order for Starbucks to review it. *See Cablevision, supra*, 2010 WL 1686811 at *11. Finally, quashing the subpoenas for this reason under Rule 45 is particularly appropriate because all the recipients of the subpoenas a third parties. *See, e.g.*, *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.,* 300 F.R.D. 406, 412, n.6 (C.D. Cal. 2014).

**E. The subpoena seeks cumulative, duplicative discovery.**

Under Federal Rules of Evidence 26(b)(2)(C)(i), the information sought in the subpoenas would result in cumulative and duplicative discovery that is completely unnecessary, and fundamentally contrary to the nature of the injunctive action sought by the NLRB in its petition. Again, the parties have held a months-long hearing before the ALJ on every factual aspect of this case, and Starbucks had a full and complete chance to gather information, including multiple opportunities to cross-examine dozens of witnesses. The NLRB has filed thousands of pages of

documents supporting the petition. All of this material provides amble grounds for Starbucks to make its defenses regarding the instant petition. Allowing it to continue to fish for material that would support its case is needless, and would inevitably result in cumulative discovery that will further slow the process.

## II.     THE SUBPONEA SEEKS CONFIDENTIAL INFORMATION

For the reasons stated in Section I.A above, the subpoena seeks confidential information from Workers United and the other third-party recipients of them. As such, the Court is permitted to quash the subpoenas under Rule 45 (d)(3)(B)(i).

The subpoena seeks highly confidential information about the Union's organizing strategy, tactics workers used in organizing other Starbucks workers, and other internal information. At the same time, it seeks information about workers' activities that are protected under the NLRA. Given that Starbucks does not have the burden of proof in this matter, and is merely tasked with presenting a defense, there is absolutely no justification for it seeking any of the confidential information in the subpoenas.

### SPECIFIC OBJECTIONS

**Request 1: All Documents and Recordings relating to any Communications among and between employees, agents or representatives of the Union, and by the Union to, or to the Union from (i) any employees, (ii) the NLRB, or (iii) any digital, print, radio, TV, internet-based or other media outlet concerning any of the following matters:**

**(a) For each of the Buffalo stores for which an election petition was or has been filed, and the Rochester store, the number of Partners (not names) who were considered to be in favor of union representation ("yes" votes) and the number of Partners who were considered not to be in favor of union representation ("no" votes) at the time the petition was filed and each week thereafter until an election was held, or if no election has been held or one is scheduled to be rerun, up to the present;**

**(b)** For each Partner of the Buffalo stores for which an election petition was or has been filed, and the Rochester store, who was or has been considered at any time to have changed from being in favor of union representation to not being in favor of it, any statements the
Partner made or things that the Partner did that factored into that determination and, if there are any, the Partner's name;

**(c)** For each of the Buffalo stores for which an election petition has not been filed, the number of Partners (not names) considered to be in favor of union representation and the number of Partners considered not to be in favor of union representation since the outset of organizing in Buffalo and at weekly or whatever intervals used since that time.

**(d)** For each Partner of the Buffalo stores for which an election petition has not been filed who was or has been considered at any time to have changed from being in favor of union representation to not being in favor of it, any statements the Partner made or things that the Partner did that factored into that determination and, if there are any, the Partner's name.

**(e)** The number of Partners outside of Buffalo stores and the Rochester store who have communicated with the Union, including any agents of the Union, or any Partners from the Buffalo stores or the Rochester store relating to the subject of unionization, whether in Buffalo or Rochester, at their store or elsewhere.

**(f)** For each Partner employed outside of Buffalo and Rochester who has had any communication with the Union, including any agents of the Union, or any Starbucks Partners from the Buffalo stores or the Rochester store relating to the subject of unionization, whether in Buffalo or Rochester, at their store, or elsewhere, any statements the Partner made relating to whether they were in favor or not in favor of union representation and the reasons for their position and, if such statements were made, the Partner's name.

**(g)** The conduct in which Starbucks is alleged to have engaged that the Complaint alleges violated the NLRA, including but not limited to the allegations that Starbucks violated the NLRA by: utilizing support managers at Buffalo stores or the Rochester store to engage in surveillance of Partners' union activities; conducting group meetings, listening sessions and one-on-one meetings with Partners regarding matters relating to union representation; changing hours availability requirements; interrogating Partners regarding their union activities; granting benefits to Partners to dissuade them from supporting the union; disciplining and terminating Partners because of their support for or activities on behalf of the Union; permanently closing one and temporarily closing other stores; and selectively enforcing rules and other policies and procedures.

The request is overly burdensome because and seeks confidential information. It seeks information that is protected under the NLRA. It seeks information protected by union-employee privilege. It seeks work product of both the Union and the NLRB. It would clearly result in cumulative discovery, since the parties have thoroughly addressed the issue of support of the union over the course of the extensive ALJ hearing. Furthermore, Starbucks does not have the burden of proof, and has not demonstrated any foundation for why the voluminous information in the record from the ALJ hearing and submitted to this Court does not suffice for it to make its defenses. The subpoena should be quashed in its entirety with respect to Request 1 under Rule 45.

> **Request 2: All Documents relating in any way to statements and information the Union has posted on any social media platform since August 2021 concerning the union organizing at the Buffalo stores and the Rochester store; organizing by the Union at other Starbucks' stores; any of the conduct in which Starbucks is alleged to have engaged that the Complaint alleges violated the NLRA; and rallies, protests, strikes, forums, seminars, programs or the like involving union organizing at, or alleged unfair labor practices by, Starbucks and matters related thereto.**

The request is unduly burdensome. It seeks information regarding activity protected under the NLRA, and information touching on privileged employee-union communications. It seeks information that is plainly not relevant to the merits of the petition. It seeks information that is available from other sources. The subpoena should be quashed in their entirety with respect to Request 2 under Rule 45.

> **Request 3: All Documents relating in any way to Communications the Union has had or agents of the Union have had with Partners concerning putting Partners in contact or connecting them with any digital, print, radio, TV, internet-based or other media outlet.**

The request is unduly burdensome and seeks confidential information. It seeks information about protected activity under the NLRA. It seeks information protected by union-employee

privilege. It seeks information that is work product of the Union and its attorneys. It plainly seeks information that is not relevant to the merits of this case.

The request is designed to punish Starbucks employees for exercising their rights under the Act, and to punish the Union for organizing them. The subpoena should be quashed in its entirety with respect to Request 3 under Rule 45.

> **Request 4: All Documents relating in any way to Communications the Union has had had or agents of the Union have had with Partners regarding information to be provided by Partners to any digital, print, radio, TV, internet-based or other media outlet concerning union organizing, union elections and other union related matters involving the Buffalo stores and the Rochester store; union organizing, union elections and other union related matters at Starbucks stores around the country; Starbucks' discipline and termination of Partners allegedly because of their union activities; and any other matter relating to union organizing at, or alleged unfair labor practices by, Starbucks.**

The request is overly burdensome and seeks confidential information. It seeks information that is protected under the NLRA. It seeks information protected by union-employee privilege. It seeks work product of the Union. It would clearly result in cumulative discovery, since the parties have thoroughly addressed the issue of support of the union over the course of the extensive ALJ hearing. Furthermore, Starbucks does not have the burden of proof, and has not demonstrated any foundation for why the voluminous information in the record from the ALJ hearing and submitted to this Court does not suffice for it to make its defenses. The request seeks information that is also plainly not relevant to this proceeding. The subpoena should be quashed in its entirety with respect to Request 4 under Rule 45.

> **Request 5: All Documents relating in any way to Communications the Union has had, including interviews, information provided to, and articles published by, any digital, print, radio, TV, internet-based or other media outlet concerning union organizing, union elections and other union related matters involving the Buffalo stores and the Rochester store; union organizing, union elections and other union related matters at Starbucks stores around the country; Starbucks' discipline and termination of Partners allegedly because**

> **of their union activities; and any other matter relating to union organizing at, or alleged unfair labor practices by, Starbucks.**

The request is overly burdensome and seeks confidential information.  It seeks information that is protected under the NLRA.  It seeks information protected by union-employee privilege.  It seeks work product of the Union.  It would clearly result in cumulative discovery, since the parties have thoroughly addressed the issue of support of the union over the course of the extensive ALJ hearing.  Furthermore, Starbucks does not have the burden of proof, and has not demonstrated any foundation for why the voluminous information in the record from the ALJ hearing and submitted to this Court does not suffice for it to make its defenses.  The request seeks information that is also plainly not relevant to this proceeding.  The subpoena should be quashed in its entirety with respect to Request 5 under Rule 45.

> **Request 6: All Documents relating to, including copies of, any speeches, comments, remarks or responses given by the Union, at any rallies, protests, strikes, forums, seminars, programs or the like concerning union organizing, union elections and other union related matters involving the Buffalo stores and the Rochester store; union organizing, union elections and other union related matters at Starbucks stores around the country; Starbucks' discipline and termination of Partners allegedly because of their union activities; and any other matter relating to union organizing at, or alleged unfair labor practices by, Starbucks.**

The request is overly burdensome and seeks confidential information.  It seeks information that is protected under the NLRA.  It seeks information protected by union-employee privilege.  It seeks work product of the Union.  It would clearly result in cumulative discovery, since the parties have thoroughly addressed the issue of support of the union over the course of the extensive ALJ hearing.  Furthermore, Starbucks does not have the burden of proof, and has not demonstrated any foundation for why the voluminous information in the record from the ALJ hearing and submitted to this Court does not suffice for it to make its defenses.  The request seeks information that is also

plainly not relevant to this proceeding. The subpoena should be quashed in its entirety with respect to Request 6 under Rule 45.

> **Request 7: All Documents (including but not limited to receipts, pay checks, payroll registers, general ledgers, Form 1099s, W-2s, cancelled checks, time reports, and expense reports) relating in any way to any payments made by the Union since August 2021 to any person who at the time of the services for which the payment was made, or who when the payment was made, was a Partner.**

The request is overly burdensome and seeks confidential information. It seeks information that is protected under the NLRA. It seeks information protected by union-employee privilege. It seeks work product of the Union. It would clearly result in cumulative discovery, since the parties have thoroughly addressed the issue of support of the union over the course of the extensive ALJ hearing. Furthermore, Starbucks does not have the burden of proof, and has not demonstrated any foundation for why the voluminous information in the record from the ALJ hearing and submitted to this Court does not suffice for it to make its defenses. The request seeks information that is also plainly not relevant to this proceeding. The subpoena should be quashed in its entirety with respect to Request 7 under Rule 45.

> **Request 8: All Documents (including but not limited to receipts, pay checks, payroll registers, general ledgers, Form 1099s, W-2s, cancelled checks, time reports, and expense reports) relating in any way to any payments made since August 2021 by any person or entity at the request of or on behalf of the Union for a Partner's attendance at or participation in any rally, protest, strike, forum, seminar, program or the like involving Starbucks in any way.**

The request is overly burdensome and seeks confidential information. It seeks information that is protected under the NLRA. It seeks information protected by union-employee privilege. It seeks work product of the Union. It would clearly result in cumulative discovery, since the parties have thoroughly addressed the issue of support of the union over the course of the extensive ALJ hearing. Furthermore, Starbucks does not have the burden of proof, and has not demonstrated any

foundation for why the voluminous information in the record from the ALJ hearing and submitted to this Court does not suffice for it to make its defenses.  The request seeks information that is also plainly not relevant to this proceeding.  The subpoena should be quashed in its entirety with respect to Request 8 under Rule 45.

> **Request 9: All Documents relating in any way to Communications the Union has had with any Partner concerning the subject of Recording during the course of the Partner's employment at Starbucks, including but not limited to Documents relating to whose conversations to record; how and when to record conversations; the types of conversations to record; the purpose of recording conversations; and the circumstances under which recording would be permissible or lawful and when it would be impermissible or unlawful.**

The request is overly burdensome and seeks confidential information.  It seeks information that is protected under the NLRA.  It seeks information protected by union-employee privilege.  It seeks work product of the Union.  It would clearly result in cumulative discovery, since the parties have thoroughly addressed the issue of support of the union over the course of the extensive ALJ hearing.  Furthermore, Starbucks does not have the burden of proof, and has not demonstrated any foundation for why the voluminous information in the record from the ALJ hearing and submitted to this Court does not suffice for it to make its defenses.  The request seeks information that is also plainly not relevant to this proceeding.  The subpoena should be quashed in its entirety with respect to Request 9 under Rule 45.

> **Request 10: Documents reflecting the date and time of and participants in (except as excluded by Instruction No. 26) virtual calls (Zoom or similar platform) and/or telephone calls to and/or from Richard Bensinger, Daisy Pitkin, and/or any other of the Union's agents, officials, representatives, and/or officers.**

The request is overly burdensome and seeks confidential information.  It seeks information that is protected under the NLRA.  It seeks information protected by union-employee privilege.  It seeks work product of the Union.  It would clearly result in cumulative discovery, since the parties

15

have thoroughly addressed the issue of support of the union over the course of the extensive ALJ hearing. Furthermore, Starbucks does not have the burden of proof, and has not demonstrated any foundation for why the voluminous information in the record from the ALJ hearing and submitted to this Court does not suffice for it to make its defenses. The request seeks information that is also plainly not relevant to this proceeding. The subpoena should be quashed in its entirety with respect to Request 10 under Rule 45.

>**Request 11: All Documents discussing an increase and/or decline in support for the organizing campaigns at the Buffalo stores and/or Rochester store.**

The request is overly burdensome and seeks confidential information. It seeks information that is protected under the NLRA. It seeks information protected by union-employee privilege. It seeks work product of the Union. It would clearly result in cumulative discovery, since the parties have thoroughly addressed the issue of support of the union over the course of the extensive ALJ hearing. Furthermore, Starbucks does not have the burden of proof, and has not demonstrated any foundation for why the voluminous information in the record from the ALJ hearing and submitted to this Court does not suffice for it to make its defenses. The request is stated in the broadest possible terms, and compliance would entail absurd time and resources, given the other factors weighing against production. The subpoena should be quashed in its entirety with respect to Request 11 under Rule 45.

>**Request 12: All Documents sent to or received from publicly elected or appointed officials (or their staff) relating to the organizing campaigns in Buffalo and/or Rochester**.

The request is overly burdensome and seeks confidential information. It seeks information that is protected under the NLRA. It seeks information protected by union-employee privilege. It seeks work product of the Union. It would clearly result in cumulative discovery, since the parties have thoroughly addressed the issue of support of the union over the course of the extensive ALJ

16

hearing. Furthermore, Starbucks does not have the burden of proof, and has not demonstrated any foundation for why the voluminous information in the record from the ALJ hearing and submitted to this Court does not suffice for it to make its defenses. The request seeks information that is also plainly not relevant to this proceeding. The subpoena should be quashed in its entirety with respect to Request 12 under Rule 45.

> **Request 13: All Documents relating to changes to the timing of filing election petitions at any Starbucks store based on the Complaint or underlying charges, other alleged unfair labor practices, or any other factor.**

The request is overly burdensome and seeks confidential information. It seeks information that is protected under the NLRA. It seeks information protected by union-employee privilege. It seeks work product of the Union. It would clearly result in cumulative discovery, since the parties have thoroughly addressed the issue of support of the union over the course of the extensive ALJ hearing. Furthermore, Starbucks does not have the burden of proof, and has not demonstrated any foundation for why the voluminous information in the record from the ALJ hearing and submitted to this Court does not suffice for it to make its defenses. The request seeks information that is also plainly not relevant to this proceeding. The subpoena should be quashed in its entirety with respect to Request 13 under Rule 45.

> **Request 14: All emails from the email account sbworkersunited@gmail.com sent since August 2021 from any Starbucks employee that reflects interest in starting a union campaign at any Starbucks store, attending union meetings, participating in a union bargaining committee, or serving as a Union representative, support for the Union and/or fear of retaliation for engaging in union activities.**

The request is overly burdensome and seeks confidential information. It seeks information that is protected under the NLRA. It seeks information protected by union-employee privilege. It seeks work product of the Union. It would clearly result in cumulative discovery, since the parties have thoroughly addressed the issue of support of the union over the course of the extensive ALJ

17

hearing. Furthermore, Starbucks does not have the burden of proof, and has not demonstrated any foundation for why the voluminous information in the record from the ALJ hearing and submitted to this Court does not suffice for it to make its defenses. The request seeks information that is also plainly not relevant to this proceeding. The request is stated in the broadest possible terms, and compliance would entail absurd time and resources, given the other factors weighing against production. The subpoena should be quashed in its entirety with respect to Request 14 under Rule 45.

> **Request 15: All Documents relating to and/or discussing reasons other than alleged retaliation that Partners have cited as a reason for not supporting the Union.**

The request is overly burdensome and seeks confidential information. It seeks information that is protected under the NLRA. It seeks information protected by union-employee privilege. It seeks work product of the Union. It would clearly result in cumulative discovery, since the parties have thoroughly addressed the issue of support of the union over the course of the extensive ALJ hearing. Furthermore, Starbucks does not have the burden of proof, and has not demonstrated any foundation for why the voluminous information in the record from the ALJ hearing and submitted to this Court does not suffice for it to make its defenses. The request seeks information that is also plainly not relevant to this proceeding. The request is stated in the broadest possible terms, and compliance would entail absurd time and resources, given the other factors weighing against production. The subpoenas should be quashed in their entirety with respect to Request 17 under Rule 45.

\* \* \*

For these reasons, the subpoena should be quashed in its entirety, in addition to any other remedy the Court deems appropriate, pursuant to Rule 45.

Dated:      Buffalo, NY
            September 16, 2022

Respectfully submitted,

/s/ Ian Hayes
Ian Hayes, Esq.

## CERTIFICATE OF SERVICE

I certify that on September 16, 2022, the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Ian Hayes
Ian Hayes
