UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LINDA M. LESLIE, Regional
Director of the Third Region of the
National Labor Relations Board for
and on behalf of the National Labor
Relations Board,

                       Petitioner,

v.

                                                              22-CV-478 (JLS)

STARBUCKS CORPORATION,

                       Respondent.

## ORDER

In its September 7, 2022 order, the Court allowed Respondent to serve document subpoenas and set deadlines for any motions to quash. Dkt. 39. The Court received the following motions: (1) a motion to quash from non-party Workers United, on behalf of Workers United representatives and current and former Starbucks employees served with subpoenas (Dkt. 42); (2) a motion to quash from Workers United, on behalf of the Workers United custodian of records served with a subpoena (Dkt. 43); and (3) a motion to quash or, in the alternative, for a protective order, from Petitioner, on behalf of all subpoenaed individuals (Dkt. 44). Respondent opposed each motion. Dkt. 45; Dkt. 46; Dkt. 47.

After studying the papers and hearing argument from the parties and movants on September 23, 2022, the Court granted, in part, and denied, in part the motions

from the bench. This order memorializes those rulings and sets a schedule for future filings and proceedings.

## I. Standing

Petitioner has standing to move against the subpoenas because it has legitimate interests in objecting to the subpoena requests. Petitioner may object to the subpoenas on privilege grounds under Federal Rule of Civil Procedure 45(d)(3)(A). *See Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975). And Petitioner may object to the subpoenas on undue burden grounds under Federal Rule of Civil Procedure 26(c)(1). *See Noble Roman's, Inc. v. Hattenhauer Distribut. Co.*, 314 F.R.D. 304, 307 (S.D. Ind. 2016) ( "[A] party's objection that the time required of the non-party to comply with the subpoena would extend the period of production of documents . . . beyond the court's discovery deadline might be accorded substantial weight in a particular case." ).

## II. Motions to Quash and for a Protective Order

The Court must quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv). And the Court may issue a protective order, for good cause, "to protect a party . . . from . . . undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Petitioner and Workers United objected to the subpoenas on privilege/protected matter grounds, arguing that the subpoenas requested documents protected by a union-employee privilege, the National Labor Relations Act ("NLRA"), the attorney-

2

client privilege, the work-product doctrine, and the deliberative process privilege. The Court rejected the motions on privilege grounds, as raised in the motions—*i.e.*, the blanket claims of privilege to entire topics. *See Hernandez v. Office of the Comm'r of Baseball*, 331 F.R.D. 474, 477 (S.D.N.Y. 2019) (union-employee privilege); *United States v. Electro-Voice, Inc.*, 879 F. Supp. 919, 923–24 (N.D. Ind. 1995) (attorney-client privilege, work-product protection, and deliberative process privilege); *D'Amico v. Cox Creek Refin. Co.*, 126 F.R.D. 501, 506 (D. Md. 1989) (NLRA protection). *Cf. N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 216, 239–40 (1978) (analyzing NLRA protection in context of pre-administrative hearing FOIA request).

If anyone in the possession of responsive documents objects, in good faith, to the production of *specific documents* on a *specific, articulable privilege* ground—other than the union-employee-privilege[1]—they may do so following the proper procedure, including providing a particularized privilege log.

Petitioner and Workers United also objected to the subpoenas on undue burden grounds, arguing both that the requests impose an undue burden on the subpoenaed individuals, and that the requests are unduly burdensome in light of the administrative record, affidavits, and other evidence submitted in this case.

In the context of a Section 10(j) proceeding, the Court "may limit discovery to avoid unnecessary delay in this action's resolution." *See Electro-Voice*, 879 F. Supp. at 923. The Court exercised its discretion to do so here, and granted the motions to

---

[1] The Second Circuit does not recognize a union-employee privilege—at least not in this context. *See Hernandez*, 331 F.R.D. at 477.

3

quash and for a protective order as to certain requests or portions of requests. In exercising this discretion, the Court balanced Respondent's need for the requested documents with Petitioner's need to proceed expeditiously (and the burden of subpoena compliance generally), in the context of the interim relief requested in this Section 10(j) proceeding. The Court's undue burden rulings are limited to Respondent's requests for documents and are without prejudice to Respondent asking any hearing witnesses questions about the topics covered by the requests, as appropriate.

For the above reasons, and for those stated more fully on the record on September 23, 2022, the Court GRANTED the motions to quash and for a protective order as to:

- Request 1(e);
- Request 1(g);
- Request 2;
- The portions of Request 4 that ask for:
    - "All Documents relating in any way to Communications the Union has had had or agents of the Union have had with Partners regarding information to be provided by Partners to any digital, print, radio, TV, internet-based or other media outlet concerning union organizing, union elections and other union related matters at Starbucks stores around the country"; and

- o "All Documents relating in any way to Communications the Union has had had or agents of the Union have had with Partners regarding information to be provided by Partners to any digital, print, radio, TV, internet-based or other media outlet concerning . . . any other matter relating to union organizing at, or alleged unfair labor practices by, Starbucks";
- The portions of Request 5 that ask for:
  - o "All Documents relating in any way to Communications the Union has had, including interviews, information provided to, and articles published by, any digital, print, radio, TV, internet-based or other media outlet concerning . . . union organizing, union elections and other union related matters at Starbucks stores around the country"; and
  - o "All Documents relating in any way to Communications the Union has had, including interviews, information provided to, and articles published by, any digital, print, radio, TV, internet-based or other media outlet concerning . . . and any other matter relating to union organizing at, or alleged unfair labor practices by, Starbucks";
- Request 6;
- Request 7;
- Request 8;
- Request 9;
- Request 10;

- Request 11;
- Request 12 to the individuals/Request 10 to the Workers United custodian of records;
- Request 14 to the individuals/Request 12 to the Workers United custodian of records;
- Request 18;
- Request 19;
- Request 20; and
- Request 21.

Also as stated above and on the record, the Court DENIED the motions to quash and for a protective order as to:

- Request 1(a);
- Request 1(b);
- Request 1(c);
- Request 1(d);
- Request 1(f), except that all names from the documents responsive to this request may be redacted; if information identifying the particular store at issue exists in the document, it shall remain unredacted, but the producing party need not add such information to any responsive documents;
- Request 3;

- The portions of Request 4 that ask for:
    - "All Documents relating in any way to Communications the Union has had had or agents of the Union have had with Partners regarding information to be provided by Partners to any digital, print, radio, TV, internet-based or other media outlet concerning union organizing, union elections and other union related matters involving the Buffalo stores and the Rochester store"; and
    - "All Documents relating in any way to Communications the Union has had had or agents of the Union have had with Partners regarding information to be provided by Partners to any digital, print, radio, TV, internet-based or other media outlet concerning . . . Starbucks' discipline and termination of Partners allegedly because of their union activities";
- The portions of Request 5 that ask for:
    - "All Documents relating in any way to Communications the Union has had, including interviews, information provided to, and articles published by, any digital, print, radio, TV, internet-based or other media outlet concerning union organizing, union elections and other union related matters involving the Buffalo stores and the Rochester store"; and
    - "All Documents relating in any way to Communications the Union has had, including interviews, information provided to, and articles published by, any digital, print, radio, TV, internet-based or other

7

> media outlet concerning . . . Starbucks' discipline and termination of Partners allegedly because of their union activities";

- Request 13 to the individuals/Request 11 to the Workers United custodian of records;
- Request 15 to the individuals/Request 13 to the Workers United custodian of records;
- Request 16 to the individuals/Request 14 to the Workers United custodian of records; and
- Request 17 to the individuals/Request 15 to the Workers United custodian of records.

## III. Scheduling Order

The Court set the following deadlines and hearings:

- By **October 14, 2022**, responsive documents shall be produced and any privilege logs served.
- By **October 14, 2022**, Petitioner shall file her omnibus brief/submission regarding issues, with citations to evidence, relief requested, and—for evidentiary gaps only—any proposed hearing witnesses. This submission shall identify such witnesses, propose topics that each witness would testify about, and estimate the length of such testimony.
- By **November 4, 2022**, Respondent shall file its omnibus brief/submission regarding issues, with citations to evidence, and—for evidentiary gaps only—any proposed hearing witnesses. This submission

shall identify such witnesses, propose topics that each witness would testify about, and estimate the length of such testimony.

- The parties shall issue subpoenas to any proposed hearing witnesses in sufficient time for the witnesses to testify at the hearing dates set, should the Court allow them to testify.

- A pre-hearing status conference is set for **November 9, 2022, at 10:00 a.m.**, at which the Court will, among other things, decide which witnesses (if any) will testify at a hearing; and

- A hearing is set for **November 15, 16, and 17, 2022, at 9:30 a.m.**

SO ORDERED.

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

Dated:   September 23, 2022
         Buffalo, New York