**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

_____

**LINDA M. LESLIE, Regional Director**
**of the Third Region of the National**
**Labor Relations BOARD, for and on**
**behalf of the NATIONAL LABOR**
**RELATIONS BOARD**

       **Petitioner,**                                **No. 1:22-cv-00478-JLS**

**vs.**

**STARBUCKS CORPORATION,**

       **Respondent.**

_____

### REPLY BRIEF IN SUPPORT OF MOTION TO INTERVENE OR, IN THE ALTERNATIVE, TO PARTICIPATE AS AMICUS CURIAE

Ian Hayes, Esq.
HAYES DOLCE
Attorneys for Workers United
135 Delaware Ave.
Ste. 502
Buffalo, NY 14202
716-608-3427
ihayes@hayesdolce.com

## <u>TABLE OF CONTENTS</u>

I. **IT IS NOT THE STATUS OF THE UNION AS A CHARGING PARTY, BUT RATHER ITS FUNCTION IN THE § 10(j) PROCEEDING THAT REQUIRES INTERVENTION HERE.**........................................................................................ 1

II...**THE UNION IS A FRIEND OF THE COURT AND NOT A MOUTHPIECE OF THE BOARD**............................................................................................... 3

I.   **IT IS NOT THE STATUS OF THE UNION AS A CHARGING PARTY, BUT RATHER ITS FUNCTION IN THE § 10(j) PROCEEDING THAT REQUIRES INTERVENTION HERE.**

The NLRA does not preclude the charging party from intervening in a § 10(j) proceeding. *Youngblood, for & on Behalf of N.L.R.B. v. Scottex Corp.*, 1972 WL 802, at *1 (N.D. Tex. Apr. 19, 1972) ("Because § 10(l) states that any person involved in the charge, including the charging party, shall be given "an opportunity to appear by counsel and present any relevant testimony," the court limited the charging party's participation to that extent. Section 10(j) contains no language concerning intervention, and is thus analogous to § 10(l) in this respect.").  However, a charging party will not be granted intervention in a § 10(j) proceeding merely because it filed unfair labor practice charges with the Board.  *Reynolds for & on Behalf of N. L. R. B. v. Marlene Indus. Corp.*, 250 F. Supp. 722, 723 (S.D.N.Y. 1966) ("The union is the charging party before the Board and participates in the hearings as a party. 29 C.F.R. §§ 102.8 and 102.38. Predicated on this standing the union seeks leave to intervene in this proceeding.").  Rather, the Union must meet its burden and demonstrate to the court that its "interests may be impaired without intervention" and "whether the existing parties already adequately represent the movant's interests."  *U.S. v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994).  Here, the Union meets this standard because its "vital private rights" are recognized under the statutory scheme, and the Board is unable to adequately represent these interests due to its own statutory limitations. *See Auto Workers v. Scofield*, 382 U.S. 205, 218–21 (1965).

The "public interest" protected by the Act, and thereby the Board, is the right of working people to engage in collective bargaining and other concerted activity without fear, restraint, or coercion.  Regional Director Linda Leslie petitioned for injunctive relief in the Western District of New York because she believed that Starbucks' violations in Western New York were so egregious

1

that they irreparably harmed the fundamental rights of working people the Act was designed to protect.  The Union agrees with the Regional Director.  However, the Regional Director is unaware of "vital private rights" that are inextricably intertwined with the public interest that the Act is intended to protect—the Union's current organizing campaigns in hundreds of Starbucks stores across the country.  Indeed, it is not the role of the NLRB to protect those interests; that is Workers United's role.  Without Union intervention here, Respondent will be the only party with knowledge of both the national and localized impact of its unlawful conduct at issue in the proceeding.  This lack of knowledge not only provides an advantage to the party alleged to have violated federal law hundreds of times, it renders the Board unable to adequately represent the interests of Starbucks' workers currently engaged in organizing across the country.  The Court must grant the Union's motion to intervene to ensure it receives the full picture.

The Supreme Court has acknowledged such Board limitations in federal court actions, which is why parties may intervene under certain circumstances to ensure the Court is appropriately educated.  In *Scofield*, the Court noted that there is no inconsistency in reserving the agency the right to bring an action, while also allowing for intervention because "the Act supports the view that it is the court and not the agency which will define the public interest."  *Id.* at 221. A union's "[p]articipation in defining the issues before the court guarantees that all relevant material is brought to its attention, and makes the briefs on the merits more meaningful." *Id.* at 215.

These concerns are more pertinent in the instant case than any contemplated in the caselaw due to the extensiveness of the Union campaign, and that of the Employer's unlawful counter-campaign.  The mere structure of the Board's Office of the General Counsel highlights the need for Union involvement here.   While Region 3 has diligently investigated and prosecuted

2

Respondent's unfair labor practices within its jurisdiction, its view remains limited in geographic scope. Union intervention ensures that the nationwide effect of Starbucks' unlawful conduct in Western New York is not lost due to these structural limitations.

Finally, the procedural history of this matter highlights the unique role Workers United occupies, and puts a point on the private interests it must protect. Already, Respondent, the General Counsel, and the Court have relied on Workers United counsel to participate in the process of serving and addressing subpoenas duces tecum. For example, during a conference on September 23, counsel for Respondent opposed the NLRB participating in discussions of subpoenas because of the Union's participating in the case, saying "The Union is here," in response to a question from the Court about the NLRB's standing. Furthermore, the information Respondent seeks from Workers United concerns the private interest that only it can protect – extensive information about a national organizing campaign. Again, it is not strictly speaking the NLRB's role to have access to that information, or concern itself with the course of the campaign beyond the allegations in the petition.

For these reasons, Workers United's motion to Intervene should be granted in full.

## II.      THE UNION IS A FRIEND OF THE COURT AND NOT A MOUTHPIECE OF THE BOARD.

Alternatively, the Union should be granted amicus curiae because it is the only entity able to adequately inform the Court of the extensive effects of Starbucks' alleged unlawful activities. Respondent opposes the Union's motion because "the Union seeks simply to give the Region, the governmental entity prosecuting the Respondent, an unfair briefing advantage and what masquerades as an amicus brief is in fact a surreply." Dkt. No. 37 at 14. This suggestion misses the mark because the Union does not seek to bolster the Region's case, rather the Union seeks to provide the Court information uniquely at its disposal in support of the necessary relief under the

law.  *See Dunbar v. Landis Plastics, Inc.*, 996 F. Supp. 174, 180 (N.D.N.Y. 1998) ("I find that although the NLRB is well equipped to litigate its petition, the union adds a legal and factual perspective that is helpful to the court.").  Such evidence and perspective is exactly why amicus curiae participation exists, short of full intervention.  Should the Court deny Workers United's motion to Intervene, it would therefore be appropriate to grant its motion to appear as amicus curiae, with the attendant right to present evidence and examine witnesses.

Dated:        Buffalo, NY
              September 26, 2022

                                        Respectfully submitted,

                                        /s/ Ian Hayes
                                        Ian Hayes, Esq.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 26, 2022, the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Ian Hayes

Ian Hayes

5