

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LINDA M. LESLIE, Regional
Director of the Third Region of
the National Labor Relations
Board for and on behalf of the
National Labor Relations Board,

                          Petitioner,

        v.                                                    22-CV-478 (JLS)

STARBUCKS CORPORATION,

                          Respondent.
_____

## DECISION AND ORDER

Petitioner Linda M. Leslie, Regional Director of the Third Region of the

National Labor Relations Board, seeks on behalf of the National Labor Relations

Board ("NLRB") an injunction against Respondent Starbucks Corporation under

Section 10(j) of the National Labor Relations Act. *See* Dkt. 1. The Court initially

stayed this matter pending the completion of the hearing in the underlying NLRB

proceeding, which was scheduled to begin just a few weeks after Petitioner filed the

petition in this Court. *See* Dkt. 29.

On September 7, 2022, after Petitioner finished presenting its case-in-chief

and Respondent began presenting its case-in-chief in the NLRB hearing, the Court

lifted the stay and set deadlines for limited document discovery. *See* Dkt. 39.

Respondent served document subpoenas on current and former Starbucks

employees and the custodian of records for Workers United, the union that

represents Starbucks employees. Workers United, which agreed to accept service of

the subpoenas on behalf of Starbucks employees, moved to quash the subpoenas issued to those employees (Dkt. 42) and its custodian of records (Dkt. 43). Petitioner also moved to quash the subpoenas.  Dkt. 44.  Respondent opposed all motions to quash.  Dkt. 45; Dkt. 46; Dkt. 47.  The Court granted, in part, and denied, in part, the motions to quash and set deadlines for document production, briefing on the petition, and a hearing at which the Court may allow the parties to present testimony from certain witnesses.  Dkt. 49.

In the interim, Workers United, the charging party in the NLRB proceeding, moved to intervene or, alternatively, to participate as *amicus curiae*.  Dkt. 32. Respondent opposes both intervention and *amicus* participation by Workers United. *See* Dkt. 37.  Petitioner opposes Workers United's intervention but does not oppose *amicus* participation.  *See* Dkt. 41.  Workers United filed a reply in response to both oppositions and in further support of its motion.  Dkt. 50.

For the reasons below, the Court denies Workers United's motion to intervene and grants, in part, its motion to participate as *amicus curiae*.

## DISCUSSION

### I.    Motion to Intervene

Workers United seeks both of-right and permissive intervention.  Petitioner and Respondent oppose both requests.  Federal Rule of Civil Procedure 24 governs both types of intervention.

## A. Of-right Intervention

Rule 24(a) requires the Court to permit intervention, "[o]n timely motion," by anyone who:

> (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

Courts in the Second Circuit interpret Rule 24(a)(2)[1] to require intervention when a movant: (1) files a timely motion; (2) asserts an interest related to the transaction underlying the action; (3) is situated so that, without intervention, the disposition of the action may impair or impede its ability to protect its interest; and (4) has an interest that the parties do not adequately represent. *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994).[2] The movant "has the burden of showing that representation may be inadequate," and "must at least overcome the presumption of adequate representation that arises when it has the same ultimate objective as a party to the existing suit." *U.S. Postal Serv. v. Brennan*, 79 F.2d 188, 191 (2d Cir. 1978).

---

[1] Workers United does not claim to have "an unconditional right to intervene [conferred] by federal statute" such that Rule 24(a)(1) would apply. *See* Dkt. 32-1.

[2] Unless noted otherwise, the Court omits internal quotation marks and internal citations from the citations in this decision and order.

Evidence or allegations "of collusion, adversity of interest, nonfeasance, or incompetence may suffice to overcome the presumption of adequacy." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 180 (2d Cir. 2001); *see also United States v. N.Y. City Hous. Auth.*, 326 F.R.D. 411, 417 (S.D.N.Y. 2018) (denying intervention as of right where proposed intervenors did "not show[] that the Government cannot adequately represent [their] interest," and did "not suggest that there [was] any evidence of collusion, incompetence, nonfeasance, or any other badges of inadequacy on the part of the Government"). In a context similar to this one—where the union and charging party in a parallel NLRB proceeding sought to intervene in a Section 10(j) proceeding—the court noted it was:

> difficult . . . to find that the Board, possessed of expertise developed
> over the years, and which independently determines that a petition
> be filed with the court for a temporary injunction for the protection of
> the applicant, will not adequately represent the interest involved.

*Reynolds ex rel. N.L.R.B. v. Marlene Indus. Corp.*, 250 F. Supp. 722, 724 (S.D.N.Y. 1966); *see also McKinney v. Starbucks Corp.*, No. 2:22-cv-02292-SHL-cgc, Dkt. 45, at 6 (W.D. Tenn. May 19, 2022) (quoting *Reynolds*).

Workers United asserts that it satisfies all of the Rule 24(a)(2) criteria because (1) its motion is timely, (2) it has a substantial interest in any relief resulting from this action because it is the primary beneficiary of such relief and because this proceeding arises from its charges, (3) it cannot protect its interests because it has no right to commence its own Section 10(j) proceeding and, without intervention, cannot fill any perceived gaps in Petitioner's presentation, and (4) it has a unique ability to present evidence and arguments about a nationwide chilling

effect and would seek broader remedies than Petitioner. *See* Dkt. 32-1, at 7–9.[3]

Petitioner and Respondent do not dispute that Workers United's motion is timely,

but argue that Workers United cannot satisfy the other, interest-based factors for

of-right intervention under Rule 24(a)(2)—specifically, that Workers United has no

interest in this Section 10(j) proceeding that would be impaired absent intervention

or inadequately protected by Petitioner. *See* Dkt. 37, at 2–6; Dkt. 41, at 5–10.

Assuming that Workers United has an interest related to the events

underlying this action,[4] it has not demonstrated that the outcome of this proceeding

would impair such interest if it were not allowed to intervene. This involves

Petitioner's request for a Section 10(j) injunction, and any relief this Court is asked

to grant would be on an interim basis—until the NLRB decides the issues before it.

The Court cannot conclude that any temporary effect of any outcome of this

proceeding on Workers United impedes its ability to protect its interests.

Nor has Workers United shown that Petitioner does not adequately represent

its interest in this proceeding. Workers United essentially concedes that its

ultimate objective matches Petitioner's. *See* Dkt. 32-1, at 8 (stating that "the

interests of Workers United and the Board are aligned in many respects"). It

therefore must overcome the presumption that Petitioner adequately represents its

---

[3] Unless noted otherwise, page references to filings on this docket are to the numbering that appears on the footer of each page—not the numbering automatically generated by CM/ECF.

[4] The Court is skeptical that Workers United has such an interest, for the reasons argued by Petitioner and Respondent, but will assume such an interest exists for purposes of this decision and order only.

interest. But Workers United does not offer evidence of—or even allege—collusion, adverse interest, incompetence, or a similar infirmity that would hamper Petitioner's representation of its interests. Given the nationwide scope of the relief Petitioner requests, the Court anticipates that Petitioner plans to address any alleged nationwide chilling effect. *See* Dkt. 1, at 39–43. Any differences in the scope of remedies Workers United might seek do not justify full participation equal to a party. In sum, the Court agrees with the observation by other courts that it is difficult to believe Petitioner will fail to represent adequately Workers United's interest here. *See Reynolds*, 250 F. Supp. at 724; *McKinney*, Dkt. 45, at 6.

For these reasons, the Court denies Workers United's request to intervene under Rule 24(a).

## B. Permissive Intervention

Under Rule 24(b), the Court may permit anyone to intervene who timely moves and "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). The Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Whether to permit intervention under Rule 24(b) is "wholly discretionary with the trial court," and that discretion "is very broad." *Brennan*, 579 F.2d at 191, 192. When deciding whether to exercise discretion, courts consider the same factors

relevant to the of-right intervention analysis. *See Penn-Star Ins. Co. v. McElhatton*, 818 F. App'x 67, 70 (2d Cir. 2020). In addition, courts may consider "the nature and extent of the intervenor['s] interests" and whether the intervenor "will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Brennan*, 579 F.2d at 191–92.

As to permissive intervention, Workers United relies on its arguments for of-right intervention and adds that it "does not seek to add complex new issues that would unduly complicate [or delay] the proceedings." *See* Dkt. 32-1, at 9–10. Neither Petitioner nor Respondent argue otherwise, but both point out that Workers United does not share a "claim" at issue in this Section 10(j) proceeding. *See* Dkt. 37, at 4; Dkt. 41, at 6–7 & n.1.

The Court agrees. *See Reynolds*, 250 F. Supp. at 724 (denying permissive intervention because Rule 24(b) "is expressly predicated on an applicant being possessed of a claim," and the union had no such claim in a Section 10(j) proceeding); *see also McKinney*, Dkt. 45, at 6–7. That reason, alone, is enough to deny Workers United permission to intervene under Rule 24(b). But the factors discussed above also counsel against permissive intervention. *See supra* Section I.A. Moreover, the supplementary evidence and relief Workers United seeks may delay the Court's resolution of this matter, which already involves numerous issues and requests for relief. Workers United can achieve any enhancement of "the just

and equitable adjudication of the legal questions presented" through *amicus* participation, as discussed below. *See Brennan*, 579 F.2d at 191–92.

The Court therefore denies Workers United's request to intervene under Rule 24(b).

## II.   Motion to Participate as *Amicus Curiae*

As an alternative to intervention, Workers United seeks permission to participate in this proceeding as *amicus curiae*, by offering evidence at the hearing and participating in discovery. *See* Dkt. 32-1, at 10–12. Petitioner does not object to this request. *See* Dkt. 41, at 10. Respondent objects to Workers United's *amicus* participation, arguing that such participation is not necessary or appropriate here, and that *amicus* participation by Workers United would give Petitioner an unfair briefing advantage—effectively, a sur-reply. *See* Dkt. 37, at 7–8.

Courts have "broad discretion to permit or deny an appearance as *amicus curiae.*" *Dunbar v. Landis Plastics, Inc.*, 996 F. Supp. 174, 179 (N.D.N.Y. 1998). When deciding whether to allow *amicus* participation, courts consider whether the participation "will aid . . . in the determination of the issues" presented—for example, by "add[ing] a legal and factual perspective that is helpful to the court." *Id.* at 179–80. An *amicus* brief may serve that purpose when: (1) "a party is not represented competently or is not represented at all"; (2) "the *amicus* has an interest in some other case that may be affected by the decision in the present case"; or (3) "the *amicus* has unique information or perspective that can help the court beyond the held that the lawyers for the parties are able to provide." *Citizens*

*Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295, 311

(W.D.N.Y. 2007) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d

1062, 1063 (7th Cir. 1997)).

The Court exercises its discretion here to allow Workers United to participate

as *amicus curiae* to the extent of submitting one brief.  The Court credits Workers

United's claim that it can provide perspective on the legal issues that may assist the

Court in resolving the petition, different from what the parties are able to provide.

But as discussed above, the Court is confident that Petitioner adequately represents

Workers United's interest in this matter.

Because it recognizes the constraints of *amicus* participation—and because

Petitioner is equipped to present sufficient evidence to represent Workers United's

interest and provide a complete record for the Court—the Court limits Workers

United's participation to filing a brief sharing its perspective.  *See Citizens Against

Casino Gambling*, 471 F. Supp. 2d at 311 (stating that an *amicus* participant "goes

beyond its proper role if the submission is used to present wholly new issues not

raised by the parties," and that an *amicus* participant "has no control over the

litigation," has "no right to institute any proceedings" in the litigation, and cannot

"file any pleadings or motions in the case").  Workers United's *amicus* brief is due by

October 26, 2022.

## CONCLUSION

For these reasons, the Court grants, in part, and denies, in part, Workers

United's motion to intervene or, in the alternative, participate as *amicus curiae*

(Dkt. 32), as follows.  Workers United may not intervene in this proceeding—under

either Federal Rule of Civil Procedure 24(a) or 24(b).  Workers United may

participate as *amicus curiae* by filing a brief by **October 26, 2022**, but may not

present evidence or participate in oral arguments or any hearing.


SO ORDERED.

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE


Dated:      October 7, 2022
            Buffalo, New York