UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED
OCT 1 2 2022
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

LINDA M. LESLIE, Regional
Director of the Third Region of
the National Labor Relations
Board for and on behalf of the
National Labor Relations Board,

                              Petitioner,

v.

                                                    22-CV-478 (JLS)

STARBUCKS CORPORATION,

                              Respondent.

## DECISION AND ORDER

Last month, the Court set deadlines for limited document discovery.

Respondent Starbucks Corporation served document subpoenas on current and

former Starbucks employees and the custodian of records for Workers United.

Workers United, which agreed to accept service of the subpoenas on behalf of

Starbucks employees,[1] moved to quash the subpoenas issued to those employees and

to its custodian of records.  On September 23, 2022, the Court granted, in part, and

denied, in part, the motions to quash[2] and set deadlines for document production,

briefing on the petition, and a hearing at which the Court may allow the parties to

present testimony from certain witnesses.  Dkt. 49.

---

[1] The Court recently granted Workers United permission to participate in this case
as *amicus curiae* to the extent of "filing a brief . . . , but . . . not present[ing] evidence
or participat[ing] in oral arguments or any hearing."  Dkt. 52, at 10.

[2] Petitioner Linda M. Leslie also moved to quash the subpoenas.  Dkt. 44.

In particular, the Court "rejected the motions [to quash] on privilege grounds, as raised in the motions—*e.g.*, the blanket claims of privilege to entire topics." *Id.* at 3.[3] But the Court allowed "anyone in the possession of responsive documents [who] objects, in good faith, to the production of *specific documents* on a *specific, articulable privilege* ground[,] . . . to do so following the proper procedure, including providing a particularized privilege log." *Id.* Because the Second Circuit does not recognize a union-employee privilege in this context, the Court cautioned against withholding documents on that basis. *See id.* at 3 & n.1 (citing *Hernandez v. Office of the Comm'r of Baseball*, 331 F.R.D. 474, 477 (S.D.N.Y. 2019)). The Court ordered production of responsive documents and service of any privilege logs by October 14, 2022. *Id.* at 8.

On October 7, 2022—two weeks after the Court's discovery order and a week before the deadline for document production—Workers United moved the Court to (1) reconsider its discovery order, or (2) certify the question of "whether the information that the discovery order requires [Workers United] to submit to [Respondent] is protected under the law," to facilitate an interlocutory appeal by Workers United. *See* Dkt. 53, at 1. Petitioner responded in support of Workers United's motion for reconsideration, for the reasons stated in her motion to quash the subpoenas (Dkt. 44), but took no position on Workers United's certification request or the unfair labor practice charge Workers United filed based on

---

[3] Unless otherwise noted, page references are to the numbering in the footer of each page and not to the numbering automatically generated by CM/ECF.

Respondent's subpoenas. *See* Dkt. 55. Respondent opposed Workers United's motion in all respects. *See* Dkt. 56.

For the reasons below, the Court denies Workers United's motion in full.

## DISCUSSION

### I.   Motion for Reconsideration

Workers United first asks the Court to reconsider the order granting, in part, and denying, in part, its motions to quash subpoenas served on its custodian of records and on current and former Starbucks employees.

A motion for reconsideration presents "an extraordinary request," and the "standard for a district court to grant such a motion is strict." *Smith v. CVS Albany, LLC*, No. 20-4000, 2022 WL 3022526, at *1 (2d Cir. Aug. 1, 2022) (internal citations, quotation marks, and alterations omitted). Courts typically deny motions for reconsideration "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A court should not grant a motion for reconsideration "where the moving party seeks solely to relitigate an issue already decided." *Id.*

Here, Workers United cites neither controlling decisions nor data that the Court overlooked when ruling on the motions to quash and analyzing the privilege question. Workers United relies on the decisions it cited in its motions to quash— NLRB decisions and distinguishable cases—none of which amounts to controlling

decisions overlooked by the Court. The only arguably new data Workers United presents is the unfair labor practice charge it filed on October 5, 2022, based on Respondent's service of the subpoenas at issue here. Workers United claims that, because it filed an unfair labor practices charge with the NLRB,[4] the NLRA preempts enforcement of Respondent's subpoenas. But Workers United cites no authority to support that claim. *See* Dkt. 53, at 4–5.

Because Workers United does not meet the standard that applies to motions for reconsideration, the Court denies that request.

## II.    Motion to Certify Question under 28 U.S.C. § 1292(b)

As an alternative to reconsideration, Workers United asks the Court to certify, pursuant to 28 U.S.C. § 1292(b), "the question of whether the information at issue is protected under the law," so it can file an interlocutory appeal of the discovery order to the Second Circuit. Dkt. 53, at 1, 4.

A district court may so certify when it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Second Circuit has "urged . . . district courts to exercise great care in making a

---

[4] The Court notes that Workers United filed this charge 25 days after Respondent issued the subpoenas, 13 days after the Court's order on the motions to quash, and 2 days before this motion for reconsideration.

§ 1292(b) certification." *Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992).

Workers United does not meet the Section 1292(b) standard. Assuming that Workers United raises a controlling question of law,[5] the Court cannot conclude that there exists substantial ground for a difference of opinion regarding that question—especially because Workers United cites no cases from this circuit or in this context to support its position.

Nor can the Court conclude that an immediate appeal may materially advance the termination of this litigation, in light of the safeguards imposed regarding subpoena compliance. In particular, the Court's discovery order imposes significant limits on document production designed to address Workers United's concerns, including quashing numerous document requests, paring down other requests, allowing redactions, and providing the opportunity to submit privilege logs through which Respondent and (if necessary) the Court may address privilege objections as to specific documents. *See* Dkt. 49. The Court's order does not, as Workers United seems to suggest, order unfettered document production.

For these reasons, the Court denies Workers United's alternative request for certification under 28 U.S.C. § 1292(b).

---

[5] For purposes of this decision and order only, the Court assumes that Workers United raises such a question.

## CONCLUSION

For these reasons, the Court denies, in full, Workers United's motion for reconsideration and certification under 28 U.S.C. § 1292(b) (Dkt. 53).

SO ORDERED.

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

Dated:     October 12, 2022
             Buffalo, New York