IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA M. LESLIE, Regional Director of the Third Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br><br>vs.<br><br>STARBUCKS CORPORATION,<br><br>Respondent. | Case No. 1:22-cv-00478-JLS |

**RESPONDENT STARBUCKS CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONTEMPT AND IMPOSITION OF SANCTIONS**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 2

    A. The Court Should Find the Union and Individuals in Contempt. ........................... 3

    B. The Court Should Impose Sanctions for Contempt and Modify the Discovery Order. ....................................................................................................... 5

III. CONCLUSION .................................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ametek, Inc. v. N. Shore Int'l, Inc.*,
  No. 16-cv-2258, 2017 U.S. Dist. LEXIS 117036 (E.D.N.Y. July 26, 2017)..............................4

*Benthos Master Fund, Ltd. v. Etra*,
  No. 1:20-cv-03384, 2022 U.S. Dist. LEXIS 45144 (S.D.N.Y. Mar. 14, 2022)........................4

*Hunter TBA, Inc. v. Triple V Sales*,
  250 F.R.D. 116 (E.D.N.Y. 2008) ...............................................................................................3

*Katz v. Mezzi Mktg., LLC*,
  2018 U.S. Dist. LEXIS 145342 (E.D.N.Y. Aug. 27, 2018).........................................................3

*King v. Allied Vision, Ltd.*,
  65 F.3d 1051 (2d Cir. 1995).......................................................................................................3

*Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*,
  779 F.3d 102 (2d Cir. 2015).......................................................................................................3

*Painewebber Inc. v. Acstar Ins. Co.*,
  211 F.R.D. 247 (S.D.N.Y. 2002) ...........................................................................................2, 5

*Sprint Nextel Corp. v. Ace Wholesale*,
  1:14-mc-00247, 2014 U.S. Dist. LEXIS 125368 (S.D.N.Y. Aug. 26, 2014) ............................5

*Universitas Educ. v. Benistar*,
  No. 3:20-cv-738, 2022 U.S. Dist. LEXIS 51449 (D. Conn. Mar. 22, 2022) .............................3

**Other Authorities**

Rule 45(g) of the Federal Rules of Civil Procedure ..................................................................2, 5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA M. LESLIE, Regional Director of the Third Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br><br>vs.<br><br>STARBUCKS CORPORATION,<br><br>Respondent. | Case No. 1:22-cv-00478-JLS |

## RESPONDENT STARBUCKS CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONTEMPT AND IMPOSITION OF SANCTIONS

### I.   INTRODUCTION

In its September 23, 2022, order on the motions to quash document subpoenas Respondent Starbucks Corporation ("Respondent") served on the Workers United ("Union") custodian of records, and current and former of employees of Respondent ("Subpoenaed Nonparties"), the Court set October 14, 2022, as the deadline for document productions and service of any privilege logs. (Doc. 49). That date came and went without the Subpoenaed Nonparties producing any documents or serving any privilege logs. More than that, Union counsel Ian Hayes (who accepted service of the subpoenas on behalf of the individuals)[1] neither moved for a protective order, as the

---

[1] At the status conference on September 7, 2022, Mr. Hayes agreed to accept service of Respondent's subpoenas to the individuals, and two days later accepted service of those subpoenas and the accompanying checks to each individual. In its motion to quash the subpoenas duces tecum directed to the 21 individuals (Doc. 42), the Union argued that the Court should grant its motion to intervene as a party based on the significance of its "participating in the discovery process" and acknowledged "all parties and the Court appeared to rely on the Union to accept service of twenty-two (22) subpoenas duces tecum issued by Starbucks on the Union and twenty-one individuals, and to file the instant motion to quash with respect to those subpoenas." (Doc. 42, at 1-2) (spelling error corrected). In that motion, the Union also made specific objections to each category of documents requested in the subpoenas. (Doc. 42, at 10-25). Mr. Hayes then appeared and argued these objections before the Court on September 23, 2022.

Court previously advised him to do, nor communicated any reason to Respondent for not complying with the Court's order. In fact, the only contact Respondent has had with Mr. Hayes concerning this case since the Court issued its order was in connection with a motion for reconsideration filed by the Union on October 7, 2022, which the Court summarily rejected on October 12, 2022.

After the October 14 production deadline passed without so much as an email from the Union, Respondent, on October 17, 2022, contacted Mr. Hayes regarding the status of the productions. As of this writing, Respondent has received no response. In sum, Mr. Hayes accepted service of the subpoenas on behalf of the Union and the individuals and, rather than making even a good faith effort to comply, has utilized the production period to continue to try to convince the Court that it got it wrong in the first instance by ordering the production of any documents. Having failed in that endeavor, the Union's strategy appears to be to simply ignore Respondent and the Court, perhaps hoping this will all simply go away or, if not that, for the Union and the other Subpoenaed Nonparties to be held in contempt with hopes of obtaining an appealable order. Respondent has thus moved the Court for an order finding the Subpoenaed Nonparties in contempt and imposing sanctions upon them, as well as modifying the briefing and hearing schedule set forth in the Court's September 23, 2022 order, to ensure that Respondent is not prejudiced by the effect of the Subpoenaed Nonparties' disregard for the Court's order on Respondent's discovery and due process rights.

## II.     ARGUMENT

Rule 45(g) of the Federal Rules of Civil Procedure provides that the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "The Court has the power under this rule to impose contempt simply on the basis of failure to comply with a subpoena." *Painewebber Inc. v. Acstar*

*Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002). A contempt order is further warranted where a court "has already ordered the nonparty's compliance." *See Katz v. Mezzi Mktg., LLC*, 2018 U.S. Dist. LEXIS 145342, at *12 (E.D.N.Y. Aug. 27, 2018). In the Second Circuit, a contempt order will be upheld where the movant establishes: "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 111 (2d Cir. 2015) (internal alterations omitted); *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 119 (E.D.N.Y. 2008) (same).

    **A.**    **The Court Should Find the Union and Individuals in Contempt.**

All of the prerequisites for a finding of contempt have been met here. On September 23, 2022, the Court issued a clear and unambiguous order describing exactly what documents and information the Subpoenaed Nonparties were required to produce by October 14, 2022. (Doc. 49). A clear and unambiguous order leaves "no uncertainty in the minds of those to whom it is addressed," and the addressees can "ascertain from the four corners of the order precisely what acts are forbidden." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) (internal citations omitted). The Court's discovery order is clear and unambiguous because it defines to which portions of Respondent's subpoenas the Subpoenaed Nonparties must respond and sets a deadline for production. Mr. Hayes understood the deadline. There is no room for uncertainty on that point because he was present at the September 23, 2022, hearing on the motions to quash when the Court issued the order, and also received the written order that issued later that day. (Doc. 49).

Proof of non-compliance with the subpoenas and the discovery order is clear and convincing because the Subpoenaed Nonparties did not make productions by October 14, 2022, and they continue not to comply. *See Universitas Educ. v. Benistar*, No. 3:20-cv-738, 2022 U.S. Dist. LEXIS 51449, at *4-5 (D. Conn. Mar. 22, 2022) (finding proof of non-compliance clear and

3

convincing where the court ordered a non-party to "respond to the subpoena by July 15, [but] he had turned over no documents by then."). In fact, on October 17, 2022, counsel for Respondent, by email, reminded Mr. Hayes that compliance was overdue. *See* **Exhibit A.** To be clear, Respondent has received exactly zero documents and/or responses concerning any of its subpoenas. Indeed, to date, Mr. Hayes has not responded, nor signaled any intent to comply by way of letter to the Court or otherwise. This complete lack of response demonstrates clear and convincing proof of non-compliance and total disregard for the Court's processes.

      The lack of response also shows that the Subpoenaed Nonparties have not "diligently attempted to comply in a reasonable manner." While "the Second Circuit has not been squarely confronted with the question of what constitutes 'reasonable diligence,' it has noted that 'substantial compliance' is the appropriate standard in evaluating noncompliance in a contempt case." *Benthos Master Fund, Ltd. v. Etra*, No. 1:20-cv-03384, 2022 U.S. Dist. LEXIS 45144, at *32 (S.D.N.Y. Mar. 14, 2022) (alternations omitted) (citing collection of cases). To be reasonably diligent, "more is required than a grudging, half-hearted or foot dragging attempt at compliance." *Id.* (internal citations omitted). The failure to make any productions in defiance of subpoenas and a court order demonstrates a lack of reasonable diligence. *Ametek, Inc. v. N. Shore Int'l, Inc.*, No. 16-cv-2258, 2017 U.S. Dist. LEXIS 117036, at *6 (E.D.N.Y. July 26, 2017) (lack of reasonable diligence demonstrated where there was "no attempt . . . to respond to the Subpoena as directed by the Court."). Thus, because they have produced nothing in response to the subpoenas, in utter disregard for the Court's order, the Subpoenaed Nonparties have not acted with reasonable diligence here.

**B. The Court Should Impose Sanctions for Contempt and Modify the Discovery Order.**

Because Respondent has demonstrated that the Subpoenaed Nonparties are in contempt, the Court should impose sanctions, including monetary sanctions and attorneys' fees and costs, hold the case in abeyance pending compliance, and, after they make the previously ordered productions, modify the briefing and hearing schedule set forth in the September 23, 2022, order.

Various sanctions are warranted here. The Subpoenaed Nonparties[2] should first be ordered to pay a monetary sanction based on their demonstrated "disregard for the judicial process." *Painewebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002) (ordering nonparties who ignored court's order to comply with subpoenas to pay $750 each in sanctions). They should also be ordered to pay for Respondent's reasonable attorneys' fees and costs as related to preparing this Motion. *Sprint Nextel Corp. v. Ace Wholesale*, 1:14-mc-00247, 2014 U.S. Dist. LEXIS 125368, at *3 (S.D.N.Y. Aug. 26, 2014) (holding nonparty in contempt under Fed. R. Civ. P. 45(g) "for failing to comply with [a subpoena] which provides another basis for awarding [movants] their reasonable attorneys' fees and costs.").

In addition to sanctions, Respondent also respectfully requests that this case be held in abeyance pending the Subpoenaed Nonparties' compliance with the discovery order, and that the briefing and hearing schedule be extended until a time after Respondent has had an opportunity to meaningfully review and consider the productions. Without sufficient time to review and consider the productions, Respondent will suffer prejudice because it will be denied possession in preparing its omnibus brief of any documents that are produced that are relevant to the defenses Respondent has identified to date or that form the bases for additional defenses. Respondent will likewise be

---

[2] Several of the individuals, including Richard Bensinger, Daisy Pitkin, Jaz Brisack, Casey Moore, and Michelle Eisen are (or at some relevant times were) employed by the Union.

5

unable to identify and thus call to testify at the hearing witnesses who are able to authenticate and testify on responsive documents that support Respondent's defenses.

### III. CONCLUSION

For all of the foregoing reasons, Respondent respectfully requests that its Motion be granted and that the Court find the Subpoenaed Nonparties in contempt. Respondent also respectfully requests that the Court impose sanctions, hold the case in abeyance pending compliance with the subpoenas, and following compliance, modify the case schedule by extending the deadline for Respondent's omnibus brief and setting new hearing dates.

Dated: October 20, 2022

/s/ *David Kadela*
David Kadela (*Pro Hac Vice*)
Jeffrey S. Hiller (*Pro Hac Vice*)
LITTLER MENDELSON, P.C.
41 South High Street, Suite 3250
Columbus, OH 43215
Tel: 614-463-4201
Fax: 614-573-7475
Email: dkadela@littler.com
         jhiller@littler.com

Jacqueline Phipps Polito
LITTLER MENDELSON, P.C.
375 Woodcliff Drive, Suite 2D
Fairport, NY 14450
Tel:  585-203-3413
Fax:  585-486-1774
Email: jpolito@littler.com

Jonathan Levine (*Pro Hac Vice*)
Adam-Paul Tuzzo (*Pro Hac Vice*)
LITTLER MENDELSON, P.C.
111 East Kilbourn Ave., Suite 1000
Milwaukee, WI 53202
Tel: 414-291-5536
Fax: 414-291-5526
Email: jlevine@littler.com
         atuzzo@littler.com

Brittany L. Stepp (*Pro Hac Vice*)
LITTLER MENDELSON, P.C.
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102
Tel: 267-402-3124
Fax: 267-402-3131
Email: bstepp@littler.com

*Attorneys for Respondent
Starbucks Corporation*