IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA M. LESLIE, Regional Director of the Third Region of the National Labor Relations BOARD, for and on behalf of the NATIONAL LABOR RELATIONS BOARD<br><br>Petitioner,<br><br>vs.<br><br>STARBUCKS CORPORATION,<br><br>Respondent. | No. 1:22-cv-00478-JLS |

## WORKERS UNITED'S RESPONSE TO MOTION FOR CONTEMPT AND IMPOSITION OF SANCTIONS

Ian Hayes, Esq.
Hayes Dolce
Attorneys for Workers United
135 Delaware Ave.
Ste. 502
Buffalo, NY 140202
716-608-3427
ihayes@hayesdolce.com

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

   I. THE DOCUMENTS SOUGHT ARE PROTECTED. ...................................................... 2

   II. THE DOCUMENTS SOUGHT ARE PROTECTED UNDER A UNION-EMPLOYEE PRIVILEGE. ................................................................................................................... 6

   III. THE DOCUMENTS SOUGHT ARE NOT RELEVANT TO THE 10(J) PETITION. 7

CONCLUSION ............................................................................................................................. 8

## PRELIMINARY STATEMENT

Amicus Curiae Workers United (hereinafter "Union") makes the following response regarding Respondent Starbucks Corporation's (hereinafter "Starbucks") motion for contempt and the imposition of sanctions against Workers United and twenty-one (21) individuals who were the subject of subpoenas duces tecum issued by Starbucks (collectively, "recipients"). The motion should be denied.

All the documents the Court's discovery order, dated September 23, 2022 (hereinafter "the discovery order") requires production of is protected. Indeed, the NLRB is currently considering allegations that Starbucks violated the National Labor Relations Act (hereinafter "the NLRA") by issuing the subpoenas in this case, and in other cases across the U.S. While the recipients have been proceeding in good faith throughout, there is no good-faith way to comply with the discovery order without violating one or more critical layers of legal protection. In addition, the documents are protected by a union-employee privilege, upon which the discovery order already explicitly said recipients could not rely, meaning mechanisms like a privilege log could not prevent disclosure of the protected material. Furthermore, the other measures to which Starbucks points in claiming the recipients can comply with the discovery order, such as the limited ability to redact worker names, would not address the protected or privilege nature of the documents. Finally, the documents are entirely irrelevant to this Court's consideration of the factual and legal issues involved in a 10(j) case under the NLRA.

Workers United is currently preparing a petition for a writ of mandamus, requesting that the Court of Appeals for the Second Circuit consider the arguments the Union makes here and has made in previous submissions to this Court. *See* FRAP 21; *Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 390 (2004). Workers United and the other recipients take the position that

the issues raised by Starbucks' subpoenas are sufficiently important, and that the circumstances created by Starbucks' subpoenas and the discovery order are sufficiently novel, that the Second Circuit must resolve these questions at this point in the process.

For these reasons, as described in more detail below, a contempt order, the imposition of sanctions, or modification of the parties' briefing schedule would not be appropriate. The unresolved nature of the questions that Workers United intends to present to the Second Circuit should constitute an "adequate excuse" under Rule 45. Workers United and the other recipients are acting in the good-faith belief that the information sought in the subpoenas is protected under the law, and that compliance now would violate those protections in an irrevocable way that would have far-reaching consequences. As such, there cannot be a finding of bad faith, which is required for the imposition of sanctions against a non-party. *See U.S. v. Int'l Brotherhood of Teamsters*, 484 F.2d 1338, 1345 (2d Cir. 1991). These issues must be resolved before Workers United and the other recipients can be said to have acted improperly or in bad faith with respect to the discovery order and the subpoenas. Starbucks' motion should be denied in full.

## I. THE DOCUMENTS SOUGHT ARE PROTECTED.

All the information sought in the subpoenas, which the discovery order requires production of, is shielded by one or more major legal protections, under Rule 45 and the sources of authority noted here and in Workers United's other submissions to this Court. Production in good faith is impossible because it would involve violating these protections. Importantly, production would also require the Union, Union employees, and Starbucks workers who are organizing with the Union to produce tens of thousands of sensitive documents about organizing plans, employees who wish to organize, and related information to Starbucks itself – the party accused of hundreds

of violations of the NLRA in the petition and the underlying administrative complaint, and of thousands more violations in dozens of complaints and petitions across the country.

The Union has alleged Starbucks has engaged in surveillance and interrogation of workers attempting to unionize across the U.S., and NLRB Regional Offices have found merit to these allegations, leading the agency to prosecute Starbucks for those and other violations of the NLRA in over thirty Complaints across the U.S.  NLRB ALJs have already started to find merit to the allegations that Starbucks has engaged in violations of the NLRA by, for example, terminating pro-union workers.  *See* ALJ Decision dated October 7, 2022, NLRB Case No. 07–CA–292971 et al.; ALJ Decision dated October 12, 2022, NLRB Case No. 14-CA-290968 et al.

The information sought in the subpoenas here and allowed under the discovery order is protected because it seeks extensive information about protected concerted activity.  *See Berbiglia, Inc.*, 233 NLRB 1476, 1495 (1977); *Champ Corp.*, 291 N.L.R.B. 803, 817-818 (1988); *Laguna College of Art and Design*, 362 NLRB 965 n.1 (June 15, 2015).  The underlying ULP charges against Starbucks allege that Starbucks engaged in numerous instances of surveilling and interrogating workers about activity protected under the NLRA.  *See* Petition for Injunction; NLRB Case No. 03-CA-285671 et al.

Courts have historically protected this and similar information from disclosure when, as here, compliance would reveal information about activity protected under the law, thereby chilling further exercise of that activity.  *See NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958) (state could not compel production of NAACP membership lists); *In re Reyes*, 814 F.2d 168 (5th Cir. 1987) (regarding discovery requests implicating immigration status); *Int'l Union v. Garner*, 102 F.R.D. 108, 113-117 (M.D.Tenn. 1984) (discovery request for information about union and other union activity denied).

In fact, discovery requests by an employer violate the NLRA when they seek protected concerted activity under the law, rendering the requests themselves violations of the law. *See Pain Relief Centers, P.A.*, 371 NLRB No. 143 (2022); *Guess?, Inc.*, 339 NLRB 432 (2000). Based on this, Workers United has filed an Unfair Labor Practice charge against Starbucks alleging the company violated the Act by making the requests in the subpoenas. *See* NLRB Case No. 03-CA-304675. Starbucks faces several other NLRB charges alleging illegal interrogation based on subpoenas it issued to the union and/or witnesses in ULP trials and related processes. For example, the Union filed a charge alleging illegal interrogation based on Starbucks' subpoenas in California and Tennessee. *See* NLRB Case No. 21-CA-304228; 15-CA-305620.

Similarly, the discovery order also requires production of information protected by NLRB authority and underlying policy interests, since it requires communications among the Union, the NLRB, and workers seeking the protection of both the Union and the NLRB. This information is plainly protected under the law. *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214 (1978).

In addition, compliance with the discovery order would require production of information protected by the concept of work product, information that is not relevant, information available from other sources, and would result in discovery that was cumulative and overly broad.

Given these concerns, there is simply no way for Workers United and the other recipients to comply with the discovery order and underlying subpoena requests, given the parameters established in the discovery order. For example, the discovery order allows only for the redaction of worker names when producing documents responsive to Request 1(f). *See* Discovery order, p. 6. The order does not allow for redaction of worker names with respect to the other eleven requests, nor does it allow for redaction of any other information. The interests that the categories of protection described above implicate would be fundamentally violated by production of

4

documents with all but worker names redacted, since it would allow Starbucks to gain detailed information about worker organizing, including where workers were interested in organizing, as well as expansive protected information about Union strategy on a national scale. Nor would the option of a privilege log sufficiently protect those interests.

Finally, since the subpoenas themselves are likely violations of the NLRA, Workers United takes the position that enforcement of the subpoena requests referenced in the discovery order is preempted by the National Labor Relations Act, and as the agency that administers the Act the NLRB must be allowed to fully resolve the merits of the charge. Compliance with the discovery order and the surviving subpoena requests before the NLRB has fully decided and resolved the ULP charge regarding the legality of the subpoenas would render the NLRB case meaningless, and would force the Union to turn over confidential information about activity protected by the NLRA.

There is ample authority supporting this position, both in the context of NLRB cases and in analogous ones. For example, in *Int'l Org. of Masters, Mates & Pilots v. Trinidad Corp.*, the Second Circuit held a district court should have deferred to the NLRB on the resolution of a related ULP charge. 803 F.2d 69 (2d Cir. 1986); *see also Bevona v. Field Bridge Assocs.*, No. 90 Civ. 5191 (RJW), 1991 BL 202, at *7 (S.D.N.Y. Dec. 5, 1991); *N. Cal. Dist. Council of Hod Carriers, Bldg. & Constr. Laborers v. Opinski*, 673 F.2d 1074, (9th Cir. 1982) (holding a district court may defer to the NLRB on the resolution of a closely-related ULP charge). Courts have found a similar type of deferral appropriate when there is an existing ULP charge and a party attempts to enforce an arbitration award over the same subject, or a parallel dispute under the Labor Management Relations Act (LMRA). *See Sheet Metal Workers Local 36 v. Murphy Constr. Co.*, 191 F.3d 909

(8th Cir. 1999) (regarding parallel arbitration award issue); *Longshore and Warehouse v. ICTSI Or., Inc.*, 932 F. Supp. 2d 1181 (D. Or. 2013) (regarding parallel LMRA claim).

Since the ULP charge against Starbucks is limited to the question of whether its subpoenas violated the Act, such authority should apply here in the form of a stay on enforcement of the discovery order (as opposed to the entire proceeding), until the NLRB has fully resolved the question. Therefore, the Union renews its request that enforcement of the discovery order must be stayed until the NLRB has decided the merits of the allegations in Case 03-CA-304675.

## II. THE DOCUMENTS SOUGHT ARE PROTECTED UNDER A UNION-EMPLOYEE PRIVILEGE.

In addition, the information sought in the subpoenas is protected by an employee-union representative privilege. *See Bell v. Village of Streamwood*, 806 F. Supp. 2d 1052 (N.D. Ill. 2011).

The discovery order explicitly precluded the Union from relying on such a privilege in complying with the subpoena requests. Discovery order, p. 3. As such, contrary to Starbucks' suggestions in the instant motion, the recipients of the subpoenas have no way to rely on this protection, in a privilege log or otherwise.

It should also be noted that the authority on which the Court and Starbucks rely regarding a union-employee privilege says only that the issue has not been decided by the Second Circuit yet, and in fact does recognize some form of such a privilege. *See, e.g.*, *Hernandez v. Office of the Commission of Baseball*, 331 FRD 474, 477 (S.D.N.Y. 2019). This reinforces the necessity and value of having the Second Circuit clarify whether the information sought should be produced here. The question of a contempt order or sanctions is therefore effectively premature.

### III. THE DOCUMENTS SOUGHT ARE NOT RELEVANT TO THE 10(J) PETITION.

The information sought in the subpoenas is not needed or relevant for this proceeding. Starbucks, not Workers United or any of the other recipients, is the party accused of violating the NLRA and against whom relief is sought. The General Counsel has the burden of proving the allegations against Starbucks and proving there is reasonable cause supporting the allegations and that relief under Section 10(j) of the NLRA is just and proper. *See Silverman v. J.R.L. Food Corp.*, 196 F.3d 334, 336 (2d Cir. 1999) (citing *Silverman v. Major League Baseball Player Relations Committee, Inc.*, 67 F.3d 1054, 1059 (2d Cir.1995)). She has either done that or failed to do that at this point in the proceeding. Starbucks has had a full and fair opportunity to develop a record of its defenses before the Administrative Law Judge in the underlying ULP trial. In addition, as the discovery order makes clear, Respondent will likely have the opportunity to further develop its defenses by calling witnesses before this Court.

The information sought in the remaining subpoena requests would expand the scope of the record far beyond the boundaries of the underlying ULP case on the merits, and certainly far beyond the limited bounds of the question before the Court in a 10(j) case. Starbucks has presented no authority, nor does any appear to exist, to support a defense under the NLRA and Section 10(j) that the overall trend of organizing activity – or the other categories of documents sought – should negate an employer's likely violations of the Act, or that injunctive relief is therefore not just and proper. The outstanding requests therefore do not seek relevant information. Compliance with them would be unduly burdensome under the federal rules and well-established case law. *See*, *e.g.*, *In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*, No. 08-347 ARR MDG, 2010 WL 2219343, at *5 (E.D.N.Y. Feb. 5, 2010), report and

recommendation adopted in part, No. 08MC347 ARR MDG, 2010 WL 1686811 (E.D.N.Y. Apr. 26, 2010); *Ferrari v. Cnty. of Suffolk*, No. CV104218JSGRB, 2012 WL 13109926, at *2 (E.D.N.Y. Feb. 14, 2012).

## CONCLUSION

For these reasons, none of the relief Starbucks seeks in its motion is appropriate. Workers United respectfully requests that the Court dismiss the motion or withhold ruling on it until the Second Circuit has fully ruled on the forthcoming petition for writ of mandamus, regarding whether producing the information sought is proper, and that the Court stay enforcement of the discovery order until that time, in addition to any other relief the Court deems appropriate.

Dated:   Buffalo, NY
         October 25, 2022

Respectfully submitted,

/s/ Ian Hayes
Ian Hayes, Esq.

**CERTIFICATE OF SERVICE**

I certify that on October 25, 2022, the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Ian Hayes
Ian Hayes