# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LINDA M. LESLIE, Regional Director of the Third Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,**<br><br>　　　　**Petitioner,**<br><br>　vs.<br><br>**STARBUCKS CORPORATION,**<br><br>　　　　**Respondent.** | **Case No. 1:22-cv-00478-JLS** |

## <u>RESPONDENT STARBUCKS CORPORATION'S REPLY IN SUPPORT OF MOTION FOR CONTEMPT AND IMPOSITION OF SANCTIONS</u>

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ................................................................................................................. 1

    A. A Contempt Finding and Sanctions are Warranted. ............................................... 2

    B. Union-Employee Privilege and Relevancy Arguments Remain Unfounded. ......... 5

II. CONCLUSION ..................................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Bankers Tr. Co.*,
 61 F.3d 465 (6th Cir. 1995) ...................................................................................................4, 5

*Daval Steel Products v. M/V Fakredine*,
 951 F.2d 1357 (2d Cir. 1991) ......................................................................................................3

*DLC Management Corp. v. Town of Hyde Park*,
 163 F.3d 124 (2d Cir. 1998) ........................................................................................................3

*Dow Chemical Pacific v. Rascator Maritime S.A*,
 782 F.2d 329 (2d Cir. 1986) ........................................................................................................3

*Drukker Communications, Inc. v. NLRB*,
 700 F.2d 727 (D.C. Cir. 1983) .....................................................................................................5

*General Engineering, Inc. v. NLRB*,
 341 F.2d 367 (9th Cir. 1965) .......................................................................................................6

*Guess?, Inc.*,
 339 NLRB 432 (2000) .................................................................................................................5

*N.L.R.B. v. Capitol Fish Co.*,
 5 Cir., 294 F.2d 868 ....................................................................................................................6

*Pain Relief Centers, P.A.*,
 371 NLRB No. 143 (2022) ..........................................................................................................5

*Sperandeo v. Milk Drivers Dairy Employees*,
 334 F.2d 381 (10th Cir. 1964) ..................................................................................................3, 4

*U.S. v. Int'l Brotherhood of Teamsters*,
 484 F.2d 1338 (2d Cir. 1991) ......................................................................................................2

*U.S. v. Int'l Brotherhood of Teamsters*,
 948 F.2d 1338 (2d Cir. 1991) ......................................................................................................2

*U.S. v. Seltzer*,
 227 F.3d 36 (2d Cir. 2000) ..........................................................................................................2

**Statutes**

29 U.S.C. § 160(b) ............................................................................................................................6

29 U.S.C. § 160(l) ................................................................................................................3

29 U.S.C. § 185 ...................................................................................................................6

National Labor Relations Act ..............................................................................................2

**Other Authorities**

29 C.F.R. § 118 ...................................................................................................................6

Fed. R. Evid. 501 .................................................................................................................5

Rule 37 .............................................................................................................................3, 4

Rule 45 of the Federal Rules of Civil Procedure .............................................................2, 5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LINDA M. LESLIE, Regional Director of the Third Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,** <br><br> **Petitioner,** <br><br> vs. <br><br> **STARBUCKS CORPORATION,** <br><br> **Respondent.** | **Case No. 1:22-cv-00478-JLS** |

### RESPONDENT STARBUCKS CORPORATION'S REPLY IN SUPPORT OF MOTION FOR CONTEMPT AND IMPOSITION OF SANCTIONS

**I.   INTRODUCTION**

The discovery deadline of October 14, 2022, and 11 days passed before Respondent, or the Court, heard from Workers United ("Union"), and the current and former employees of Respondent (collectively, "Subpoenaed Nonparties"), regarding the status of the document productions in this case. Two days ago, the Subpoenaed Nonparties informed Respondent and the Court, for the first time, that they have no intent to comply with the Court's September 23, 2022 order. (Doc. 49). And with apparent indifference to Respondent's due process rights, the Subpoenaed Nonparties have asked this Court to defer "stay on enforcement of the discovery order (as opposed to the entire proceeding) until the NLRB has fully resolved the question" of "whether the subpoenas violated" the Act. (Doc. 61, at 8).

This time around, the Subpoenaed Nonparties' only new argument is that sanctions are not supported by "bad faith" or should be excused because they claim they will file a writ of mandamus to the Second Circuit, urging recognition of the so-called "union-employee privilege." They then proceed to repeat arguments that: (1) the investigation by the National Labor Relations Board

("NLRB") into its unfair labor practice charge alleging that Respondent's document subpoenas are unlawful under the National Labor Relations Act ("Act") somehow "precludes" discovery in federal court; and (2) the documents sought are not relevant. None of these arguments were meritorious before, and the Union offers nothing to breathe life into them now.

      A.      **A Contempt Finding and Sanctions are Warranted.**

The Subpoenaed Nonparties open with the weak assertion that they have an "adequate excuse" for ignoring the Court's September 23 order under Rule 45 of the Federal Rules of Civil Procedure, based on their repeated, unsupported claim that the Second Circuit should recognize a union-employee privilege. (Doc. 61, at 4). Relatedly, they argue Respondent has not demonstrated "bad faith," which they claim is necessary for the Court to find them in contempt under *U.S. v. Int'l Brotherhood of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991).[1]

Courts do not need to find "bad faith" to impose sanctions. Sanctions "may be justified absent a finding of bad faith given the court's inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases." *U.S. v. Seltzer*, 227 F.3d 36, 41 (2d Cir. 2000) (internal alterations omitted). This inherent power "includes the power to police the conduct of attorneys as officers of the court, and to sanction attorneys for conduct not inherent to client representation, such as, violations of court orders or other conduct which interferes with the court's power to manage its calendar and the courtroom without a finding of bad faith." *Id.* at 42. That said, bad faith is nonetheless present here. "When evaluating bad faith, the appropriate focus is the conduct of the party in instigating or maintaining the litigation, for an assessment of whether there has been substantive bad faith as exhibited by, for example, its pursuit of frivolous contentions, or procedural bad faith as exhibited by, for example, its use of oppressive tactics or its willful

---

[1] The Union erroneously cited this case as *U.S. v. Int'l Brotherhood of Teamsters*, 484 F.2d 1338, 1345 (2d Cir. 1991).

2

violations of court orders." *Dow Chemical Pacific v. Rascator Maritime S.A*, 782 F.2d 329, 345 (2d Cir. 1986). *DLC Management Corp. v. Town of Hyde Park*, 163 F.3d 124, 136 (2d Cir. 1998) (finding of bad faith supported based on "conscious disregard of . . . discovery obligations."). Mr. Hayes has now admittedly intentionally violated the Court's order. *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991) ("Parties and counsel have no absolute entitlement to be 'warned' that they disobey court orders at their peril."). He did not file a motion for a protective order in advance of the production deadline, as the Court advised him to do, or prepare any privilege log. Mr. Hayes' complete inaction, together with Respondent's previously outlined argument on why he and the Subpoenaed Nonparties are in contempt, demonstrate bad faith and that sanctions are justified. (Doc. 59-1, at 6-8).

Moreover, as the Subpoenaed Nonparties are now openly refusing to produce the documents, the Court should respectfully consider whether dismissal of this case is warranted because of the alignment of Petitioner and the Union. Both made similar arguments in seeking to quash Respondent's document subpoenas and Petitioner supported the Union's motion for reconsideration of the Court's order on the motions. (Doc. 55). It seems safe to assume that Petitioner also supports or has endorsed the Subpoenaed Nonparties' refusal to comply with the subpoenas. On a similar set of facts, refusal to comply with discovery obligations resulted in a Rule 37 case dismissal for the NLRB in a Section 10(l) case, 29 U.S.C. § 160(l). *See Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991) (citing *Sperandeo v. Milk Drivers Dairy Employees*, 334 F.2d 381, 383-85 (10th Cir. 1964)). The Second Circuit in *Daval* recognized that in *Sperandeo*, the "NLRB made a motion to quash the subpoena served upon it, and the sanction of dismissal was explicitly premised upon the NLRB's noncompliance with the court order that was issued in response to that motion." *Daval*, 951 F.2d at 1364. The Tenth Circuit's

3

decision in *Sperando*, denying the NLRB's appeal and affirming case dismissal, demonstrates why case dismissal is the appropriate sanction here:

> At the outset, we deem the appellant's conditional offer to abide the court's order for an in camera examination of the documents as tantamount to a refusal to comply with that order and it will be so considered. Such an order cannot be conditionally accepted by a governmental agency, or the head thereof, any more than it could be so accepted by any private litigant. And, while this action was brought by the appellant in his official governmental capacity, he is in no different position than any ordinary litigant and is, therefore, bound by the discovery provisions of the Federal Rules of Civil Procedure in the same respects as any ordinary litigant.
>
> It may well be that part or all of the documents are privileged or for some other legal reason are not subject to disclosure or would not be admissible into evidence in the case. But that determination must be made by the trial court and not by a litigant in the case. Therefore, when appellant refused to produce the documents in response to the court's order, the court properly invoked the sanctions provided by the Rules and dismissed the case.

*Sperandeo v. Milk Drivers Dairy Employees*, 334 F.2d 381, 385 (10th Cir. 1964).

Other courts have similarly declined to allow government agencies to rely on their own asserted authorities to avoid discovery when inconsistent with the Federal Rules of Civil Procedure. The Sixth Circuit, considering a writ of mandamus, was "confronted . . . with a situation in which the [Federal Reserve] Board's regulations conflict with the Federal Rules of Civil Procedure with respect to a district court's authority, under the Federal Rules, to control discovery." *In re Bankers Tr. Co.*, 61 F.3d 465, 469 (6th Cir. 1995). There, the Federal Reserve Board argued that if it "complies with the district court's order, it violates the Board's regulations prohibiting disclosure and risks criminal penalties. If, on the other hand, it does not comply with the court order, it is subject to being held in contempt and to possible sanctions under Rule 37 of the Federal Rules of Civil Procedure." *Id.* at 467. The Sixth Circuit found that because the regulation at issue was inconsistent with the Federal Rules of Civil Procedure, the regulation could not be enforced, opining: "Congress did not empower the Federal Reserve to prescribe regulations

4

that direct a party to deliberately disobey a court order, subpoena, or other judicial mechanism requiring the production of information." *Id.* at 470. A more specific enabling statute would have been necessary in order to "divest a court of jurisdiction over discovery." *Id.* Likewise here, the Subpoenaed Nonparties cannot rely on an undefined union-employee privilege to argue they should not be held to the Federal Rules of Evidence or Federal Rules of Civil Procedure, or that they should not be required to abide by the Court's September 23 order. *See* Fed. R. Evid. 501 (federal common law governs claims of privilege); Fed. R. Civ. P. 45 (nonparty discovery permissible in federal courts). As was said by then Judge Scalia in *Drukker Communications, Inc. v. NLRB*, 700 F.2d 727, 732 (D.C. Cir. 1983), where the court found that the Board erred in revoking a subpoena for the testimony of a Board agent in an unfair labor practice case, "It is repugnant to notions of fairness for the government to seek sanctions for alleged wrongdoing while withholding from the proceeding evidence that would demonstrate innocence."

### B. Union-Employee Privilege and Relevancy Arguments Remain Unfounded.

Respondent's prior briefing demonstrated why all of the case law on which the Subpoenaed Nonparties continue to rely does not support their position. In sum, Board cases, including those setting forth an amorphous evidentiary balancing test under *Guess?, Inc.*, 339 NLRB 432 (2000) such as *Pain Relief Centers, P.A.*, 371 NLRB No. 143 (2022), cannot be used to contravene the Federal Rules of Evidence's test for relevant evidence or rules on admissibility, nor the Federal Rules of Civil Procedure, including the procedural right to various forms of discovery. For the

same reason, the Subpoenaed Nonparties cannot claim they were absolved from producing any documents or preparing a privilege log, neither of which they have done here.[2]

---

[2] The Union's filing of its charge alleging that Respondent's subpoenas violate that Act does not divest the Court of the power to require compliance with its order on the subpoenas or its power to hold the Subpoenaed Nonparties in contempt for their noncompliance. As Section 301 (29 U.S.C. § 185) cases like those cited by the Union demonstrate, the concurrent jurisdiction of the Court and Board over issues relating to the subpoenas does not require the Court to defer to the NLRB and where, as here, Board law conflicts with the law under which the Court is bound, the Court should not defer. The rules in Section 10(j) cases are different from those under which the Board is accustomed to litigating. Even then, however, it is worth noting that in administrative proceedings under Section 10(b) of the Act, the proceedings "shall, so far as practicable, be conducted in accordance with the rules of evidence applicable in the district courts of the United States under the rules of civil procedure for the district courts of the United States, adopted by the Supreme Court of the United States pursuant to section 2072 of title 28, United States Code." 29 U.S.C. § 160(b). In *General Engineering, Inc. v. NLRB*, 341 F.2d 367 (9th Cir. 1965), the Ninth Circuit, in discussion of a case involving Section 118 of the Board's Rules and Regulations, 29 C.F.R. § 118, had this to say on what that provision means:

> The words 'so far as practicable,' are intended to authorize the Board to depart from rules of evidence applicable in the federal district courts to the extent that this is necessary because of the peculiar characteristics of administrative hearings. But as the Fifth Circuit held in *N.L.R.B. v. Capitol Fish Co.*, 5 Cir., 294 F.2d 868, 872, no special characteristics of an administrative hearing justify the exclusion of evidence or the revocation of subpoenas which it would be error to exclude or revoke in a federal district court trial.
>
> It follows that section 102.118 of the Board's rules and regulations was invalidly applied if it effectuated the exclusion of evidence which was not shown to be a kind which would be inadmissible under the general rules of evidence, such as evidence which is irrelevant or immaterial, or is privileged under some express statutory provision or under some rule of evidence cognizable in the federal district courts, such privilege being claimed, or which was not shown to have been sought pursuant to subpoenas which were irregularly issued, oppressive in scope, or by reason of some other circumstance, subject to revocation under federal district court procedure.

## II.     CONCLUSION

For all of the foregoing reasons, and for the reasons set forth in Respondent's Memorandum of Law in support of its Motion, Respondent respectfully requests that its Motion be granted and that the Court find the Subpoenaed Nonparties in contempt and impose the sanctions set forth in Respondent's Memorandum of Law, including dismissal of this case.

Dated: October 27, 2022

/s/ *David Kadela*
David Kadela (*Pro Hac Vice*)
Jeffrey S. Hiller (*Pro Hac Vice*)
LITTLER MENDELSON, P.C.
41 South High Street, Suite 3250
Columbus, OH 43215
Tel: 614-463-4201
Fax: 614-573-7475
Email: dkadela@littler.com
          jhiller@littler.com

Jacqueline Phipps Polito
LITTLER MENDELSON, P.C.
375 Woodcliff Drive, Suite 2D
Fairport, NY 14450
Tel:  585-203-3413
Fax:  585-486-1774
Email: jpolito@littler.com

Jonathan Levine (*Pro Hac Vice*)
Adam-Paul Tuzzo (*Pro Hac Vice*)
LITTLER MENDELSON, P.C.
111 East Kilbourn Ave., Suite 1000
Milwaukee, WI 53202
Tel: 414-291-5536
Fax: 414-291-5526
Email: jlevine@littler.com
          atuzzo@littler.com

Brittany L. Stepp (*Pro Hac Vice*)
LITTLER MENDELSON, P.C.
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102
Tel: 267-402-3124
Fax: 267-402-3131
Email: bstepp@littler.com

*Attorneys for Respondent*
*Starbucks Corporation*