IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA M. LESLIE, Regional Director of Region 3 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>        Petitioner,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>        Respondent. | No. 1:22-cv-00478-JLS |

**PETITIONER'S MOTION FOR EXTENSION OF TIME
PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 4(a)(5)(A)**

Petitioner Linda M. Leslie, for and on behalf of the National Labor Relations Board (NLRB) hereby moves for an extension of time to file a notice of appeal under Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure. Should the NLRB seek appellate relief that may be construed as an appeal of this Court's order denying motions to quash subpoenas issued by Respondent Starbucks Corp. (Starbucks) [ECF No. 49] (discovery order), the NLRB protectively seeks an enlargement of time to file a notice of appeal. In support of this motion, Petitioner respectfully shows as follows:

1

1.	Rule 4(a)(5)(A) provides that the District Court may extend the time to file a notice of appeal where a party so moves no later than 30 days after the time prescribed by Rule 4(a) and the moving party shows excusable neglect or good cause. *See Alexander v. Saul*, 5 F.4th 139, 142 (2d Cir. 2021). To determine excusable neglect, courts consider the four factors set forth in *Pioneer Investment Services v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). *Id.* at 142. These four factors are: "[1] the danger of prejudice to the [non-movant], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay…, and [4] whether the movant acted in good faith." *Id. Alexander* further explained that good cause standard applies where the "need for an extension arises from factors outside the control of the movant." *Id.*

2.	Under Federal Rule of Appellate Procedure 4(a)(1)(B), where one of the parties is a United States agency, any party may file a notice of appeal within 60 days after entry of an order. The time to file the notice may be extended if a party moves to do so within 30 days of the time prescribed. Fed. R. App. P. 4(a)(5)(A).

3.	Here, the discovery order by the District Court issued on September 23, 2022, and the Union's motion for reconsideration was denied on October 12, 2022. Regardless of whether Petitioner's 60 days to file a notice of appeal ran until November 22, 2022 or December 12, 2022, Petitioner files the instant motion within 30 days after the time prescribed by Rule 4(a). Therefore, this motion for an extension of time to file the notice of appeal is timely under Rule 4(a)(5)(A).

4. On October 5, 2022, following the District Court's discovery order, Workers United ("the Union") filed an administrative charge with the NLRB, alleging that Starbucks violated Sections 8(a)(1) and (4) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), (4), by issuing the subpoenas to employees and Union representatives in this action (NLRB Case No. 03-CA-304675). [ECF. 53, Attachment 1].

5. Once the Union's charge was filed, Petitioner began to investigate the merits of the claim to determine whether to issue an agency administrative unfair labor practice complaint and notice of hearing.

6. On October 7, 2022, the Union filed a motion for reconsideration of the discovery order or in the alternative, to certify the question of "whether the information that the discovery order requires the Union to submit to Starbucks is protected under the law." [ECF 53, at p. 1].

7. The District Court denied that motion on October 12, 2022, both as to reconsideration on the merits and as to certification. [ECF 57].

8. While Petitioner was investigating the merits of the Union's charge, on October 27, 2022, this Court stayed its proceedings. [ECF 64].

9. Under these circumstances, it was unclear whether appellate jurisdiction existed over this Court's order[s].

10. On December 15, 2022, the NLRB's Region 3 Regional Director, on behalf of the General Counsel, issued an administrative complaint concerning this charge. [ECF 71, Attachment 1].

11. The *Pioneer* standards for excusable neglect are met here.

   a. First, any prejudice to the Respondent will be minimal and limited to the need to defend the potential appellate relief sought by the Petitioner. *See Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.").

   b. Additionally, the delay in filing a notice of appeal here will be short, only a matter of days past the Petitioner's original time for filing, see Paragraph 3, above.

   c. The NLRB delayed in filing a notice of appeal because its interests were arguably more attenuated until complaint issued concerning the Union's charge in NLRB Case No. 03-CA-304675. But once that happened, the nature of the dispute regarding the rights and interests of the NLRB and charging parties subject to the discovery order ripened and became more concrete, as an administrative proceeding will determine whether the subpoenas were lawful under the National Labor Relations Act.

   d. Petitioner has acted in good faith throughout this process. The charge raises novel issues which required additional consultation and consideration by the Agency. Petitioner has been diligent in its efforts to determine whether the subpoenas violate the Act, as well as the impact of that determination upon the instant proceeding.

12. Notably, this motion is being filed within 60 days of this Court's October 27, 2022 issuance of a stay of this action. As the stay was beyond Petitioner's control, together with the reasons explained above, this timely filing satisfies the good cause requirement of Rule 4(A)(5).

13. Finally, Petitioner notes that in the Union's Status Report, the Union moved this Court for an extension of time to file its notice of appeal [ECF 71, at 2]. To the extent any relief to the Union is granted, Petitioner wishes to preserve its right to appeal accordingly.

**WHEREFORE**, Petitioner requests this Court grant its motion for an extension to file a notice of appeal.

Respectfully Submitted,

Linda M. Leslie, Regional Director
National Labor Relations Board – Region 3
Niagara Center Building
130 S. Elmwood Avenue—Suite 630
Buffalo, NY 14202-2465


By:
/s/ Caroline V. Wolkoff
COUNSEL FOR PETITIONER
National Labor Relations Board – Region 3
Leo O'Brien Federal Building
11A Clinton Ave. – Room 342
Albany, NY 12207
E-mail: caroline.wolkoff@nlrb.gov
New York Attorney Registration No. 4893434

Dated: December 19, 2022