# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

LINDA M. LESLIE, Regional Director of
Region 3 of the National Labor Relations
Board, for and on behalf of the
NATIONAL LABOR RELATIONS
BOARD,

Petitioner,

No. 1:22-cv-00478-JLS

v.

STARBUCKS CORPORATION,

Respondent.

## RENEWED MOTION TO QUASH SUBPOENAS,
## MOTION FOR RECONSIDERATION OR RELIEF UNDER RULE 60,
## OR ALTERNATIVELY,
## TO CERTIFY QUESTION FOR APPEAL PURSUANT TO 28 U.S.C. 1292(b)

# TABLE OF CONTENTS

I.   Renewed Motion to Quash Subpoenas ................................................................. 1

   A.   Because the NLRB possesses the authority to determine if the subpoenas violate the NLRA and to remedy violations, the issuance of the Administrative Complaint should weigh heavily in favor of quashing the subpoenas at issue. ...... 2

   B.   The subpoenas should be quashed under the Federal Rules; they are arguably unlawful under the NLRA, impermissibly burden federally protected rights, and seek potentially protected matter ........................................................... 4

      1.   Nonparties' confidentiality interests should be given particular consideration and protection under Rule 45. ......................................................... 8

      2.   Specialized concerns under the NLRA should factor into discovery standards under Section 10(j). ............................................................................. 10

      3.   The remaining subpoena requests are arguably unlawful under *Guess?* .... 12

         a.   The subpoena requests arguably have an illegal objective. ................... 14

         b.   The employees' arguably protected confidentiality rights outweigh Starbucks' attenuated need for the information. ............................................. 15

II.   Motion for Reconsideration or Relief Pursuant to Rule 60 ............................... 17

   A.   Reconsideration of the Court's orders enforcing the subpoenas is warranted because the Court overlooked important information and authority. ................... 18

   B.   Relief from the Court's orders is warranted under Rule 60 based on mistake or party misconduct, because their enforcement would not be equitable, and on the basis of hardship. ............................................................................................... 19

III.   This Court Should Issue an Order Permitting the NLRB to File an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) .................................... 23

IV.   Conclusion ....................................................................................................... 25

i

# TABLE OF AUTHORITIES

**Cases**                                                                         **Page(s)**

*Amalgamated Util. Workers v. Consol. Edison Co.,*
  309 U.S. 261 (1940) ................................................................................. 3

*Cazorla v. Koch Foods of Miss., L.L.C.,*
  838 F.3d 540 (5th Cir. 2016) ............................................... 6, 11, 19, 23

*Chino Valley Med. Ctr.,*
  362 NLRB 283 (2015) ................................................................ 10, 11, 12

*Cusumano v. Microsoft Corp.,*
  162 F.3d 708 (1st Cir. 1998) ............................................................. 8, 9

*Duling v. Gristede's Operating Corp.,*
  266 F.R.D. 66 (S.D.N.Y. 2010) ............................................................. 7

*Ellis v. Tribune Telephone Co.,*
  443 F.3d 71 (2d Cir. 2006) ................................................................... 3

*Guess?, Inc.,*
  339 NLRB 432 (2003) ................................................................... *passim*

*Haworth, Inc. v. Herman Miller, Inc.,*
  998 F.2d 975 (Fed. Cir. 1993) ............................................................ 16

*Hernandez v. Office of the Comm'r of Baseball,*
  331 F.R.D. 474 (S.D.N.Y. 2019) ........................................................... 9

*Hooks ex rel. NLRB v. Hood River Distillers, Inc.,*
  No. 21-cv-268-SI, 2021 U.S. Dist. Lexis 160342 (D. Or. March 30, 2021) ........... 7

*In re Lloyds Banking Grp. PLC,*
  No. 21-MC-00376, 2021 U.S. Dist. LEXIS 134046 (S.D.N.Y. July 19, 2021) ....... 3

*Int'l Union, U.A.W. v. Garner,*
  102 F.R.D. 108 (M.D. Tenn. 1984) ................................................... 6-7

*Kaiser Steel Corp. v. Mullins,*
  455 U.S. 72 (1982) ............................................................................. 4

*King v. First American Investigations, Inc.,*
  287 F.3d 91 (2d Cir. 2002) ................................................................ 21

*Laguna College of Art & Design,*
  362 NLRB 965 (2015) ................................................................... 12-13

*Lapointe v. Target Corp.*,
 No.16-CV-216 (GTS/CFH), 2017 WL 1397317 (N.D.N.Y. Mar. 6, 2017) ........... 25

*Lechmere, Inc. v. NLRB*,
 502 U.S. 527 (1992) ...................................................... 15

*Lucas v. Gold Standard Baking, Inc.*,
 No. 13 CV 1524, 2017 WL 1436864 (N.D. Ill. Apr. 24, 2017) ............................. 24

*Matarese v. LeFevre*,
 801 F.2d 98 (2d Cir. 1986) ................................................ 22

*Micro Motion, Inc. v. Kane Steel Co.*,
 894 F.2d 1318 (Fed. Cir. 1990) ........................................... 16

*Nathanson v. NLRB*,
 344 U.S. 25 (1952) ...................................................... 3

*National Telephone Directory Corp.*,
 319 NLRB 420 (1995) .................................................... 11

*Nken v. Holder*,
 556 U.S. 418 (2009) ..................................................... 22

*NLRB v. Nueva Eng'g, Inc.*,
 761 F.2d 961 (4th Cir. 1985) .............................................. 6

*NLRB v. Robbins Tire & Rubber Co.*,
 437 U.S. 214 (1978) .................................................. 10, 11

*Pac. Molasses Co. v. NLRB*,
 577 F.2d 1172 (5th Cir. 1978) ............................................ 11

*Pain Relief Centers, P.A.*,
 371 NLRB No. 143 (2022) ............................................... 12

*PC-Palladio, LLC v. Nassi*,
 2014 U.S. Dist. LEXIS 46193 (S.D.N.Y. Apr. 1, 2014) ...................... 18

*Phelps Dodge Corp. v. NLRB*,
 313 U.S. 177 (1941) ..................................................... 3

*Pursuing America's Greatness v. FEC*,
 831 F.3d 500 (D.C. Cir. 2016) ........................................... 22

*R.R. Donnelley & Sons Co. v. Marino*,
 505 F. Supp. 3d 194 (W.D.N.Y. 2020) .................................... 5-6

*Rufo v. Inmates of Suffolk Cty. Jail*,
 502 U.S. 367 (1992) ..................................................... 21

*San Diego Bldg. Trades Council v. Garmon*,
   359 U.S. 236 (1957) ........................................................................... 5

*Schildhaus v. Moe*,
   335 F.2d 529 (2d Cir. 1964) ........................................................ 20

*SEC v. Credit Bancorp, Ltd.*,
   103 F. Supp. 2d 223 (S.D.N.Y. 2000) ........................................ 23, 24

*SEC v. Hallam*,
   42 F.4th 316 (5th Cir. 2022) ....................................................... 22

*Shrader v. CSX Transp.*,
   70 F.3d 255 (2d Cir. 1995) .......................................................... 18

*Socol v. Haas*,
   No. 3:18-cv-00090, 2021 U.S. Dist. LEXIS 118981 (W.D. Va. June 25, 2021) ...... 8

*Solis v. Crescent Drilling & Prod., Inc.*,
   No. 19-cv-01194, 2020 WL 8509909 (W.D. Tex. Dec. 9, 2020) ...................... 24-25

*State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*,
   374 F.3d 158 (2d Cir. 2004) ........................................................ 21

*Travelers Indem. Co. v. Metro. Life Ins. Co.*,
   228 F.R.D. 111 (D. Conn. 2005) ................................................... 9

*TY Inc. v. Softbelly's, Inc.*,
   353 F.3d 528 (7th Cir. 2003) ....................................................... 21

*United Airlines, Inc. v. Brien*,
   588 F.3d 158 (2d Cir. 2009) ........................................................ 22

*United States v. Bryan*,
   339 U.S. 323 (1950) ..................................................................... 17

*United States ex rel. NLRB v. Electro-Voice*,
   879 F. Supp. 919 (N.D. Ind. 1995) ............................................. 7

*United States v. Int'l Bus. Machs. Corp. (IBM)*,
   83 F.R.D. 97 (S.D.N.Y. 1979) ..................................................... 16-17, 9

*Va. Dep't of Corr. v. Jordan*,
   921 F.3d 180 (4th Cir. 2019) ....................................................... 19, 8, 9

*Veritas Health Servs., Inc. v. NLRB*,
   671 F.3d 1267 (D.C. Cir. 2012) .................................................. 11

*Webco Indus.*,
  337 NLRB 361 (2004) ....................................................................... 14-15

*Wilson v. Pharmerica Corporation Long Term Disability Plan,*
  No. CV 14-CV-12345-LTS, 2015 WL 4572833 (D. Mass. July 29, 2015) ............. 8

*Wright Electric, Inc.*,
  327 NLRB 1194 (1999) ....................................................................... 11

## Statutes

28 U.S.C. § 1292 ........................................................................ 1, 23, 25

29 U.S.C. § 151 ............................................................................... 5

29 U.S.C. § 157 ...........................................................................*passim*

29 U.S.C. § 158 ...........................................................................*passim*

29 U.S.C. § 160 ............................................................................... 2

## Rules

Fed. R. Civ. P. 26 ............................................................................ 6

Fed. R. Civ. P. 45 ....................................................................... 10, 8-9

Fed R. Civ. P. 60 ........................................................................ 2, 20

## Other Materials

27 Am. Jur. 2d *Equity* § 123 (1964) ........................................................ 22

12 Moore's Federal Practice – Civil §60 (2022) .................................... 19, 21

19 Moore's Federal Practice – Civil §203 (2022) ....................................... 24

Petitioner renews its motion to quash subpoenas issued in this action by

Respondent Starbucks Corp. (Starbucks), because new circumstances justify such

relief. Alternatively, Petitioner also seeks reconsideration or relief under Rule 60(b).

Should the Court deny these motions, the NLRB requests that this Court issue an

order comporting with 28 U.S.C. § 1292(b), so that the NLRB may seek appellate

review.[1]

## I.    Renewed Motion to Quash Subpoenas

On December 15, 2022, Petitioner, on behalf of the General Counsel of the

National Labor Relations Board (NLRB or Agency), issued the attached Complaint

and Notice of Hearing (Administrative Complaint) [ECF No. 71-1] in NLRB Case

03-CA-304675. Briefly, the Administrative Complaint alleges that the subpoenas

issued by Respondent Starbucks Corp. (Starbucks) are unlawful under the National

Labor Relations Act (NLRA or Act). Such cases are evaluated under the three-step

analysis set forth by the NLRB in *Guess?, Inc.*, 339 NLRB 432 (2003), discussed in

Part II(B) below. An administrative hearing date has been set for February 9, 2023.

Based on the prosecutorial determination that the subpoenas propounded by

Starbucks in this case were unlawful under the NLRA, the Petitioner renews its

---

[1] As discussed in Part II below [pp. 17-23], this motion may also be construed as a
motion for reconsideration of this Court's order denying the motions of Petitioner
and Workers United (Union) to quash the subpoenas [ECF No. 49]. Alternatively, it
may be considered a motion for relief pursuant to Rule 60 of the Federal Rules of
Civil Procedure concerning (1) ECF No. 49; (2) the Court's order [ECF No. 57]
denying reconsideration of ECF No. 49; and (3) its subsequent order staying these
proceedings [ECF No. 64].

motion to quash those subpoenas. This motion is filed soon after the NLRB's investigation and prosecutorial determination that Starbucks' subpoenas were unlawfully propounded, which resulted in the issuance of the Administrative Complaint. The Agency has worked diligently, and as expeditiously as possible, to investigate the charge, and examine its legal and factual merits and impact upon the instant proceeding.[2] Because this charge raises important, novel issues, it required additional consultation and consideration by the Agency.

During most of that time, this Court had stayed this action, which is set to remain stayed until the employees' and Union's anticipated request for mandamus relief has been adjudicated. Accordingly, this motion will not delay the merits of this action.[3] Because this motion is being filed within a reasonable time under the circumstances involved, it is timely.[4]

**A.** **Because the NLRB possesses the authority to determine if the subpoenas violate the NLRA and to remedy violations, the issuance of the Administrative Complaint should weigh heavily in favor of quashing the subpoenas at issue.**

This Court previously found that the Petitioner's standing to challenge Starbucks' subpoenas in this action was available only to assert evidentiary privileges held by the Agency or in relation to procedural burdens affecting

---

[2] The charge on which the Administrative Complaint is based was filed by Workers United on October 5, 2022, within the six-month period set forth in Section 10(b) of the NLRA [29 U.S.C. § 160(b)]. *See* ECF No. 53-1.

[3] ECF No. 64 (minute entry holding the merits briefing schedule in abeyance pending the Union's mandamus petition).

[4] As this motion alternatively seeks relief under Rule 60(b), it has been filed within a reasonable time, less than a year after the orders at issue. Fed. R. Civ. P. R. 60(c).

management of this case.[5] It is true that "[o]rdinarily, a party lacks standing to challenge a non-party subpoena on the basis of relevance or burden." *In re Lloyds Banking Grp. PLC*, No. 21-MC-00376, 2021 U.S. Dist. LEXIS 134046, at *8 (S.D.N.Y. July 19, 2021). Nonetheless, special consideration should be given to the fact that the NLRB is the "public agent chosen by Congress" to enforce its provisions and secure remedies for violations. *Nathanson v. NLRB*, 344 U.S. 25 (1952). Such remedies are not limited "merely to questions of monetary loss," but attach to "achievement and maintenance of workers' self-organization." *Phelps Dodge Corp. v. NLRB*, 313 U.S. 177, 193 (1941). The NLRB's General Counsel has determined that these subpoenas interfere with employees' statutory rights, and unlawfully coerce employees who have invoked the NLRB's procedures; it is now beyond doubt that the NLRB possesses the requisite standing to challenge these subpoenas.

Significantly, the NLRB possesses the statutory authority to determine whether the subpoenas violate the NLRA and to remedy any violations in the public interest. *Amalgamated Util. Workers v. Consol. Edison Co.*, 309 U.S. 261, 265 (1940). For that reason, this Court should at the very least consider the views of the Agency's General Counsel regarding the lawfulness of these subpoenas, which would enable the Court "to take advantage of an agency's specialized knowledge, expertise, and central position within the regulatory regime." *Ellis v. Tribune Telephone Co.*, 443 F.3d 71, 82 (2d Cir. 2006) (cleaned up).

---

[5] ECF No. 49 at p. 2.

## B. The subpoenas should be quashed under the Federal Rules; they are arguably unlawful under the NLRA, impermissibly burden federally protected rights, and seek potentially protected matter.

This Court should quash the instant subpoenas, because Starbucks' intrusive subpoena requests fail to strike a proper balance between the limited need for discovery in this Section 10(j) case and employees' protected Section 7 rights under the NLRA, as discussed in greater detail below.[6] When adjudicating matters under other federal provisions, courts must take cognizance of rights under the NLRA and may not permit their proceedings to be used to further a violation of the Act. *See Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 83-85 (1982). This Court should balance Starbucks' asserted need for the voluminous requests against the extensive evidence already produced and the rights of employees.

Most importantly, this Court should consider the impact of discovery on employee Section 7 rights, including the right to confidentiality. Although this Court allowed redaction of some employee names, in one portion of one request (Request 1-f), it failed to permit withholding of other identifying information [ECF 49 p.9]. It should consider the unavoidable impact that employees subject to such intrusive discovery will be inhibited from access to the Board, and chilled from communicating about protected activity with other employees, union organizers,

---

[6] Section 7 protects union-related activity as well as a broad range of concerted activity for "other mutual aid or protection." 29 U.S.C. § 157. We note, however, that to the extent that this motion discusses any protected or unlawful conduct that would support a finding of an unfair labor practice, such findings are subject to a final determination by the Board.

and allied individuals or organizations.[7] The discovery requests to employee witnesses, as alleged by the General Counsel, have transformed the Section 10(j) proceeding into a further method of coercion and retaliation against individual employees for exercising their rights under the Act. These impacts on employees' Section 7 rights deserve greater consideration by this Court in evaluating the appropriateness of discovery.

In deciding discovery issues, the standard developed by the Board in *Guess?* is fully consistent with Rule 26(c), and also accounts for the special statutory concerns of the NLRA. This Court should likewise be informed by those principles when deciding how much and what discovery is appropriate in civil court litigation, especially Section 10(j) cases, considering the heightened potential for coercion in this context.

Unlike other preliminary injunctions, a Section 10(j) case comes to the Court having already been investigated, with a clear universe of evidence having been supplied both to the Court and to the respondent. And beyond the Section 10(j) context, expedited pre-merits discovery is limited. It requires, at the very least, a showing of "good cause;" the court should consider "avoidance of irreparable injury [to the moving party] and any burdens associated with the expedited discovery in comparison to the potential injury to the moving party." *R.R. Donnelley & Sons Co.*

---

[7] To prevent interference with the NLRB's statutory role of defining the scope of rights under the NLRA, the Court should presume an activity is protected if it is "arguably" protected. *See San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1957). The union-related activity here is at least arguably protected. 29 U.S.C. §§ 151, 157, 158(a)(3).

*v. Marino*, 505 F. Supp. 3d 194, 210 (W.D.N.Y. 2020). And while the Respondent here maintains the right to mount a defense, it is not entitled to every piece of potentially exculpatory evidence, especially where the purpose of Section 10(j) is to temporarily prevent the erosion of union support and employee rights in the wake of serious unfair labor practices, and the information sought is patently protected. *See generally NLRB v. Nueva Eng'g, Inc.*, 761 F.2d 961, 969 (4th Cir. 1985) (affirming administrative denial of employer's motion for exculpatory material in government's file based on strong policy of confidentiality of witness testimony). This Court should consider both the confidentiality interests conferred by the NLRA and the judiciary's circumscribed function in Section 10(j) cases as precluding the need for the discovery sought.

Specifically, under the Federal Rules of Civil Procedure, discovery requests interposed for an improper purpose (including ones arguably unlawful under the NLRA) should not be permitted. Fed. R. Civ. P. 26(g)(1)(B)(ii). Moreover, discovery that imposes undue burdens on federally protected rights or interests and seeks protected matter is also not permissible. Fed. R. Civ. P. 26(c)(1); 45(d)(3)(A)(iii), (iv); *see, e.g, Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 564 (5th Cir. 2016) (finding that discovery order directing production of employee immigration visa information imposed an undue burden on public interests and remanding to the district court to use Rule 26 to "protect the diverse and competing interests" involved); *Int'l Union, U.A.W. v. Garner*, 102 F.R.D. 108, 114 (M.D. Tenn. 1984) (denying motion to compel production of information related to union organizing

because "compulsory disclosure of organizational ties can constitute a significant encroachment on freedom of association").

Rule 26(c) of the Federal Rules of Civil Procedure affords courts the ability to regulate discovery and protect confidential information. *See United States ex rel. Electro-Voice,* 879 F. Supp. 919, 922-23 (N.D. Ind. 1995) (entering protective order under Rule 26(c) to protect witness identities). Thus, when considering whether to quash a subpoena or issue a protective order under Rule 26(c), this Court should apply the *Guess?* framework when balancing discovery needs against confidentiality interests. Such an approach fits comfortably within the existing rubric for discovery set forth in Rule 26(c) for protection from "annoyance, embarrassment, oppression, or undue burden or expense." *Id.*; *see also Hooks ex rel. NLRB v. Hood River Distillers, Inc.*, No. 21-cv-268-SI, 2021 U.S. Dist. Lexis 160342 (D. Or. March 30, 2021) (applying Rule 26 in Section 10(j) case, and granting in part union's motion to quash employer's subpoena).

Applying the *Guess?* standard accommodates both the parties' legitimate needs for relevant information and the NLRA rights of employees within the provisions of the Federal Rules. Similar to the request here, courts take other privacy interests into account when protecting information like employee personnel records, typically those belonging to nonparties. *See, e.g., Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 72 (S.D.N.Y. 2010) (entering protective order pursuant to Rule 26(c) governing use of employee personnel records in discovery). Moreover, Rule 26(c) is regularly deployed to protect commercial proprietary

interests. *See, e.g.*, *Wilson v. Pharmerica Corporation Long Term Disability Plan*, No. CV 14-CV-12345-LTS, 2015 WL 4572833, at *2 (D. Mass. July 29, 2015) (protective order generally appropriate where materials include "business strategies, cost saving measures, operational trends, pricing, parts, item costs, purchasing, vendor information, confidential personnel data, litigation strategies, budget information, and sales volume"). This Court should accord the NLRA confidentiality interests of employees no lesser a degree of protection.

    1.   Nonparties' confidentiality interests should be given particular consideration and protection under Rule 45.

The subpoena recipients here are not parties to this litigation. Because "[n]on-parties have a different set of expectations," *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998), they should be accorded a greater degree of protection from the discovery requests. *See Socol v. Haas,* No. 3:18-cv-00090, 2021 U.S. Dist. LEXIS 118981, at *10 (W.D. Va. June 25, 2021) ("the standard of review for a nonparty subpoena is higher than that used to assess discovery requests to litigants"). Accordingly, "courts must give [a Rule 45 subpoena] recipient's nonparty status special weight, leading to an even more demanding and sensitive inquiry than the one governing discovery generally." *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (quotation marks omitted). When moved to do so (as the subpoena recipients and the NLRB have done here) a court "must" quash or modify a subpoena to a nonparty that "requires disclosure of privileged or *other protected matter*," or "subjects a person to undue burden." Fed. R. Civ. P. 45 (d)(3)(A)(iii), (iv)

(emphasis added). And "protected matter" is not limited to evidentiary privileges.[8] *See Jordan*, 921 F.3d at 192 (recognizing state law confidentiality interest in identity of suppliers of execution drugs); *Cusumano*, 162 F.3d at 717 (finding First Amendment-protected confidentiality interest of journalists and academic researchers in their investigative records). Rule 45 thus imposes the nondiscretionary duty upon this Court to quash subpoenas to the extent they demand "protected matter."

The Court must also quash the subpoenas because they impose an undue burden on nonparties. Whether a subpoena imposes an "undue burden" on a nonparty considers "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed." *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005). And "invading privacy or confidentiality interests" constitutes a burden. *Jordan*, 921 F.3d at 184. The "facts and circumstances" surrounding the discovery at issue control the determination whether to quash. *United States v. Int'l Bus. Machs. Corp.* (*IBM*), 83 F.R.D. 97, 104 n.14 (S.D.N.Y. 1979).

When determining if a subpoena is unduly burdensome on a nonparty, courts must consider the "size of and resources available to the responding party." *IBM*, 83

---

[8] The Section 7 confidentiality interest asserted by the Board here is a wholly distinct concept from the evidentiary "union-employee privilege," *see, e.g., Hernandez v. Office of the Comm'r of Baseball*, 331 F.R.D. 474, 477 (S.D.N.Y. 2019), previously rejected by this Court. [ECF No. 49., pp. 2-3.]

F.R.D. at 108. Here, the facts and circumstances indicate that the subpoenas would impose extremely burdensome responsibilities on 19 individual employees, who presumably have day jobs, families, and lives, to collect and redact potentially thousands of documents. This sort of weaponized and punitive discovery has the predictable effect of creating disaffection with the Union and discouraging initiating or cooperating with NLRB investigations and proceedings. *See Chino Valley Med. Ctr.*, 362 NLRB 283, 283 n.1 (2015); *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 239-41 (1978). This constitutes both "undue burden" and "oppression." Fed. R. Civ. P. 45(d)(3)(A)(iv), 26(c).

> 2. Specialized concerns under the NLRA should factor into discovery standards under Section 10(j).

Section 7 protects an employee's right to engage in organizing activity free from interference, restraint, or coercion. As discussed below, under the Act, precisely because of the threat of retaliation, employees and unions have a right to maintain the confidentiality of the identity of union supporters, the content of their discussions, and the locations at which organizing is nascent. Indeed, doing so is often the only way nascent campaigns ripen into representational recognition or an election.

Should an employer come into possession of this critical information, it may be used to identify union-supporting employees and retaliate against them by, e.g., threatening and firing them, or used to identify "hot shops" at which illegal acts like preemptive closure, surveillance, or promises of benefits would effectively nip

organizing in the bud.[9] There is a strong confidentiality interest in protecting such communications under Section 7, precisely because the NLRA prohibits an employer's retaliation based on awareness of such information. *Wright Electric, Inc.*, 327 NLRB 1194, 1195 (1999) ("The Board zealously seeks to protect the confidentiality interests of employees because of the possibility of intimidation by employers who obtain the identities of employees engaged in organizing"), *enforced*, 200 F.3d 1162 (8th Cir. 2000) (citing *National Telephone Directory Corp.*, 319 NLRB 420, 421 (1995)). Indeed, courts have recognized that a "right to privacy" is "necessary to full and free exercise of the organizational rights guaranteed by the [Act]." *Pac. Molasses Co. v. NLRB*, 577 F.2d 1172, 1182 (5th Cir. 1978); *see also Veritas Health Servs., Inc. v. NLRB*, 671 F.3d 1267, 1274 (D.C. Cir. 2012) ("Section 7 of the Act gives employees the right to keep confidential their union activities" (quoting *Guess?, Inc.*, 339 NLRB at 434)). Thus, where discovery seeks protected information, this Court should consider these specialized concerns, and the impact of the requests on Section 7 rights, when deciding the scope of permissible discovery.

---

[9] Even absent retaliation, attempts to disclose such activity are harmful in and of themselves: "The inevitable result of the availability of this information would be to chill the right of employees to express their favorable union sentiments." *Chino Valley*, 362 NLRB at 283, n.1; *see Robbins Tire*, 437 U.S. at 239-41 (disclosure of witness statements would create a risk witnesses might "be reluctant to give statements to NLRB investigators at all" because of the "all too familiar unwillingness [of employees] to 'get too involved' [in formal proceedings] unless absolutely necessary"); *cf Cazorla*, 838 F.3d at 564 (vacating and remanding discovery order related to special immigration visas for agency witnesses because it "may have a chilling effect extending well beyond this case, imperiling important public purposes").

3.   The remaining subpoena requests are arguably unlawful under *Guess?*

The Board has held that, under certain circumstances, court discovery may violate the Act. Specifically, the Board has prohibited or circumscribed parties' unlawful use of discovery in court proceedings, applying the standard it set forth in *Guess?, Inc.*, 339 NLRB 432 (2003). Under *Guess?*, the Board applies a three-part test to determine whether a party's discovery or questioning in civil litigation violates Section 8(a)(1): (1) the questioning must be relevant; (2) the questioning must not have an illegal objective; (3) if the questioning is relevant and does not have an illegal objective, the employer's interest in obtaining the information must outweigh employees' confidentiality interests under Section 7 of the Act. *Id.* at 434.

Several Board cases have applied *Guess?*, including one earlier this year. *See Pain Relief Centers, P.A.*, 371 NLRB No. 143, slip op. at 2-3 (2022) (finding unlawful a discovery request for documents employees had submitted to the General Counsel or planned to introduce into evidence in an Agency hearing, the identity of all persons with whom they had discussed their NLRB case, all facts they had alleged to support a violation of the Act, and all persons they had contacted about serving as a witness in the NLRB case); *Chino Valley*, 362 NLRB at 283 n.1 (finding employer subpoena—seeking communications between employees and their union, authorization and membership cards, and communications relating to card distribution and solicitation—unlawful because it would "subject employees' Sec[tion] 7 activities to unwarranted investigation and interrogation"), *enforced*, 871 F.3d 767 (9th Cir. 2017); *Laguna College of Art & Design*, 362 NLRB 965, 965 n.1

(2015) (upholding hearing officer's determination to quash a subpoena seeking pro-union supervisor's personal emails and text messages with the union organizing committee and union officials involving organizing strategy because the "considerable interests" of the workers "in keeping their Section 7 activity confidential" outweighed the employer's need for the subpoenaed information).

As explained further below, the Agency's General Counsel has alleged that the subpoena requests violate the NLRA. All of the requests permitted by the Court's prior orders appear to have an illegal objective. Moreover, the preservation of employees' protected Section 7 rights outweighs Starbucks' interest in obtaining the requested information, especially in the context of a preliminary injunction.

Preliminarily, we note that Paragraph 26 in Starbucks' subpoenas, which purports to limit the scope of the discovery requests to avoid unlawfully infringing upon employees' exercise of Section 7 rights, is ineffectual. Although Paragraph 26 requests subpoenaed individuals to "redact from responsive Documents the name of any Starbucks hourly employee . . . or information from which the identity of any Starbucks hourly employee could be discerned" where a failure to redact would disclose the employee's sentiment toward the Union, the paragraph's exceptions are so broad as to nullify its stated purpose.[10] First, Paragraph 26's redaction language

---

[10] We note that Paragraph 26's redaction language does not apply to the 19 employees who testified at the administrative hearing and any additional employees who provided a NLRB affidavit. Additionally, regarding *all* employees, the redaction language does not apply to documents that "could be construed to reflect matters that effected [sic] the employee's interest . . . in union organizing or . . . representation" or that "otherwise relates to whether Section 10(j) relief would be

does not apply to the 19 employees who testified at the administrative hearing and any additional employees who provided an Agency affidavit. Second, regarding *all* employees, the redaction language does not apply to documents that "could be construed to reflect matters that effected [sic] the employee's interest . . . in union organizing or . . . representation" or that "otherwise relates to whether Section 10(j) relief would be just and proper." Third, the Court weakened the protections Paragraph 26 may have conferred by restricting the redaction only to employee names, while allowing the disclosure of locations at which union organizing is nascent. Thus, Paragraph 26 is internally inconsistent, giving with one hand what it takes away with the other. Not to mention that some of the Employer's discovery requests explicitly seek employees' names.[11]

        a.  The subpoena requests arguably have an illegal objective.

As a group, Starbucks' subpoena requests can be considered to have an illegal objective. The subpoenas issued to employee witnesses target employees who testified as nonparty witnesses for the General Counsel at the administrative hearing with the expected effect and goal of inhibiting employee participation in Board proceedings. *Cf. Webco Indus.*, 337 NLRB 361, 361 (2004) (employer violated 8(a)(1) and (4) of the NLRA by filing and pursuing preempted lawsuit against

---

just and proper." Thus, Paragraph 26 is internally inconsistent, giving with one hand what it takes away with the other. Not to mention that Employer discovery requests [including 1(a)] explicitly seek employees' names.

[12] Section 8(a)(4) makes it an unfair labor practice to discriminate against an employee for filing charges or giving testimony under the NLRA. 29 U.S.C. 158(a)(4).

employees who had filed charges with the Board).[12] All employees who received subpoenas provided Board affidavits, as well as Board testimony, in the administrative hearing. Starbucks has knowledge of these activities and thoroughly cross-examined these employees at the hearing. That Starbucks chose to subpoena specifically the nonparty witnesses, even after their full testimony and cross-examination, and despite having all of the Agency's evidence introduced in the hearing, reveals an apparent illegal objective.

The subpoenas issued to the Union and the five employees employed by the Union in particular also appear to have an illegal objective. Compelling disclosure of internal information that would disclose plans for the direction of the Union's nationwide organizing campaign to Starbucks, which emphatically opposes it, would reasonably tend to coerce employees by preemptively closing off channels of communication.[13] Disclosing the manner in which the Union plans to accomplish that task to Starbucks arguably tends to interfere with employee's rights to unionize, while disregarding the confidentiality and privacy interests protected by Section 7.

> b. The employees' arguably protected confidentiality rights outweigh Starbucks' attenuated need for the information.

---

[12] Section 8(a)(4) makes it an unfair labor practice to discriminate against an employee for filing charges or giving testimony under the NLRA. 29 U.S.C. 158(a)(4).

[13] As the Supreme Court has recognized, "employees' right of self-organization depends in some measure on their ability to learn the advantages of self-organization from others." *Lechmere, Inc. v. NLRB*, 502 U.S. 527, 532 (1992) (cleaned up).

Here, Starbucks is in possession of all of the "just and proper" Agency evidence, and it had a full opportunity to cross-examine the Agency's witnesses about that evidence and examine documents relied upon by witnesses in the administrative proceeding. *Cf. Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (discovery was properly disallowed in an ancillary proceeding when information sought was "obtainable from some other source that is more convenient, less burdensome, or less expensive" in another forum). Yet, Starbucks' broad subpoena requests cover documents, video or audio recordings, and communications that would inevitably reveal the identity of employees who have engaged in protected activity and the nature and extent of their activity. *Cf. Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990) ("[e]*ven if relevant*, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information" (emphasis original)). And the subpoenas cover a broad swath of employee Union activity and protected communications with other employees, the Union, the media, and the general public. For example, requested but not quashed were portions of Requests 4 and 5 for documents relating "in any way" to Union communications with employees about providing information to the media regarding union organizing and employee discipline or termination at the Buffalo and Rochester stores. [ECF No. 49 at pp. 7-8.] These overbroad requests are not specific to information that would potentially support an applicable Section 10(j) defense. *Cf. IBM*, 83 F.R.D. at 104 (undue

burden factors include: relevance, the need for the documents, the breadth of request, particularity with which the documents are described, and the burden imposed). And, as noted above [pp. 13-14], although Starbucks purported to exclude names of individuals from the requests, exceptions render the "exclusions" illusory.

Although this Court ordered the redaction of employee names solely from responses to subpoena Request 1-f, it ordered that identification of stores not be redacted. The identification of stores alone, however, would also potentially enable Starbucks to discern the identities of employees engaged in protected conduct by revealing which groups of employees may be engaging in, as of yet, undisclosed organizing activity. And even without identification of the specific individuals who may be engaging in protected organizing activities, identification of which stores may be organizing surreptitiously raises the risk of Starbucks taking coercive, store-wide actions, such as the store closures and increased surveillance alleged in outstanding complaints.

Because the right to summon "every man's evidence"[14] does not extend to enlisting compulsory judicial processes to seek protected matter, or for abusive, retaliatory, or unduly burdensome discovery efforts, Starbucks' subpoenas should be quashed.

## II.      Motion for Reconsideration or Relief Pursuant to Rule 60

Because this Court has already denied motions to quash the subpoenas, and ordered these proceedings stayed pending challenges to that determination, this

---

[14] *United States v. Bryan*, 339 U.S. 323, 331 (1950).

motion may be construed as for one for reconsideration or relief under Rule 60 of the Federal Rules of Civil Procedure.[15]

**A. Reconsideration of the Court's orders enforcing the subpoenas is warranted because the Court overlooked important information and authority.**

A motion for reconsideration is warranted where a court overlooks important matters or authority that "might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995) (reconsideration of authority from other circuits); *see PC-Palladio, LLC v. Nassi*, 2014 U.S. Dist. LEXIS 46193, at *2-3 (S.D.N.Y. Apr. 1, 2014) ("[a] motion for reconsideration is appropriate when the moving party believes the Court overlooked important matters or controlling decisions that would have influenced the prior decision." (internal quotation marks omitted)). Despite being presented with argument by the subpoena recipients explaining that Starbucks' subpoenas sought protected information and were themselves unlawful under the NLRA [ECF No. 53 at p. 4 (citing *Guess? Inc.* and *Pain Relief Centers*)], the Court did not address this argument and authority in its order denying reconsideration of the Union's motion to quash the subpoenas. The Court instead appears to have focused solely on the premise that there is no recognized union-employee privilege in this Circuit [ECF No. 57, p. 2.] But questions of privilege address an entirely separate argument from

---

[15] Should the Court reconsider its prior determinations and quash the subpoenas, the premise for this Court's order staying this proceeding would be negated; consequently, that stay order should likewise be vacated.

whether subpoenaed information was "protected," rendering the subpoenas potentially unlawful under the NLRA. [*Compare* ECF No. 53 p. 2 *with* p. 4.]

The Court's orders also do not appear to take cognizance of the fact that the subpoena recipients are nonparties entitled to greater protection under the Federal Rules. For the reasons argued in the subpoena recipients' motion for reconsideration and contempt briefing, [ECF 53, p. 4; ECF No. 61 at pp. 2-6.] and those presented in greater detail in Part II, above, of the instant motion, the Court should reconsider its orders declining to quash Starbucks' subpoenas.

Reconsideration is also warranted in light of the fact that the General Counsel has now determined that the subpoenas are unlawful on their face and were propounded for an illegal objective under the NLRA. As explained above, enforcement of the subpoenas here threaten statutory associational and organizational rights beyond the immediate dispute presented in this case.[16]

### B. Relief from the Court's orders is warranted under Rule 60 based on mistake or party misconduct, because their enforcement would not be equitable, and on the basis of hardship.

Assuming that the orders at issue here are "final,"[17] Rule 60(b) of the Federal Rules of Civil Procedure is available to provide relief. That rule states, in relevant part, that the Court may provide relief from an order for the following reasons: mistake, an order was procured by misconduct, enforcement of the order "is no

---

[16] Courts should "consider the interests of the recipient of the subpoena, as well as others who might be affected" and governmental interests. *Jordan*, 921 F.3d at 190-192. *See Cazorla*, 838 F.3d at 564 (remanding discovery matter where district court incorrectly "confined its focus to the interests of the individuals before it").

[17] *See* 12 Moore's Federal Practice - Civil § 60.23 (2022).

longer equitable[,]" or "any other reason that justifies relief." Fed. R. Civ. P. R 60(b). For the reasons in this Motion, the Court should vacate its prior order denying motions to quash subpoenas issued by Starbucks in this case, its order denying the reconsideration of the same, and its stay order premised on the disputed subpoenas.

Legal error in an order may warrant relief as a "mistake" under Rule 60(b)(1). As Judge Friendly observed, there is "good sense in permitting the trial court to correct its own error." *Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir. 1964). Because of the determinative errors discussed in Part II(A) [pp. 18-19] above, relief under Rule 60(b)(1) is appropriate.

The Court's subpoena-related orders were also a product of misconduct, as alleged by the General Counsel, warranting relief under Rule 60(b)(3). The NLRB's General Counsel has made the prosecutorial determination that Starbucks' subpoenas are facially unlawful, but even more significantly, the General Counsel has alleged that the entire subpoena plan, *in toto*, was undertaken with the unlawful object of retaliating against employees because of their participation in the Board's investigation and proceedings. This is supported by the fact, discussed above at pp. 14-15, that Starbucks cumulatively subpoenaed every individual who provided testimony at the Agency's administrative hearing.

Moreover, Starbucks was *aware* that its subpoenas implicated NLRA rights. Paragraph 26 of the subpoenas demonstrate an ineffectual attempt to maintain the pretense that the requests do not coerce NLRA rights, see pp. 13-14 above. And when the subpoena recipients predictably asserted legal protections rather than

comply with these subpoenas, this Court ultimately stayed its proceedings. Thus, the NLRB was unable to receive full and fair consideration of the merits of its Section 10(j) petition. Accordingly, relief should be granted under Rule 60(b)(3)'s provision allowing courts to remedy orders procured by "misconduct" in litigation which prevents a party from "fully and fairly presenting his case."[18] *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004). And to the extent that the subpoenas were a retaliatory response to coerce or dissuade individuals who might be witnesses in this proceeding, they also constitute misconduct warranting relief under Rule 60(b)(3). *TY Inc. v. Softbelly's, Inc.*, 353 F.3d 528, 536-37 (7th Cir. 2003) (citing *King v. First American Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002).

Continued enforcement of the subpoenas is also not equitable. When considering whether continued enforcement of a court order would be equitable under Rule 60(b)(5), courts employ a "flexible standard" that considers the public interest and changes in circumstances. *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 371 (1992). The changed circumstances need not be unforeseeable. *See id.* at 384. Here, the General Counsel has now found merit to the subpoenaed parties' charge that the subpoenas are unlawful under the NLRA and initiated an agency proceeding to adjudicate that question. The subpoenas' continued enforcement is contrary to the public interest and undermines the NLRB's ability to obtain

---

[18] Misconduct need not be intentional. 12 Moore's Federal Practice - Civil § 60.43[1][a] (2022).

cooperation from witnesses and remedy violations of the NLRA; "the government's interest [in enforcing the law] *is* the public interest." *Pursuing America's Greatness v. FEC*, 42, 831 F.3d 500, 511 (D.C. Cir. 2016) (emphasis original) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)). Moreover, enforcement of the subpoenas prospectively chills the federally protected NLRA rights of employees beyond these proceedings in a manner contrary to the public interest. It is a maxim that "equity follows the law." *SEC v. Hallam*, 42 F.4th 316, 340 n.101 (5th Cir. 2022) (citing 27 Am. Jur. 2d Equity § 123 (1964)). Accordingly, allowing Starbucks to continue to use this Court's processes to further what is potentially a violation of the law is not equitable.

Alternatively, if the Court determines that relief is not available under Rule 60(b)(1), (3), or (5), relief should be granted under Rule 60(b)(6) for "any other reason that justifies relief." That rule "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice." *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986) (cleaned up). Relief is warranted "where there are extraordinary circumstances, or where the [order] may work an extreme and undue hardship." *Id.* (cleaned up). An order commanding compliance with potentially unlawful subpoenas on pain of contempt meets those circumstances.

The Second Circuit has also found that relief may be available under Rule 60(b)(6) to prevent "potential hardship resulting from inconsistent judgments." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009). If the NLRB determines in a final order that Starbucks' subpoenas are unlawful and the

judgment of a reviewing court of appeals agrees, this would clearly be inconsistent
with an order requiring compliance with the subpoenas.

### III.     This Court Should Issue an Order Permitting the NLRB to File an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)

Under 28 U.S.C. § 1292(b), a district judge may certify an otherwise
interlocutory order for immediate appeal if the order involves (1) a controlling
question of law (2) about which there is substantial ground for difference of opinion,
and (3) an immediate appeal from the order may materially advance the ultimate
termination of the litigation. *See Cazorla*, 838 F.3d at 547 (noting district court
certified question related to subpoenas for appeal). Should this Court deny the other
relief requested in this motion, the NLRB requests that the Court enter an order
making findings consistent with the requirements of Section 1292(b). The question
of law the NLRB would seek to certify is: whether the district court must consider
confidentiality interests in information regarding activity arguably protected by the
NLRA in discovery, and if so, what standards should apply to such discovery
requests?

Whether a controlling question of law exists and whether an appeal would
materially advance the termination of the litigation are "closely connected." *SEC v.
Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000). Thus the district
court should consider whether: "reversal of the district court's opinion . . . could
significantly affect the conduct of the action, [or if] the certified issue has
precedential value for a large number of cases." *Id.* A controlling question "need not

be directly related to the substance of the controversy between the parties." 19 Moore's Federal Practice - Civil § 203.31 (2022).

Here, the Court's orders failing to recognize confidentiality interests under the NLRA have already significantly impacted the conduct of this action. This case, which seeks expedited relief, has been stayed while the subpoena recipients prepare a Second Circuit mandamus request to defend their confidentiality interests. Moreover, enforcing the subpoenas would invite further disputes regarding redactions, definitions, and manner of production. Certifying an appeal would be preferable to this uncertainty, advance the case to conclusion, and "avoid protracted and expensive litigation." *Credit Bancorp.* 103 F. Supp. 2d at 226.

Significantly, there is little consensus on these key issues among district courts. While a number of cases have resolved discovery disputes concerning asserted confidentiality interests in NLRA-protected activity, the analyses have been wide-ranging and divergent. At least one court has applied the NLRB's *Guess?* standard for resolving a discovery dispute implicating NLRA-protected activity. *Lucas v. Gold Standard Baking, Inc.*, No. 13 CV 1524, 2017 WL 1436864, at *2-4 (N.D. Ill. Apr. 24, 2017) (applying *Guess?* in Title VII case and ultimately ruling that balance weighed in favor of disclosure). Others have disclaimed any NLRA confidentiality interest that must be considered in the context of discovery. *See, e.g., Solis v. Crescent Drilling & Prod., Inc.*, No. 19-cv-01194, 2020 WL 8509909, at *3 (W.D. Tex. Dec. 9, 2020) (communication with other employees related to federal litigation was not protected from discovery even if it qualified as protected,

concerted activity under the NLRA). And still other courts have stated or implied that NLRA confidentiality interests only extend to union activity or sympathies, but not to other concerted activities protected by the NLRA. *See, e.g., Lapointe v. Target Corp.*, No. 16-CV-216 (GTS/CFH), 2017 WL 1397317, at *9 (N.D.N.Y. Mar. 6, 2017) (noting that the NLRA limits an employer's ability to interrogate employees about "union membership or union activities" but finding that these limits do not bear on discovery questions about class litigation engaged in by employees). There is no question that appellate precedent on this issue could provide guidance for a significant number of cases.

## IV. Conclusion

The Court should grant the requested relief or alternatively issue an order certifying an appeal pursuant to 28 U.S.C. 1292(b).

Respectfully submitted,

Linda M. Leslie, Regional Director
National Labor Relations Board – Region 3
Niagara Center Building
130 S. Elmwood Avenue, Suite 630
Buffalo, NY 14202-2465


By:
*/s/ Alicia Pender Stanley*
COUNSEL FOR PETITIONER
National Labor Relations Board – Region 3
Leo O'Brien Federal Building
11A Clinton Avenue, Room 342
Albany, NY 12207
E:mail: alicia.stanley@nlrb.gov
New York Attorney Registration No: 5223367


Dated: December 22, 2022

25