IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA M. LESLIE, Regional Director of the Third Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br>           Petitioner,<br><br>    v.<br><br>  STARBUCKS CORPORATION,<br><br>           Respondent. | Case No. 1:22-cv-00478-JLS |

**RESPONDENT STARBUCKS CORPORATION'S RESPONSE TO PETITIONER'S MOTION FOR EXTENSION OF TIME PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 4(a)(5)(A)**

**TABLE OF CONTENTS**

PAGE

I. INTRODUCTION ..................................................................................................................1

II. PROCEDURAL HISTORY & FACTUAL BACKGROUND .......................................................1

III. ARGUMENT .........................................................................................................................5

    A. STANDARD OF REVIEW ..........................................................................................6

    B. PETITIONER'S REQUEST FOR AN EXTENSION IS UNTIMELY .............................7

    C. PETITIONER DID NOT SHOW EXCUSABLE NEGLECT TO SUPPORT HER REQUEST FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL ...................9

        1. Danger of Prejudice to Starbucks .......................................................10

        2. Length of Delay and Potential Impact on Judicial Proceedings .........10

        3. Reason for the Delay, Including Whether Within Petitioner's Reasonable Control ...............................................................................................11

        4. Whether Petitioner Acted in Good Faith ............................................13

IV. CONCLUSION ....................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**                                                                                                      **Page(s)**

*Alexander v. Saul*,
    5 F.4th 139 (2d Cir. 2021) ............................................................................................. 9, 11, 12

*Bortugno v. Metro-North Commuter R.R.*,
    905 F.2d 674 (2d Cir. 1990) ...................................................................................................... 9

*Comms. Network Int'l, Ltd. v. MCI WorldCom Comms., Inc.*,
    708 F.3d 327 (2d Cir. 2013) ...................................................................................................... 6

*In Re Cosmopolitan Aviation Corp.*,
    763 F.2d 507 (2d Cir. 1985) .................................................................................................... 12

*Dixon v. Better Way Wholesale Autos, Inc.*,
    No. 16-2852-cv (2d Cir. June 28, 2017) .................................................................................. 10

*Dixon v. New York*,
    No. 17-3818-cv (2d Cir. Sep. 11, 2018) .................................................................................. 11

*Guess?, Inc.*,
    339 NLRB 432 (2000) ......................................................................................................... 4, 10

*In Re Johns-Manville Corp.*,
    476 F.3d 118 (2d Cir. 2007) .................................................................................................... 12

*Lora v. O'Heaney*,
    602 F.3d 106 (2d Cir. 2010) .............................................................................................. 5, 6, 8

*Mohawk Industries, Inc. v. Carpenter*,
    558 U.S. 100 (2009) ................................................................................................................... 1

*O.P.M. Leasing Services Inc.*,
    769 F.2d 911 (2d Cir. 1985) ...................................................................................................... 6

*Renegotiation Board v. Bannercraft Co.*,
    415 U.S. 1 (1974) ..................................................................................................................... 10

*Rosner v. United States*,
    958 F.3d 163 (2d Cir. 2020) ...................................................................................................... 1

*Silivanch v. Celebrity Cruises, Inc.*,
    333 F.3d 355 (2d Cir. 2003) ............................................................................................ 6, 9, 12

*U.S. v. Hooper*,
    43 F.3d 26 (2d Cir. 1994) ........................................................................................................ 12

# **TABLE OF AUTHORITIES**

*(continued)*

**Cases**                                                  **Page(s)**

*Weinstock v. Cleary, Gottlieb, Steen Hamilton*,
  16 F.3d 501 (2d Cir. 1994) ............................................................................................................. 11

**Statutes**

28 U.S.C. § 1291 ................................................................................................................................ 6

28 U.S.C. § 1292(b) ........................................................................................................................... 3

**Other Authorities**

Fed. R. App. P. 4 ....................................................................................................................*passim*

**I.      INTRODUCTION**

Respondent Starbucks Corporation ("Respondent" or 'Starbucks") opposes Petitioner's motion for extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A).[1] Petitioner argues that to the extent the issue she seeks to appeal is construed as an appeal of the Court's September 23 discovery order (Doc. 49), she "seeks an enlargement of time to file a notice of appeal" because she met the standard for "excusable neglect." (Doc. 77-1, at 1). As Petitioner's motion is untimely and she failed to demonstrate excusable neglect, Respondent opposes it.[2]

**II.     PROCEDURAL HISTORY & FACTUAL BACKGROUND**

Petitioner has always opposed Respondent's requests for discovery. She has long argued that Respondent's document subpoenas violate the National Labor Relations Act ("NLRA" or "Act").

On June 21, 2022, the same day Petitioner filed the petition in this case, she also filed a motion to determine the petition based upon affidavits and documentary evidence in her possession. (Doc. 3).

On June 24, 2022, via a telephone status conference, Petitioner's counsel said: "And just by way of previewing our position would simply be that discovery is neither appropriate, nor necessary." (Doc. 31, at 22, Tr. Oral Argument, June 24, 2022).

On June 29, 2022, Petitioner opposed Respondent's discovery plan. (Doc. 27).

---

[1] Docs. 72 and 77 appear identical, but Doc. 77 adds an affidavit from Petitioner's counsel, Jessica Cacaccio. Therefore, Respondent will refer to Doc. 77 throughout.

[2] Respondent assumes *arguendo*, for the purpose of opposing this motion, that Petitioner seeks to file a notice of appeal of a collateral order. *But see Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 103 (2009) (holding disclosure orders adverse to attorney-client privilege do not fall within the collateral order doctrine); *see also Rosner v. United States*, 958 F.3d 163, 166 (2d Cir. 2020) (holding disclosure orders adverse to psychotherapist-patient privilege do not fall within the collateral order doctrine).

On June 30, 2022, the Court stayed this case during the pendency of the administrative law judge hearing. (Doc. 29).

On September 7, 2022, the Court lifted the stay and issued an order allowing Respondent to serve document subpoenas. (Doc. 39). The Court also set deadlines for any motions to quash. (Doc. 39).

On September 16, 2022, Petitioner filed a motion to quash Respondent's document subpoenas, and in the alternative, for a protective order. (Doc. 44). In that filing, Petitioner argued, among other things, that "each subpoena request should be quashed in its entirety." (Doc. 44, at 12). Petitioner explicitly argued: ". . . questions related to calls between employees, organizers, and the Union are inappropriate as they seek to uncover protected concerted activity as well as protected union activity, which unto itself may constitute an unfair labor practice." (Doc. 44, at 25).

On September 23, 2022, the Court held oral argument on the motions to quash Respondent's document subpoenas to the Union, the Union's agents, and the current and former employees of Respondent who were served with subpoenas (collectively, "Subpoenaed Nonparties"). At oral argument, Petitioner argued as part of her motion to quash the subpoenas: "I would add -- and I believe we make this argument in brief, but I would add that some of these requests, this one included, has the potential that it might be violating the Act as a request. I mean, what they are seeking is unionization information from every potential person who might support the Union, essentially, across the country. And as you probably are aware, we have litigation across the country against this employer for committing unfair labor practice violations. And to hand them, on a plate, every person that supports the Union and does that is

obviously problematic, so otherwise I support what Mr. Hayes has said." (Doc. 51, at 12-13, Tr. Oral Argument, Sept. 23, 2022).

Also on September 23, 2022, the Court memorialized its rulings on the motions to quash and ordered the Subpoenaed Nonparties to produce some of the documents and information Respondent requested by October 14, 2022. (Doc. 49).

On October 7, 2022, the Union filed a motion for reconsideration of the Court's September 23, 2022, discovery order (Doc. 49), arguing that its producing documents pursuant to the order would impinge upon "confidentiality and privilege between a labor union and employees that are represented by the union or seek to be" and that "Starbucks' issuance of the subpoenas itself violates the NLRA because the subpoena requests constitute interrogation regarding activity that is protected under the NLRA." (Doc. 53, at 3).

On October 11, 2022, Petitioner filed a response to the Union's motion for reconsideration and stated: "Petitioner supports the Union's request that the Court reconsider its September 23, 2022 Order based on the reasons set forth in her motion to quash (ECF No. 44)." (Doc. 55, at 1). Petitioner's motion to quash claimed that Respondent's subpoenas should be quashed because they may constitute violations of the Act. (Doc. 44).[3] As part of this filing, Petitioner also noted: "Petitioner takes no position on the Union's request for the Court to certify the matter to the Second Circuit Court of Appeals nor on the Union's pending unfair labor practice charge alleging that Respondent's [subpoenas are unlawful]." (*Id.*).

On October 12, 2022, the Court denied the Union's motion for reconsideration of its order on the motions to quash and, in the alternative, the Union's request for certification under 28 U.S.C. § 1292(b) (Doc. 57). In denying the motion to reconsider or certify question for appeal

---

[3] Petitioner's counsel later made the same argument before the Court at oral argument and pointed out to the Court that her brief contained this argument. (Doc. 65 at 10, Tr. Oral Argument, Oct. 27, 2022).

3

(Doc. 53), the Court held: (1) the NLRB cases, including *Guess?, Inc.*, 339 NLRB 432 (2000), were not "controlling decisions overlooked by the Court"; and (2) there was no "substantial ground for difference of opinion" on a controlling question of law. (Doc. 57).[4]

On October 20, 2022, Respondent, having received no documents or privilege log, let alone a mere email response from the Union and Subpoenaed Nonparties' counsel, filed a motion for a finding of contempt and imposition of sanctions. (Doc. 59).

On October 27, 2022, the Court held oral argument on Respondent's motion for a finding of contempt and imposition of sanctions. There, the Subpoenaed Nonparties argued that every document the Court ordered them to produce by October 14, 2022, was covered by either the employee-union representative privilege or "legal protection under the National Labor Relations Act," both of which arguments the Court previously rejected by this point. (Doc. 65 at 4, Tr. Oral Argument, Oct. 27, 2022). Petitioner argued the Court should not rule on the motion, and instead hold it in abeyance, because "it would be improper for the Union or individuals to be held in contempt, or for sanctions to issue for failing to effectuate subpoena requests that may violate [f]ederal law." (Doc. 65 at 10, Tr. Oral Argument, Oct. 27, 2022). Petitioner also argued: "Asking the Union to reveal what is essentially Section 7 activity, which [R]espondent has now been prosecuted for surveilling and unlawfully seeking in other avenues, isn't appropriate, and that wouldn't be fair, Your Honor." (Doc. 65 at 12, Tr. Oral Argument, Oct. 27, 2022). While before the Court, counsel for the Subpoenaed Nonparties alerted the Court that they would be filing a writ of mandamus to the Second Circuit.

Also on October 27, 2022, the Court, anticipating the Union's writ of mandamus to the Second Circuit, again stayed this case.

---

[4] The order noted that "[f]or purposes of this decision and order only, the Court assumes that Workers United raises such a question." (Doc. 57, at n.5).

On December 15, 2022, Petitioner issued a complaint and notice of hearing in Case 03-CA-304675, claiming Respondent's document subpoenas in this case seek information protected by the Act. On December 29, 2022, Respondent filed its answers and affirmative defenses, denying all of the allegations in Case 03-CA-304675. A hearing in Case 03-CA-304675 is currently scheduled to commence on February 9, 2023.

This Court has already determined that the instant litigation should not be stayed pending the outcome of the administrative case. (Doc. 75).

On December 22, 2022, Petitioner filed a motion for extension of time pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A). Petitioner recognizes her request "may be construed as an appeal of this Court's order denying motions to quash subpoenas." (Doc. 77-1, at 1). Petitioner claims, however, that "excusable neglect" exists because "it was unclear whether appellate jurisdiction existed over this Court's order[s]." (Doc. 77-1, at 3).[5]

On December 20 and 22, 2022, the Court issued orders allowing Starbucks to file a response to Petitioner's request for an extension of time to file a notice of appeal by December 30, 2022. (Docs. 75, 78).

## III.   ARGUMENT

Petitioner's motion should be denied because an appeal would be untimely under the Federal Rules of Appellate Procedure, and Petitioner failed to demonstrate "excusable neglect."

---

[5]  Also on December 22, 2022, although Petitioner filed a motion for reconsideration (Doc. 79) of the discovery order (Doc. 49), even assuming the discovery order was a collateral order, "Rule 4 provides no back door for this appeal[.]" *Lora v. O'Heaney*, 602 F.3d 106, 112 (2d Cir. 2010). *See* Fed. R. App. P. 4(a)(4)(A)(vi). It does nothing to toll the notice of appeal deadline here. Otherwise, "a party would be allowed to toll the appeal deadline for months and appeal from the merits ruling at any time up to thirty days after the ruling on the motion for reconsideration, even if the motion for reconsideration was not timely." *Lora*, 602 F.3d at 112.

5

### A.     STANDARD OF REVIEW

Under Fed. R. App. P. 4(a)(5), the Court may extend the time to file a notice of appeal if "(i) a party so moves no later than 30 days after the time proscribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." "A district court's order granting or denying [a] motion[] under Fed. R. App. P. 4(a)(5) is reviewed for abuse of discretion." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 362 (2d Cir. 2003) (per curiam) (citing *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001)). Such an order "cannot be set aside by a reviewing court unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion that it reached upon a weighing of the relevant factors." *Silivanch*, 333 F.3d at 362 (citing *O.P.M. Leasing Servs., Inc.*, 769 F.2d 911, 915 (2d Cir. 1985)). Critically, "[t]he taking of an appeal within the prescribed time is mandatory and jurisdictional." *Comms. Network Int'l, Ltd. v. MCI WorldCom Comms., Inc.*, 708 F.3d 327, 329 (2d Cir. 2013). As such, "the requirements of [Federal Rule of Appellate Procedure] 4(a)(1) and its predecessors with respect to the time for taking an appeal have long been treated as especially rigid." *O.P.M. Leasing Services Inc.*, 769 F.2d 911, 916 (2d Cir. 1985).[6] "By negative implication, Rule 4(a)(4)(A) suggests that failure to file a timely motion for reconsideration, combined with the failure to file a timely appeal of the substantive ruling, will put consideration of whether the substantive ruling was erroneous beyond the reach of an appellate court." *Lora v. O'Heaney*, 602 F.3d 106, 110 (2d Cir. 2010).

---

[6] "Ordinarily, only the final judgment of a district court is appealable. 28 U.S.C. § 1291; *but cf. id.* §1292 (granting appellate jurisdiction over certain provisional equitable remedies and controlling questions of law certified by district courts)." *Silivanch*, 333 F.3d at 362.

## B.   PETITIONER'S REQUEST FOR AN EXTENSION IS UNTIMELY

Federal Rule of Appellate Procedure 5 provides that when a party is requesting permission to appeal that is within the Court of Appeals' discretion, the party must file a petition within the time specified by Rule 4(a) for filing a notice of appeal. Federal Rule of Appellate Procedure 4 generally provides that a notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from," unless one of the parties is a United States agency, in which case, a "party" may file "within 60 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A), (B)(i). In addition, a district court "may extend the time to file a notice of appeal" if: "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a)[7] expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A) (emphasis added). The Rule notes, however, that "[n]o extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

The Court does not have the authority to grant the extension of time to file the notice of appeal here because such a grant would "exceed 30 days after the prescribed time." Fed. R. App. P. 4(a)(5)(C). After claiming she is "a matter of days past the Petitioner's original time for filing," (Doc. 77-1, at 4), Petitioner advances two dates upon which she contends her timeliness argument should begin to run: September 23, 2022 – the date of the order granting in part, and denying in part, the Petitioner's and Union's motions to quash (Doc. 49); and (2) October 12, 2022 – the date of the order denying Union's motion for reconsideration. (Doc. 57). From

---

[7] The time prescribed by Rule 4(a) for a party's motion (here, Petitioner) is 60 days because Petitioner is a government agency. *See* Fed. R. App. P. 4(a)(1)(B)(ii).

September 23, 2022, 60 days brings Petitioner to November 22, 2022. Even if the motion to extend time to file a notice of appeal could be filed on the last possible day, as Petitioner arguably did on December 22, 2022, the Court does not have the authority to extend the time to file a notice of appeal because 30 days after the prescribed time period of 60 days already passed. In order for the Court to even reach the excusable neglect factors then, the Court would need to construe Petitioner's request as an extension of time to appeal the October 12th order denying the Subpoenaed Nonparties' motion for reconsideration. (Doc. 57). Even assuming Petitioner satisfies standing requirements to do so, this would only raise the limited issue of whether the Court abused its discretion in denying the motion for reconsideration. This is an argument the Court need not entertain because the denial of a motion for reconsideration is not a collateral order. *Lora v. O'Heaney*, 602 F.3d 106, 112 (2d Cir. 2010) ("Whether reconsideration was properly denied is just as reviewable following final judgment as a whole host of other issues that must await final judgment before a party can appeal them.").

As demonstrated by her own motion for reconsideration (Doc. 79), Petitioner seeks to distract the Court from the order with which she takes issue, by pointing to later orders that would be more likely to bring her within the bounds of timeliness. In Petitioner's motion for reconsideration, however, she states:

> The NLRB's General Counsel has made the prosecutorial determination that Starbucks' subpoenas are facially unlawful, but even more significantly, the General Counsel has alleged that the entire subpoena plan, in toto, was undertaken with the unlawful object of retaliating against employees because of their participation in the Board's investigation and proceedings.

(Doc. 79-1, at 26). Because Petitioner argues the "entire subpoena plan, in toto, was undertaken with an unlawful object," she necessarily intends to appeal the Court's September 7, 2022 order, permitting Respondent to issue the document subpoenas in the first instance. (Doc. 39). As Petitioner would have needed an extension for filing the notice of appeal by or before December

8

6, 2022, in order to be timely, and as she is now outside the maximum time period permitted under Rule 4, the Court should deny Petitioner's motion for an extension of time to file a notice of appeal.

Even if the Court deems Petitioner's request timely, the request for an extension to file the notice of appeal should still be denied because Petitioner has failed to demonstrate excusable neglect.

### C. PETITIONER DID NOT SHOW EXCUSABLE NEGLECT TO SUPPORT HER REQUEST FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

Petitioner failed to demonstrate excusable neglect to support an extension of time to file a notice of appeal. "[R]egardless of whether a motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires" the party seeking the extension of time to file a notice of appeal must demonstrate "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii). Where a movant's "failure to appeal in a timely fashion was at least partially due to [its] own inadvertence, 'excusable neglect,' rather than 'good cause,' is the appropriate standard for assessing [the] claim." *Alexander v. Saul*, 5 F.4th 139, 142 (2d Cir. 2021). Petitioner argues only that she has met the "excusable neglect" standard here. (Doc. 77-1).

"In general, a finding of 'excusable neglect' must be based either on acts of someone other than appellant or his or her counsel, or some extraordinary event. Such a finding may not be based on common oversight or administrative failure by the would-be appellant's counsel." *Bortugno v. Metro-North Commuter R.R*, 905 F.2d 674, 676 (2d Cir. 1990) (citations omitted). When assessing whether a movant has demonstrated "excusable neglect," courts consider: "(1) the danger of prejudice to the [non-movant], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Silivanch*,

333 F.3d at 366 (citing *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993)).

### 1. Danger of Prejudice to Starbucks

Respondent should not be required to continue to defend itself against Petitioner's claims without the evidence it has requested, and to which the Court has ordered Respondent is entitled – evidence that, as more and more time passes due to Petitioner's and the Union's delays before and after filing the instant action, is subject to increasing risk of destruction or spoliation. Indeed, most of the pertinent electronic evidence subject to the subpoenas is now between eight and sixteen months old. For these reasons, the danger of prejudice to Starbucks weighs against a finding of excusable neglect.[8]

### 2. Length of Delay and Potential Impact on Judicial Proceedings

In addition to her deadline being a jurisdictional bar, the Court should not look past any delay in a Section 10(j) injunctive relief case, particularly when Petitioner causes the delay and then asks for more time. Petitioner filed a petition for injunctive relief on June 21, 2022. (Doc. 1). To date, and despite the Court's order, Respondent has not received *any* documents from the Subpoenaed Nonparties. In denying the Union's motion to reconsider or certify question for appeal (Doc. 53), the Court held the NLRB cases, including *Guess?, Inc.*, 339 NLRB 432 (2000), were not "controlling decisions overlooked by the Court." (Doc. 57, at 3-4). Petitioner now merely seeks to reassert the same argument ("Respondent's subpoenas violate the Act") she made before this untimely request for an extension of time to file a notice of appeal. The Court already found this argument has no bearing on court-ordered discovery. (Doc. 53). *See Dixon v.*

---

[8] Petitioner's reliance on *Renegotiation Board v. Bannercraft Co.*, 415 U.S. 1, 24 (1974) is misplaced because that case stands for the proposition that a monetary cost incurred does not constitute irreparable harm. This is a standard Respondent need not meet for the Court to find that it would be prejudiced by Petitioner's delay.

*a Better Way Wholesale Autos, Inc.*, 16-2852-cv, at *3 (2d Cir. June 28, 2017) (finding "because of the timing of [movant's] delay—immediately before the entry of final judgment—the delay created a significant impact on the proceedings below, given that the district court could otherwise have dispatched with [movant's] motions quickly in a pre-judgment order."). Accordingly, the "length of the delay and potential impact on judicial proceedings" is a factor that weighs against a finding of excusable neglect.

### 3. Reason for the Delay, Including Whether Within Petitioner's Reasonable Control

Petitioner's claim that she was "unclear" on the status of the docket and the stay's effect on the timeliness of her appeal does not establish a valid reason for the delay, nor that the delay was outside of her reasonable control. The Second Circuit has repeatedly recognized the "reason for the delay" as the most important, and sometimes dispositive, factor in the "excusable neglect" analysis. *Alexander v. Saul*, 5 F.4th 139, 149 (2d Cir. 2021) ("Affording dispositive weight to that factor accords with our precedents, which have described the reason for the delay as the most important *Pioneer* factor."). And, "[a]s [the Second Circuit] has explained numerous times: 'The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules.'" *Weinstock v. Cleary, Gottlieb, Steen Hamilton*, 16 F.3d 501, 503 (2d Cir. 1994).

Petitioner argues that the reason for the delay was the Court's October 27, 2022 stay of this case, which Petitioner claims, was out of her control because "[u]nder these circumstances, it was unclear whether appellate jurisdiction existed over this Court's order[s]." (Doc. 77, at 12).[9]

---

[9] The Court should summarily reject Petitioner's contention that the reason for the delay was "because its interests were arguably more attenuated until complaint issued concerning the Union's charge in NLRB Case No. 03-CA-304675." As demonstrated in the procedural history and factual background section of this opposition motion, Petitioner has long maintained –

The Second Circuit swiftly rejected similar arguments where the movant's own conduct, including misunderstanding of the timeliness of an appeal, led to the delay. *See Dixon v. New York*, No. 17-3818-cv, at *4-5 (2d Cir. Sep. 11, 2018) (district court did not abuse its discretion in finding no excusable neglect for untimely appeal, and was "within its discretion to weigh what it perceived as [the movant's] inadequate reasons for the delay more heavily than the other factors, either on the facts of this case or in light of our guidance that this is the most important factor in the Rule 4(a)(5) context."); *Silivanch*, 333 F.3d at 362 (reversing district court and finding an abuse of discretion where movant's "confusion" was based on "when the thirty-day period in which to file a notice to appeal expired."); *U.S. v. Hooper*, 43 F.3d 26, 29 (2d Cir. 1994) (affirming district court's refusal to order an extension of time to file a notice of appeal under Rule 4(b) where reason for delay was inadequate because legal assistant confused deadline). The Court should similarly reject Petitioner's argument here, especially so because prior to the stay, Petitioner acknowledged, as of October 11, 2022, that "Petitioner supports the Union's request that the Court reconsider its September 23, 2022 Order based on the reasons set forth in her motion to quash." (Doc. 55). Petitioner's motion to quash did, in fact, include an argument that Respondent's document subpoenas may constitute violations of the Act. (Doc. 44). At oral argument, this was an argument Petitioner's counsel repeated and referenced as being included in her brief.

Also, Petitioner's vague explanation, including the suggestion of attorney inadvertence, does not constitute a reason for a delay that would lend to a finding of excusable neglect. *See Dixon v. a Better Way Wholesale Autos, Inc.*, 16-2852-cv, at *2 (2d Cir. June 28, 2017) (reason for delay inadequate to meet excusable neglect standard where counsel "provides a minimal and

---

including months before she issued the administrative complaint - the position that Respondent should not be entitled to any discovery and that its document subpoenas violate the Act.

vague explanation"); *In Re Johns-Manville Corp.*, 476 F.3d 118, 124 (2d Cir. 2007) ("absent extraordinary circumstances, attorney inadvertence is not excusable neglect.").

Accordingly, Petitioner has failed to demonstrate a valid reason for the delay or that the delay was not within Petitioner's control. This failure should be dispositive in denying Petitioner's motion for an extension here. *See Alexander*, 5 F.4th at 149.

### 4. Whether Petitioner Acted in Good Faith

A finding of excusable neglect requires consideration of whether Petitioner has acted in good faith. *See Silivanch*, 333 F.3d at 366 (citing *Pioneer*, 507 U.S. at 395); *see also In Re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 514 (2d Cir. 1985) ("The excusable neglect standard will generally be satisfied where a party acting in good faith was entitled to and did rely on actions of the district court or its officers and consequently misses the Rule 4 deadline.").

As previously set forth in the procedural history and factual background section of this memorandum in opposition, Petitioner has opposed Respondent obtaining discovery from inception of this case. Petitioner has also raised the specific argument before the Court that Respondent's document subpoenas may violate the Act. And, in particular, Petitioner's counsel represented during oral argument that it was her office that was investigating the unfair labor practice charge making such a claim, and that it may well be that her office would ask the Board to require Respondent to rescind the document subpoenas to which this Court held Respondent was entitled. Petitioner has actively tried to undermine the Court's grant of, and Respondent's right to, discovery in this case, including by arguing Respondent's subpoenas violate the Act. Petitioner repeating her longstanding argument, now seeking to excuse her delay, does not demonstrate that she acted in good faith and cannot show "excusable neglect."

## IV. CONCLUSION

For all foregoing reasons, Respondent Starbucks opposes Petitioner's motion for an extension of time to file a notice of appeal and submits that the request must be denied.

Dated:  December 30, 2022

Respectfully submitted,
By: /s/ David A. Kadela
David A. Kadela (*Pro Hac Vice*)
dkadela@littler.com
Jeffrey S. Hiller (*Pro Hac Vice*)
jhiller@littler.com
LITTLER MENDELSON, P.C.
41 South High Street, Suite 3250
Columbus, OH 43215
Tel: 614.463.4201
Fax: 614.573.7475

Jacqueline Phipps Polito
jpolito@littler.com
LITTLER MENDELSON, P.C.
375 Woodcliff Drive, Suite 2D
Fairport, NY 14450
Tel: 585.203.3413
Fax: 585.486.1774

Jonathan Levine (*Pro Hac Vice*)
jlevine@littler.com
Adam-Paul Tuzzo (*Pro Hac Vice*)
atuzzo@littler.com
LITTLER MENDELSON, P.C.
111 East Kilbourn Ave., Suite 1000
Milwaukee, WI 53202
Tel: 414.291.5536
Fax: 414.291.5526

Brittany L. Stepp (*Pro Hac Vice*)
bstepp@littler.com
LITTLER MENDELSON, P.C.
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102
Tel: 267.402.3124
Fax: 267.402.3131

*Attorneys for Respondent*
*Starbucks Corporation*