**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LINDA M. LESLIE, Regional Director of the Third Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br>                    Petitioner,<br><br>        v.<br><br>STARBUCKS CORPORATION,<br><br>            Respondent. | Case No. 1:22-cv-00478-JLS |

**RESPONDENT STARBUCKS CORPORATION'S RESPONSE TO SUBPOENAED
NONPARTIES' REQUEST FOR EXTENSION OF TIME TO FILE NOTICE OF
APPEAL PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 4**

**TABLE OF CONTENTS**

**PAGE**

I.      INTRODUCTION ...................................................................................................... 1

II.     PROCEDURAL HISTORY & FACTUAL BACKGROUND ...................................... 1

III.    ARGUMENT ............................................................................................................. 6

      A.      STANDARD OF REVIEW ............................................................................. 6

      B.      THE SUBPOENAED NONPARTIES ARE NOT ENTITLED TO AN
           EXTENSION OF TIME TO FILE A NOTICE OF APPEAL ............................ 7

      C.      THE REQUEST FOR AN EXTENSION IS UNTIMELY ............................... 8

      D.      SUBPOENAED NONPARTIES DID NOT SHOW EXCUSABLE NEGLECT
           TO SUPPORT THEIR REQUEST FOR EXTENSION OF TIME TO FILE
           NOTICE OF APPEAL ..................................................................................... 9

           1.      Danger of Prejudice to Starbucks .................................................... 10

           2.      Length of Delay and Potential Impact on Judicial Proceedings ....................... 11

           3.      Reason for the Delay, Including Whether Within the Subpoenaed
               Nonparties' Reasonable Control ....................................................... 11

           4.      Whether the Subpoenaed Nonparties Acted in Good Faith .............................. 13

IV.     CONCLUSION ........................................................................................................ 14

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                          **Pages(s)**

*Alexander v. Saul*,
   5 F.4th 139 (2d Cir. 2021) ........................................................................................ 9, 11, 13

*Bortugno v. Metro-North Commuter R.R.*,
   905 F.2d 674 (2d Cir. 1990) ................................................................................................. 10

*Christopher v. Corpus Christi Ind. Sch. Dist*,
   933 F.2d 1285 (5th Cir. 1991) ............................................................................................... 7

*Comms. Network Int'l, Ltd. v. MCI WorldCom Comms., Inc.*,
   708 F.3d 327 (2d Cir. 2013) ................................................................................................... 6

*In Re Cosmopolitan Aviation Corp.*,
   763 F.2d 507 (2d Cir. 1985) ................................................................................................. 13

*Dixon v. a Better Way Wholesale Autos, Inc.*,
   No. 16-2852-cv (2d Cir. June 28, 2017) ............................................................................... 12

*Dixon v. New York*,
   No. 17-3818-cv (2d Cir. Sep. 11, 2018) ............................................................................... 12

*United States ex rel. Eisenstein v. City of N.Y., N.Y.*,
   556 U.S. 928 (2009) ................................................................................................................ 7

*Guess?, Inc.*,
   339 NLRB 432 (2000) ...................................................................................................... 4, 11

*In Re Johns-Manville Corp.*,
   476 F.3d 118 (2d Cir. 2007) ................................................................................................. 12

*Lora v. O'Heaney*,
   602 F.3d 106 (2d Cir. 2010) ............................................................................................... 6, 9

*Mohawk Industries, Inc. v. Carpenter*,
   558 U.S. 100 (2009) ................................................................................................................ 1

*O.P.M. Leasing Services Inc.*,
   769 F.2d 911 (2d Cir. 1985) ................................................................................................... 6

*Preservation Coalition, Inc. v. Pierce*,
   667 F.2d 851 (9th Cir. 1982) ................................................................................................. 7

*Rosner v. United States*,
   958 F.3d 163 (2d Cir. 2020) ................................................................................................... 1

*Silivanch v. Celebrity Cruises, Inc.*,
   333 F.3d 355 (2d Cir. 2003) ................................................................................. 6, 10, 12, 13

## TABLE OF AUTHORITIES

*(continued)*

**Cases**                                                                                           **Page(s)**

*U.S. v. Hooper*,
    43 F.3d 26 (2d Cir. 1994) ................................................................................................. 12

*United Parcel Service, Inc. v. Mitchell*,
    451 U.S. 56 (1981) .......................................................................................................... 7

*Weinstock v. Cleary, Gottlieb, Steen Hamilton*,
    16 F.3d 501 (2d Cir. 1994) ............................................................................................. 11

**Statutes**

28 U.S.C. § 1291 ...................................................................................................................... 6

28 U.S.C. § 1292(b) .................................................................................................................. 4

**Other Authorities**

Fed. R. App. P. 4.............................................................................................................*passim*

BLACK'S LAW DICTIONARY 1154 (8th ed.2004) .................................................................... 7

## I.     INTRODUCTION

Respondent Starbucks Corporation ("Respondent" or 'Starbucks") opposes the Subpoenaed Nonparties' (including Workers United ("Union"), its agents, and the current and former employees of Respondent who were served with subpoenas) request for an extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4. (Doc. 71). The Subpoenaed Nonparties argue that, to the extent their writ of mandamus to the Second Circuit (filed December 29) is construed as an appeal of the Court's September 23 discovery order (Doc. 49), they now seek an extension of time to file a notice of appeal because they meet the standard for "excusable neglect." (Doc. 71). As this request is untimely and the Subpoenaed Nonparties have failed to demonstrate excusable neglect, Respondent opposes it.[1]

## II.    PROCEDURAL HISTORY & FACTUAL BACKGROUND

The Subpoenaed Nonparties, together with Petitioner, have always opposed Respondent's requests for discovery. They have long argued that Respondent's document subpoenas violate the National Labor Relations Act ("NLRA" or "Act") or require production of documents covered by a so-called "employee-union representative privilege."

On June 21, 2022, the same day Petitioner filed the petition in this case, she also filed a motion to determine the petition based upon affidavits and documentary evidence in her possession. (Doc. 3).

---

[1] Respondent assumes *arguendo*, for the purpose of opposing this request, that the Subpoenaed Nonparties seek to file a notice of appeal of a collateral order. *But see Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 103 (2009) (holding disclosure orders adverse to attorney-client privilege do not fall within the collateral order doctrine); *see also Rosner v. United States*, 958 F.3d 163, 166 (2d Cir. 2020) (holding disclosure orders adverse to psychotherapist-patient privilege do not fall within the collateral order doctrine).

On June 24, 2022, via a telephone status conference, Petitioner's counsel said: "And just by way of previewing our position would simply be that discovery is neither appropriate, nor necessary." (Doc. 31, at 22, Tr. Oral Argument, June 24, 2022).

On June 29, 2022, Petitioner opposed Respondent's discovery plan. (Doc. 27).

On June 30, 2022, the Court stayed this case during the pendency of the administrative law judge hearing. (Doc. 29).

The Subpoenaed Nonparties, with the exception of the Union, never filed a motion to intervene. On August 25, 2022, when the Union did so (Doc. 32), the Court denied that motion. (Doc. 52). The Union was permitted to participate in the proceedings as *amicus curiae* by filing a brief by October 26, 2022, which it did. (Docs. 52, 62).

On September 7, 2022, the Court lifted the stay and issued an order allowing Respondent to serve document subpoenas. (Doc. 39). The Court also set deadlines for any motions to quash. (Doc. 39).

On September 16, 2022, the Subpoenaed Nonparties filed a motion to quash Respondent's document subpoenas. (Doc. 42). In that filing, the Subpoenaed Nonparties argued, among other things, that the subpoenas should be quashed in their entirety because they (1) violated the "employee-union representative privilege," (Doc. 42, at 4); and (2) sought "detailed evidence about Starbucks workers engaging in legally-protected organizing activity under the National Labor Relations Act." (Doc. 42, at 5). Petitioner's arguments closely mirrored those of the Subpoenaed Nonparties. (Doc. 44, at 12, 25).

On September 23, 2022, the Court held oral argument on the motions to quash Respondent's document subpoenas to the Subpoenaed Nonparties. At oral argument, counsel for the Subpoenaed Nonparties argued Respondent's documents subpoenas sought "sensitive

internal organizing information, which is protected by the NLRA. And the company demanding that information, regardless of how they are framing it or whether they are claiming it's part of the defense, can easily be construed as a violation of the Act itself. There are many -- there is a history of NLRB precedent finding that subpoenas, questions on the stand, et cetera, by employer counsel violates the Act in itself, because it's interrogating employees about protective concerted activity."  (Doc. 51, at 17-18, Tr. Oral Argument, Sept. 23, 2022). Regarding the allegation that Respondent's subpoenas could be construed as violations of the Act, Petitioner noted: "I support what Mr. Hayes has said." (*Id.* at 12-13).

Also on September 23, 2022, the Court memorialized its rulings on the motions to quash and ordered the Subpoenaed Nonparties to produce some of the documents and information Respondent requested by October 14, 2022.  (Doc. 49).

On October 7, 2022, the Union filed a motion for reconsideration of the Court's September 23, 2022, discovery order (Doc. 49), arguing that its producing documents pursuant to the order would impinge upon "confidentiality and privilege between a labor union and employees that are represented by the union or seek to be" and that "Starbucks' issuance of the subpoenas itself violates the NLRA because the subpoena requests constitute interrogation regarding activity that is protected under the NLRA." (Doc. 53, at 3).

On October 11, 2022, Petitioner filed a response to the Union's motion for reconsideration and stated: "Petitioner supports the Union's request that the Court reconsider its September 23, 2022 Order based on the reasons set forth in her motion to quash (ECF No. 44)." (Doc. 55, at 1). Petitioner's motion to quash claimed that Respondent's subpoenas should be

quashed because they may constitute violations of the Act. (Doc. 44).[2] As part of that filing, Petitioner also noted: "Petitioner takes no position on the Union's request for the Court to certify the matter to the Second Circuit Court of Appeals nor on the Union's pending unfair labor practice charge alleging that Respondent's [subpoenas are unlawful]." (*Id.*).

On October 12, 2022, the Court denied the motion for reconsideration of its order on the motions to quash and, in the alternative, the request for certification under 28 U.S.C. § 1292(b) (Doc. 57). In denying the motion to reconsider or certify question for appeal (Doc. 53), the Court held: (1) the NLRB cases, including *Guess?, Inc.*, 339 NLRB 432 (2000), were not "controlling decisions overlooked by the Court"; and (2) there was no "substantial ground for difference of opinion" on a controlling question of law. (Doc. 57).[3]

On October 20, 2022, Respondent, having received no documents or privilege log, let alone a mere email response from the Subpoenaed Nonparties' counsel, filed a motion for a finding of contempt and imposition of sanctions. (Doc. 59).

On October 27, 2022, the Court held oral argument on Respondent's motion for a finding of contempt and imposition of sanctions. There, the Subpoenaed Nonparties argued that every document the Court ordered them to produce by October 14, 2022, was covered by either the employee-union representative privilege or "legal protection under the National Labor Relations Act," both of which arguments the Court previously rejected by this point. (Doc. 65 at 4, Tr. Oral Argument, Oct. 27, 2022). Petitioner argued the Court should not rule on the motion, and instead hold it in abeyance, because "it would be improper for the Union or individuals to be held in contempt, or for sanctions to issue for failing to effectuate subpoena requests that may violate

---

[2]  Petitioner's counsel later made the same argument before the Court at oral argument and pointed out to the Court that her brief contained this argument. (Doc. 65 at 10, Tr. Oral Argument, Oct. 27, 2022).

[3]  The order noted that "[f]or purposes of this decision and order only, the Court assumes that Workers United raises such a question." (Doc. 57, at n.5).

[f]ederal law." (Doc. 65 at 10, Tr. Oral Argument, Oct. 27, 2022). Petitioner also argued: "Asking the Union to reveal what is essentially Section 7 activity, which [R]espondent has now been prosecuted for surveilling and unlawfully seeking in other avenues, isn't appropriate, and that wouldn't be fair, Your Honor." (Doc. 65 at 12, Tr. Oral Argument, Oct. 27, 2022). While before the Court, counsel for the Subpoenaed Nonparties alerted the Court that they would be filing a writ of mandamus to the Second Circuit.

Also on October 27, 2022, the Court, anticipating the Subpoenaed Nonparties' petition for writ of mandamus to the Second Circuit, again stayed this case.

On December 15, 2022, Petitioner issued a complaint and notice of hearing in Case 03-CA-304675, claiming Respondent's document subpoenas in this case seek information protected by the Act. On December 29, 2022, Respondent filed its answers and affirmative defenses, denying all of the allegations in Case 03-CA-304675. A hearing in Case 03-CA-304675 is currently scheduled to commence on February 9, 2023.

This Court has already determined that the instant litigation should not be stayed pending the outcome of the administrative case. (Doc. 75).

On December 19, 2022, the Subpoenaed Nonparties filed a status report, in which they requested an extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4. (Doc. 71). The Subpoenaed Nonparties recognize the Second Circuit may consider the forthcoming writ of mandamus as an appeal of the Court's order partially denying motions to quash, or the Court's order denying the motion for reconsideration of these same issues. (Doc. 71). The Subpoenaed Nonparties' claim though, that since they "did not view the orders as subject to interlocutory appeal" this constitutes "excusable neglect" and the Court should therefore grant the extension request for filing the notice of appeal. (Doc. 71).

On December 20, 2022, the Court issued an order allowing Starbucks to file a response to the Subpoenaed Nonparties' request for an extension of time to file a notice of appeal by December 30, 2022. (Doc. 75).

## III.   ARGUMENT

The Subpoenaed Nonparties' motion should be denied because an appeal would be untimely under the Federal Rules of Appellate Procedure, and the Subpoenaed Nonparties failed to demonstrate "excusable neglect."

### A.   STANDARD OF REVIEW

Under Fed. R. App. P. 4(a)(5), the Court may extend the time to file a notice of appeal if "(i) a party so moves no later than 30 days after the time proscribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." "A district court's order granting or denying [a] motion[] under Fed. R. App. P. 4(a)(5) is reviewed for abuse of discretion." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 362 (2d Cir. 2003) (per curiam) (citing *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001)). Such an order "cannot be set aside by a reviewing court unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion that it reached upon a weighing of the relevant factors." *Silivanch*, 333 F.3d at 362 (citing *O.P.M. Leasing Servs., Inc.*, 769 F.2d 911, 915 (2d Cir. 1985)). Critically, "[t]he taking of an appeal within the prescribed time is mandatory and jurisdictional." *Comms. Network Int'l, Ltd. v. MCI WorldCom Comms., Inc.*, 708 F.3d 327, 329 (2d Cir. 2013). As such, "the requirements of [Federal Rule of Appellate Procedure] 4(a)(1) and its predecessors with respect to the time for taking an appeal have long been treated as

especially rigid." *O.P.M. Leasing Services Inc.*, 769 F.2d 911, 916 (2d Cir. 1985).[4] "By negative implication, Rule 4(a)(4)(A) suggests that failure to file a timely motion for reconsideration, combined with the failure to file a timely appeal of the substantive ruling, will put consideration of whether the substantive ruling was erroneous beyond the reach of an appellate court." *Lora v. O'Heaney*, 602 F.3d 106, 110 (2d Cir. 2010).

### B.   THE SUBPOENAED NONPARTIES ARE NOT ENTITLED TO AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL

Because the Subpoenaed Nonparties are, indeed, nonparties, they are not entitled to an extension of time to file a notice of appeal beyond the 30 days provided under Federal Rule of Appellate Procedure 4(a)(1)(A). In *United States ex rel. Eisenstein v. City of N.Y., N.Y.*, 556 U.S. 928, 933-35 (2009), the Supreme Court interpreted the word "party" within the meaning of Federal Rule of Appellate Procedure 4(a)(1)(B). Citing BLACK'S LAW DICTIONARY 1154 (8th ed.2004), the Court defined a "party" as "one by or against whom a lawsuit is brought." *Id.* at 933 (alteration omitted). The Court further opined that an individual could also become a party to a lawsuit by intervening. *Id.* Thus, "when . . . a real party in interest has declined to bring the action or intervene, there is no basis for deeming it a 'party' for purposes of Rule 4(a)(1)(B)." *Id.* at 935. The Subpoenaed Nonparties here, with the exception of the Union, never filed a motion to intervene. And, on August 25, 2022, when the Union did so (Doc. 32), the Court denied that motion. (Doc. 52). Accordingly, the Subpoenaed Nonparties are not entitled to additional time to file a notice of appeal under Rule 4(a)(1)(B). While the Court denied the motion to intervene, the Union was permitted to participate in the proceedings as amicus curiae by filing a brief by October 26, 2022, which it did. (Docs 52, 62). The Court's allowing the Union to participate in

---

[4] "Ordinarily, only the final judgment of a district court is appealable. 28 U.S.C. § 1291; *but cf. id.* § 1292 (granting appellate jurisdiction over certain provisional equitable remedies and controlling questions of law certified by district courts)." *Silivanch*, 333 F.3d at 362.

the proceedings as amicus curie did not make any of the Subpoenaed Nonparties a "party."[5] Therefore, the request to file a notice of appeal should be denied as untimely.

### C.    THE REQUEST FOR AN EXTENSION IS UNTIMELY

Federal Rule of Appellate Procedure 5 provides that when a party is requesting permission to appeal that is within the Court of Appeals' discretion, the party must file a petition within the time specified by Rule 4(a) for filing a notice of appeal.  Federal Rule of Appellate Procedure 4 generally provides that a notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from," unless one of the parties is a United States agency, in which case, a "party" may file "within 60 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A), (B)(i). In addition, a district court "may extend the time to file a notice of appeal" if: "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a)[6] expires; <u>and</u> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A) (emphasis added). The Rule notes, however, that "[n]o extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

---

[5] Courts have long recognized that when *amicus* raises an issue on appeal that was not advanced by any "party" on appeal, they need not reach the issue. *See United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 61 n.2 (1981) ("We decline to consider this argument since it was not raised by either of the parties here or below."); *Christopher v. Corpus Christi Ind. Sch. Dist*, 933 F.2d 1285, 1292 (5th Cir. 1991) ("As amicus curiae, Advocacy cannot raise an issue raised by neither of the parties absent exceptional circumstances."); *Preservation Coalition, Inc. v. Pierce*, 667 F.2d 851, 861 (9th Cir. 1982) ("Had the National Trust wished to raise the issue properly in this case, it could have intervened instead of appearing as amicus. It did not. Therefore, the issue is not properly before us.").

[6] The time prescribed by Rule 4(a) for *a party's* motion is 60 days because Petitioner is a government agency. *See* Fed. R. App. P. 4(a)(1)(B)(ii).

Even if the Subpoenaed Nonparties were, in fact, parties to this case, the Court still does not have the authority to grant the extension of time to file the notice of appeal here because such a grant would "exceed 30 days after the prescribed time." Fed. R. App. P. 4(a)(5)(C). From September 23, 2022, 60 days brings the Subpoenaed Nonparties to November 22, 2022. The Court does not have the authority to extend the time to file a notice of appeal of the September 23 discovery order because 30 days after the prescribed time period of 60 days (30 days from November 22) already passed. In order for the Court to even reach the excusable neglect analysis then, the Court would need to construe the request as an extension of time to appeal the October 12th order denying the Union's motion for reconsideration. (Doc. 57). While this would only raise the limited issue of whether the Court abused its discretion in denying the motion for reconsideration, this is an argument the Court need not entertain because the denial of a motion for reconsideration is not a collateral order. *Lora v. O'Heaney*, 602 F.3d 106, 112 (2d Cir. 2010) ("Whether reconsideration was properly denied is just as reviewable following final judgment as a whole host of other issues that must await final judgment before a party can appeal them."). But even if the Court deems the Subpoenaed Nonparties' request permissible and timely, the request for an extension to file the notice of appeal should still be denied because they failed to demonstrate excusable neglect.

### D. SUBPOENAED NONPARTIES DID NOT SHOW EXCUSABLE NEGLECT TO SUPPORT THEIR REQUEST FOR EXTENSTION OF TIME TO FILE NOTICE OF APPEAL

The Subpoenaed Nonparties failed to demonstrate excusable neglect to support an extension of time to file a notice of appeal. "[R]egardless of whether a motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires" the party seeking the extension of time to file a notice of appeal must demonstrate "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii). Where a movant's "failure to appeal in a timely fashion was at

least partially due to [its] own inadvertence, 'excusable neglect,' rather than 'good cause,' is the appropriate standard for assessing [the] claim." *Alexander v. Saul*, 5 F.4th 139, 142 (2d Cir. 2021). The Subpoenaed Nonparties argue only that they met the "excusable neglect" standard here. (Doc. 71).

"In general, a finding of 'excusable neglect' must be based either on acts of someone other than appellant or his or her counsel, or some extraordinary event. Such a finding may not be based on common oversight or administrative failure by the would-be appellant's counsel." *Bortugno v. Metro-North Commuter R.R.*, 905 F.2d 674, 676 (2d Cir. 1990) (citations omitted). When assessing whether a movant has demonstrated "excusable neglect," courts consider: "(1) the danger of prejudice to the [non-movant], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Silivanch*, 333 F.3d at 366 (2d Cir. 2003) (citing *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993)).

### 1.     Danger of Prejudice to Starbucks

Respondent should not be required to continue to defend itself against Petitioner's claims without the evidence it has requested, and to which the Court has ordered Respondent is entitled – evidence that, as more and more time passes due to Petitioner's and the Union's delays before and after filing the instant action, is subject to risk of destruction or spoliation. Indeed, most of the pertinent electronic evidence subject to the subpoenas is now between eight and 16 months old. This is particularly true because the Subpoenaed Nonparties' counsel did not advance an undue burden argument at oral argument, and instead conceded to the Court that he made no effort to review the documents they were ordered to produce. In the Court's own words: "I'm not so sure that you should be telling me that there is a lot of documents and you haven't had a

chance to look at them." (Doc. 65 at 5, Tr. Oral Argument, Oct. 27, 2022). Such a concession and lack of oversight in the face of court-ordered discovery certainly makes the chances of spoliation or destruction more likely. For these reasons, the danger of prejudice to Starbucks weighs against a finding of excusable neglect.

### 2.     Length of Delay and Potential Impact on Judicial Proceedings

In addition to the deadline being a jurisdictional one, the Court should not look past any delay in a Section 10(j) injunctive relief case, particularly where, as here, the Subpoenaed Nonparties caused the delay and then asked for more time. Petitioner filed a petition for injunctive relief on June 21, 2022. (Doc. 1). To date, and despite the Court's order from September, Respondent has not received any documents from the Subpoenaed Nonparties. In denying the Subpoenaed Nonparties' motion to reconsider or certify question for appeal (Doc. 53), the Court held the NLRB cases, including *Guess?, Inc.*, 339 NLRB 432 (2000), were not "controlling decisions overlooked by the Court." (Doc. 57, at 3-4). The Court concluded too, that there was no substantial ground in difference of opinion to warrant an appeal of the employee-union representative privilege argument. The Subpoenaed Nonparties, therefore, merely seek to reassert arguments made before this untimely request for an extension of time to file a notice of appeal. The Court already found these arguments have no bearing on court-ordered discovery. (Doc. 53). Accordingly, the "length of the delay and potential impact on judicial proceedings" is a factor that weighs against a finding of excusable neglect.

### 3.     Reason for the Delay, Including Whether Within the Subpoenaed Nonparties' Reasonable Control

The Subpoenaed Nonparties' argument that they "did not view the orders as subject to interlocutory appeal" does not establish a valid reason for the delay, nor that the delay was outside of their reasonable control. The Second Circuit has repeatedly recognized the "reason for

the delay" as the most important, and sometimes dispositive, factor in the "excusable neglect" analysis. *Alexander v. Saul*, 5 F.4th 139, 149 (2d Cir. 2021) ("Affording dispositive weight to that factor accords with our precedents, which have described the reason for the delay as the most important *Pioneer* factor."). And, "[a]s [the Second Circuit] has explained numerous times: 'The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules.'" *Weinstock v. Cleary, Gottlieb, Steen Hamilton*, 16 F.3d 501, 503 (2d Cir. 1994).

The Subpoenaed Nonparties do not advance any argument supporting a reason for delay, aside from the fact they "did not view the orders as subject to interlocutory appeal." (Doc. 71). The Second Circuit swiftly rejected similar arguments where the movant's own conduct, including misunderstanding of the timeliness of an appeal, led to the delay. *See Dixon v. New York*, No. 17-3818-cv, at *4-5 (2d Cir. Sep. 11, 2018) (district court did not abuse its discretion in finding no excusable neglect for untimely appeal, and was "within its discretion to weigh what it perceived as [the movant's] inadequate reasons for the delay more heavily than the other factors, either on the facts of this case or in light of our guidance that this is the most important factor in the Rule 4(a)(5) context."); *Silivanch*, 333 F.3d 362 (reversing district court and finding an abuse of discretion where movant's "confusion" was based on "when the thirty-day period in which to file a notice to appeal expired."); *U.S. v. Hooper*, 43 F.3d 26, 29 (2d Cir. 1994) (affirming district court's refusal to order an extension of time to file a notice of appeal under Rule 4(b) where reason for delay was inadequate because legal assistant confused deadline). The Court should similarly reject the Subpoenaed Nonparties' argument here, especially so because their counsel long represented to the Court that he was preparing a writ of mandamus and is therefore presumably familiar with the Federal Rules of Appellate Procedure.

Also, such a vague explanation, including the suggestion of attorney inadvertence, does not constitute a reason for a delay that would lend to a finding of excusable neglect. *See Dixon v. a Better Way Wholesale Autos, Inc.*, 16-2852-cv, at *2 (2d Cir. June 28, 2017) (reason for delay inadequate to meet excusable neglect standard where counsel "provides a minimal and vague explanation"); *In Re Johns-Manville Corp.*, 476 F.3d 118, 124 (2d Cir. 2007) ("absent extraordinary circumstances, attorney inadvertence is not excusable neglect.").

Accordingly, the Subpoenaed Nonparties have failed to demonstrate a valid reason for the delay or that the delay was not within their control. This failure should be dispositive in denying their motion for an extension here. *See Alexander*, 5 F.4th at 149.

### 4.    Whether the Subpoenaed Nonparties Acted in Good Faith

A finding of excusable neglect requires consideration of whether the Subpoenaed Nonparties have acted in good faith. *See Silivanch*, 333 F.3d at 366 (citing *Pioneer*, 507 U.S. at 395); *see also In Re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 514 (2d Cir. 1985) ("The excusable neglect standard will generally be satisfied where a party acting in good faith was entitled to and did rely on actions of the district court or its officers and consequently misses the Rule 4 deadline.").

As previously set forth in the procedural history and factual background section of this memorandum in opposition, the Subpoenaed Nonparties have long opposed Respondent obtaining discovery in this case, including by claiming an employee-union representative privilege and by arguing the document subpoenas violate the Act. Because the Subpoenaed Nonparties have tried to undermine the Court's grant of, and Respondent's right to, discovery, a mere repeat of their longstanding arguments seeking to excuse the delay does not demonstrate that they acted in good faith and they cannot show "excusable neglect."

**IV.    CONCLUSION**

For all foregoing reasons, Respondent opposes the Subpoenaed Nonparties' request for an extension of time to file a notice of appeal and submits that the request must be denied.

Dated:  December 30, 2022                                    Respectfully submitted,

By: */s/ David A. Kadela*
David A. Kadela (*Pro Hac Vice*)
dkadela@littler.com
Jeffrey S. Hiller (*Pro Hac Vice*)
jhiller@littler.com
LITTLER MENDELSON, P.C.
41 South High Street, Suite 3250
Columbus, OH 43215
Tel: 614.463.4201
Fax: 614.573.7475

Jacqueline Phipps Polito
jpolito@littler.com
LITTLER MENDELSON, P.C.
375 Woodcliff Drive, Suite 2D
Fairport, NY 14450
Tel: 585.203.3413
Fax: 585.486.1774

Jonathan Levine (*Pro Hac Vice*)
jlevine@littler.com
Adam-Paul Tuzzo (*Pro Hac Vice*)
atuzzo@littler.com
LITTLER MENDELSON, P.C.
111 East Kilbourn Ave., Suite 1000
Milwaukee, WI 53202
Tel: 414.291.5536
Fax: 414.291.5526

Brittany L. Stepp (*Pro Hac Vice*)
bstepp@littler.com
LITTLER MENDELSON, P.C.
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102
Tel: 267.402.3124
Fax: 267.402.3131

*Attorneys for Respondent*
*Starbucks Corporation*