## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA M. LESLIE, Regional Director of Region 3 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD, | |
| Petitioner, | |
| | No. 1:22-cv-00478-JLS |
| v. | |
| STARBUCKS CORPORATION, | |
| Respondent. | |

**PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION TO THE MOTION FOR EXTENSION OF TIME PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 4(a)(5)(A)**

## I.    Petitioner's Motion was filed within the time permitted by Rule 4(a)(5) of the Federal Rules of Appellate Procedure.

Respondent Starbucks challenges the timeliness of the instant Motion [ECF No. 82 at 7-9]; as discussed below, Petitioner's motion for an extension of time to file a notice of appeal is timely.

Petitioner, a government representative, may file a notice of appeal within 60 days from the date of the order potentially sought to be appealed. Fed. R. App. P. 4(a)(1)(B). A motion for an extension of time to file a notice of appeal may be filed within 30 days following the expiration of this 60-day period. Fed. R. App. P. 4(a)(5).

*See Mendes Junior Int'l Co. v. Banco Do Brasil, S.A.*, 215 F.3d 306, 312 (2d Cir. 2000) (describing this 30-day time as a "grace period").[1] After this 30-day period has ended, an appeal may be filed within 14 days of an order granting an extension of time that was requested within the 30-day grace period. Fed. R. App. P. 4(a)(5)(C).

The order potentially sought to be appealed here, which refused to quash certain subpoena requests, issued on September 23, 2022. The earliest possible deadline for the NLRB's extension motion was therefore December 22, 2022, 90 days following the Court's September 23, 2022 order. It is therefore clear that the Board has timely filed this motion within the Appellate Rule 4(a)(5)(A)(i) deadline.

Moreover, the subpoena recipients' motion for reconsideration was timely filed on October 7, 2022, and subsequently denied on October 12, 2022. Under Appellate Rule 4(a)(4)(A), a timely motion for reconsideration or relief under an appropriate rule will "toll the time within which [all parties have] to file an appeal of the underlying order." *Lora v. O'Heaney*, 602 F.3d 106, 110 (2d Cir. 2010).[2] Based on this motion, the time to file an appeal was extended five days, until November 28, 2022 (November 27 was a Sunday). Accordingly, the time to file a motion for an extension of time ran until December 28, 2022. The NLRB's extension motion filed on December 22, 2022 was therefore timely.

---

[1] Starbucks' assertion that the Court may not grant the requested extension because the 30-day grace period has passed [ECF No. 82, p. 8] is therefore incorrect.

[2] "The function of the motion [for reconsideration] and not the caption" determines how the rule should be applied. *State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 410 (3d Cir. 2016). It is therefore unimportant whether the motion was styled as motion for reconsideration or one under a federal rule such as Rule 59 or 60 of the Federal Rules of Civil Procedure.

Starbucks presents a curious argument: that the NLRB necessarily seeks appeal of the Court's September 7, 2022, order permitting discovery. [ECF No. 82 at 8]. This is without merit. The subpoenas did not issue until September 10, 2022. The question of whether these subpoenas should have been quashed is distinct from whether *any* discovery was warranted. In any event, earlier collateral orders may be raised in an appeal of a subsequent appealable order. *See, e.g., In re Montgomery Cnty.*, 215 F.3d 367, 372 (3d Cir. 2000) (when collateral order is not timely appealed, litigant must then wait until another appealable order is entered, upon appeal of which litigant can challenge any interlocutory order that has not become moot); *Kenyatta v. Moore*, 744 F.2d 1179, 1186–87 (5th Cir. 1984) (interlocutory appeal that is not timely pursued can be revived upon entry of final judgment or some other appealable order).

## II.    The NLRB meets the standards for an extension of time.

### a.  Prejudice to opposing party

Starbucks claims that evidence may be spoiled because of Petitioner's delay in seeking an extension. [ECF No. 82 at 10]. It is unclear if Starbucks is complaining of spoliation during the time that will be required to adjudicate the appeal. This is not a proper consideration because any appeal as of right would entail delay. Alternatively, spoliation Starbucks speculates might have occurred within the relatively short period of delay in seeking an extension does not support a finding of prejudice. As the Seventh Circuit has noted, "there is unlikely ever to be harm in the [Appellate] Rule 4(a)(5) setting, because the neglectful appellant has a

limited time period to request relief." *McCarty v. Astrue*, 528 F.3d 541, 545 (7th Cir. 2008). *See also Silivanch v. Celebrity Cruises, Inc.,* 333 F.3d 355, 366 (2d Cir. 2003) ("In the typical case, the first two Pioneer factors will favor the moving party …[and] rarely in the decided cases is the absence of good faith at issue").

In any event, Starbucks can show no prejudice because the subpoenaed parties, represented by counsel, have an obligation to preserve the information sought. Indeed, counsel for the subpoena recipients has represented to the Court that he has instructed his clients to preserve the records at issue. [ECF No. 84]. Accordingly, Starbucks has not shown that it will be prejudiced by the extension of time sought by the NLRB.

### b. The length of the delay

Related to the prejudice factor, the length of the delay likewise does "little analytical work in this context." *Satkar Hospitality, Inc. v. Fox TV Holdings*, 767 F.3d 701, 707 (7th Cir. 2014). These two factors are rarely dispositive because "[t]he time limit for requesting an extension is quite short." *Id.*

### c. Reasons for the delay

With respect to the "most important" factor, the reasons for the delay, the NLRB was faced with a novel set of facts following this Court's order largely denying motions to quash Starbucks' subpoenas. *See Alexander v. Saul*, 5 F.4th 139, 149 (2d Cir. 2021) (reasons for delay are given most weight). Starbucks had asserted that the NLRB lacked standing to object to the subpoenas; the Court later found that the NLRB's standing was limited to narrow questions relating to administrative burdens on the litigation and evidentiary privileges held by the

agency. [ECF No. 45 at 3; ECF No. 49 at 2]. It is apparent that the subpoenaed nonparties viewed the Court's subpoena order as interlocutory in nature and not appealable as of right; the subpoena recipients sought certification of an interlocutory appeal and subsequently filed a petition for an extraordinary writ. [ECF No. 81]. The subpoenaed parties had also filed an unprecedented charge with the NLRB alleging that Starbucks' subpoenas in the instant Section 10(j) proceeding were unlawful under the NLRA, which required significant investigation and consultation.[3] It was prudent for the General Counsel to investigate this question thoroughly before pursuing appellate relief.

Moreover, whether or not the Court's subpoena order is appealable is a nuanced question likely to continue to be the subject of dispute should it reach the Court of Appeals. During a significant period of time following this Court's subpoena order, this action was stayed pending the subpoena recipients' filing of a petition for mandamus relief and the petition's disposition, a process over which the NLRB had no control. The NLRB thus sought the requested extension as a protective measure in the event the Second Circuit should view this Court's subpoena order as reviewable under the collateral order doctrine and choose to construe the pending mandamus petition or related filing as a notice of appeal. *See*

---

[3] To be clear, the NLRB was not able to investigate this allegation until a charge was filed. The NLRB cannot initiate its own proceedings: "implementation of the [NLRA] is dependent upon the initiative of individual persons" to file charges alleging an unfair labor practice. *NLRB v. Indus. Union of Marine & Shipbuilding Workers*, 391 U.S. 418, 424 (1968) (cleaned up).

*In re 2920 ER, LLC*, 607 F. App'x 349, 354 (5th Cir. 2015) (construing mandamus petition as notice of appeal).

The requested extension would ensure a request for appellate relief that could be construed as an appeal would comply with the jurisdictional time requirements of Appellate Rule 4. This approach provides the court of appeals with the flexibility to consider these crucial issues through orderly briefing and argument, without the drawbacks presented by an extraordinary writ, including potentially making the district court a party to the case. *See In re Blodgett*, 502 U.S. 236, 243 (1992) (noting mandamus is disfavored because of the potential for making a judge a party to the litigation).

### d. Good Faith

The delay here was a product of the extraordinary circumstances presented and NLRB's good faith effort to investigate the novel legal and factual questions involved. Petitioner's judiciousness should not be regarded as improper. To the contrary, the NLRB was obligated to investigate the matter before pursuing appellate relief. Fed. R. App. P. 38.

Starbucks asserts [ECF No. 82 at 13] that Petitioner's consistent, principled, and considered position before this Court that Starbucks' discovery efforts may violate the NLRA shows an intent to undermine these proceedings. But the NLRB apprised the Court of the legal issues involved and has kept the Court informed at

every stage of the proceedings when fulfilling its statutory duty to investigate the charge that Starbucks' subpoenas constituted an unfair labor practice.[4]

After a thorough investigation of the matter and the NLRB General Counsel's determination that an unfair labor practice complaint was warranted, the NLRB determined that it possessed standing to object to Starbucks' subpoenas on the basis of their burden upon NLRA statutory rights. The NLRB then promptly sought leave from this Court to protect the right of appeal, given the seriousness of the legal issues involved and potential for sacrifice of statutory rights even beyond this proceeding. Starbucks' request that the NLRB be punished for its conscientiousness must be rejected.

## III.    Conclusion

For the foregoing reasons, and those presented in Petitioner's Motion and Declarations in support, the Court should grant the requested motion for an extension of time to file a notice of appeal.

> Respectfully submitted,
>
> Linda M. Leslie, Regional Director
> National Labor Relations Board – Region 3
> Niagara Center Building
> 130 S. Elmwood Avenue, Suite 630
> Buffalo, NY 14202-2465

---

[4] It should also be noted that Starbucks has not shown "good cause" to attribute an improper motive to Petitioner's litigation of this case, as this Court's civility principles reflect [W.D.N.Y. Civility Principles, Lawyers Duties to Other Counsel, No. 4], much less rebutted the presumption of regularity attaching to the official conduct of the government Petitioner. *See, e.g.*, *NLRB v. Cty. Waste of Ulster, LLC*, 455 F. App'x 32, 36 (2d Cir. 2012).

By:
*/s/ Alicia Pender Stanley*
COUNSEL FOR PETITIONER
National Labor Relations Board – Region 3
Leo O'Brien Federal Building
11A Clinton Avenue, Room 342
Albany, NY 12207
E-mail: alicia.stanley@nlrb.gov
New York Attorney Registration No: 5223367

Dated: January 4, 2023