UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LINDA M. LESLIE, Regional
Director of the Third Region of
the National Labor Relations
Board for and on behalf of the
National Labor Relations Board,

                Petitioner,

v.

                22-CV-478 (JLS)

STARBUCKS CORPORATION,

                Respondent.

---

## DECISION AND ORDER

Currently before the Court are requests from Petitioner Linda M. Leslie and non-parties Workers United and the subpoenaed individuals to extend the time to file a notice of appeal related to the Court's September 23, 2022 discovery order, which resolved various motions to quash subpoenas served by Respondent Starbucks Corporation. Dkt. 71 (status report from Workers United, requesting that "the Court extend the time for filing an appeal by 30 days, pursuant to Federal Rule[] of Appellate Procedure 4"); Dkt. 72 (Petitioner's motion "to extend time for filing a notice of appeal pursuant to Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure"); Dkt. 77 (same).[1]  Respondent opposes both requests. Dkt. 82

---

[1] Petitioner initially moved for an extension of time to appeal on December 19, 2022. Dkt. 72. On December 22, 2022, Petitioner again moved for an extension of time to appeal. Dkt. 77. The December 22 motion appears to request identical relief, and offer identical reasons for relief, as the December 19 motion; the December 22 motion attaches an attorney declaration that recounts the relevant procedural

(opposition to Petitioner's motion); Dkt. 83 (opposition to Workers United's request). For the reasons below, the Court denies Petitioner's motion and Workers United and the subpoenaed individuals'[2] request.

## DISCUSSION

Petitioner, Respondent, and Workers United agree that Federal Rule of Appellate Procedure 4 governs the requests before the Court. *See* Dkt. 71, at 2; Dkt. 77, at 1; Dkt. 82, at 6; Dkt. 83, at 6. That rule provides, in relevant part:

> The district court may extend the time to file a notice of appeal if:
>
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A). The "good cause" standard "applies when the need for an extension arises from factors outside the control of the movant," and the "excusable neglect" standard "applies when the need for an extension results from factors within the movant's control." *Alexander v. Saul*, 5 F.4th 139, 142 (2d Cir. 2021). Petitioner, Respondent, and Workers United agree that, here, the Court must determine whether "excusable neglect" exists. *See* Dkt. 71, at 2; Dkt. 77-1, at 2; Dkt. 82, at 9; Dkt. 83, at 9.

---

history. *Compare* Dkt. 72, *with* Dkt. 77. The Court directed Respondent to respond to both motions according to the same schedule. Dkt. 78. All further references and citations to Petitioner's motion are to Dkt. 77.

[2] The Court intends all further references to "Workers United" in this decision and order to include both Workers United and the subpoenaed individuals.

2

The Court therefore must consider the following factors: (1) "the danger of prejudice to the non-movant"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Alexander*, 5 F.4th at 142 (quoting *Pioneer Inv. Servs. Co. v. Brunswick*, 507 U.S. 380, 395 (1993)) (internal quotation marks and alterations omitted). The third factor—the reason for the delay—is "the most important . . . factor," and the Court may "[a]fford[] dispositive weight to that factor." *Id.* at 149 (affirming denial of motion for extension of time to notice appeal where "the first, second, and fourth factors all favored granting [the] motion"). The movant has "[t]he burden of providing excusable neglect." *Id.* at 148.

After considering each of these factors, separately as to Petitioner and Workers United, the Court denies both requests for an extension of time to file a notice of appeal because neither Petitioner nor Workers United established excusable neglect.[3] Both Petitioner and Workers United offer reasons for their failure to timely file a notice of appeal—essentially, that neither knew whether the Court's order was appealable or whether appellate jurisdiction over the order existed. *See* Dkt. 71, at 2 ("[E]xcusable neglect exists because Workers United did not view the orders as subject to interlocutory appeal . . . ."); Dkt. 77-1, at 3 ("Under

---

[3] Because the Court concludes that neither Respondent nor Workers United demonstrated excusable neglect, it does not specifically address whether the motions are timely under Rule 4(a)(5)(A)(i), or whether Workers United is a "party" for purposes of the Rule 4(a)(5)(A).

3

these circumstances, it was unclear whether appellate jurisdiction existed over this Court's order[s]."). Petitioner also states that her interest was not sufficiently concrete or ripe to file a notice of appeal until after the NLRB issued a complaint based on the subpoenas underlying the Court's order. *See* Dkt. 77-1, at 4; Dkt. 85, at 4–5. Considered in the context of this litigation's almost singular focus on discovery since September 7, 2022, and the Court's persistent inquiries about the status of the promised petition for a writ of mandamus to the Second Circuit regarding issues related to discovery and the claimed privilege, these proffered reasons for delay do not establish excusable neglect.

On September 7, 2022, the Court held a status conference to discuss next steps in this matter, given the approaching conclusion of the administrative hearing. *See* Dkt. 36; Dkt. 38. The Court set deadlines for, among other things, Respondent to serve subpoenas, and for any motions to quash those subpoenas. *See* Dkt. 38. The same day, the Court issued an order memorializing those deadlines. *See* Dkt. 39.

On September 16, 2022, the subpoenaed individuals, Workers United, and Petitioner moved to quash the subpoenas. *See* Dkt. 42; Dkt. 43; Dkt. 44. Each motion argued that the subpoenas requested privileged or otherwise protected material, including material protected by "an employee-union representative privilege," a privilege afforded by the NLRA, attorney-client privilege, work-product protection, and a deliberative process privilege. Dkt. 42, at 4–6; Dkt. 43, at 4–5; Dkt. 44, at 13–14, 24–25.

4

On September 23, 2022, the Court heard argument on the motions to quash, granted in part and denied in part the motions to quash, and scheduled a hearing for mid-November, 2022 on Petitioner's Section 10(j) petition. Dkt. 48; Dkt. 51. The same day, the Court issued an order memorializing its decision on the motions to quash—rejecting movants' blanket privilege arguments and allowing certain avenues of document discovery—and setting deadlines for document production. Dkt. 49. As to privilege, specifically, the Court stated:

> Petitioner and Workers United objected to the subpoenas on privilege/protected matter grounds, arguing that the subpoenas requested documents protected by a union-employee privilege, the National Labor Relations Act ("NLRA"), the attorney-client privilege, the work-product doctrine, and the deliberative process privilege. The Court rejected the motions on privilege grounds, as raised in the motions—*i.e.*, the blanket claims of privilege to entire topics. *See Hernandez v. Office of the Comm'r of Baseball*, 331 F.R.D. 474, 477 (S.D.N.Y. 2019) (union-employee privilege); *United States v. Electro-Voice, Inc.*, 879 F. Supp. 919, 923–24 (N.D. Ind. 1995) (attorney-client privilege, work-product protection, and deliberative process privilege); *D'Amico v. Cox Creek Refin. Co.*, 126 F.R.D. 501, 506 (D. Md. 1989) (NLRA protection). *Cf. N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 216, 239–40 (1978) (analyzing NLRA protection in context of pre-administrative hearing FOIA request).
>
> If anyone in the possession of responsive documents objects, in good faith, to the production of *specific documents* on a *specific, articulable privilege* ground—other than the union-employee-privilege—they may do so following the proper procedure, including providing a particularized privilege log.

*Id.* at 2–3 (footnote omitted).

On October 7, 2022, Workers United moved the Court to (1) reconsider its discovery order, or (2) certify the question of "whether the information that the discovery order requires [Workers United] to submit to [Respondent] is protected

under the law," to facilitate an interlocutory appeal by Workers United. *See* Dkt. 53, at 1. Petitioner responded in support of Workers United's motion for reconsideration, for the reasons stated in her motion to quash the subpoenas (Dkt. 44), but took no position on Workers United's certification request or the unfair labor practice charge Workers United filed based on Respondent's subpoenas. *See* Dkt. 55. On October 12, 2022, the Court denied Workers United's motion for reconsideration and for certification—again addressing the argument that the discovery sought is protected by the NLRA. Dkt. 53, at 2–4.

On October 20, 2022, Respondent moved for sanctions, including to hold Workers United and the subpoenaed individuals in contempt, because Respondent had not received any documents by the October 14 deadline. *See* Dkt. 59-1. Workers United responded in opposition on October 25, 2022, stating: "All the documents the Court's discovery order, dated September 23, 2022 . . . requires production of [are] protected." Dkt. 61, at 1. Specifically, Workers United argued that the subpoenas sought "extensive information about protected concerted activity," which the NLRA protects, and sought material "protected by an employee-union representative privilege." *Id.* at 3, 6. Workers United also stated its position that "discovery requests by an employer violate the NLRA when they seek protected concerted activity under the law, rendering the requests themselves violations of the law," noting that it had filed unfair labor practice charges against Respondent based on the subpoenas, and that similar charges were pending in other jurisdictions. *Id.* at 4. Petitioner did not oppose the motion for sanctions.

6

On October 27, 2022, the Court held oral argument on Respondent's motion for sanctions. Dkt. 64; Dkt. 65. The Court asked counsel for Workers United whether he had filed his intended petition for a writ of mandamus regarding the privilege issue, and counsel responded: "No, Your Honor. We are still preparing it, but we are working as quickly as we can." Dkt. 65, at 4. Then, the Court discussed the scope of the privilege that Workers United claimed over the documents:

> THE COURT: [Counsel], is it your position, or is it your client's position, that every single document that I ordered to be produced October 14th -- every single one of them is covered by one of those privileges that you are arguing?
>
> [COUNSEL]: Either a privilege or legal protection.
>
> THE COURT: What legal protection?
>
> [COUNSEL]: The legal protection under the National Labor Relations Act.
>
> THE COURT: So there's not a single document that you were able to find that is subject to production?
>
> [COUNSEL]: Your Honor, even if we could have reviewed every document that is captured by all of the subpoenas in three weeks -- which of course we couldn't have -- yeah, I think it's safe to say that every document that is responsive to the various requests, I think there are 12, depending on how you break it out, is protected under the National Labor Relations Act and/or a union employee privilege.

*Id.* at 4–5. Counsel then stated: "that's the issue [the subpoenaed individuals are] trying to take to the Second Circuit." *Id.* at 5.

The Court further pressed counsel on the timing of the petition for a writ of mandamus, and discussed how to continue with this proceeding in the meantime. *See id.* at 5–10. When the Court asked Petitioner's counsel about holding this

proceeding in abeyance until the Second Circuit resolves the issue, counsel responded: "Asking the Union to reveal what is essentially Section 7 activity, which respondent has now been prosecuted for surveilling and unlawfully seeking in other avenues, isn't appropriate . . . ." *Id.* at 12. The Court then held this proceeding in abeyance and told counsel to "give [the Court] a status report when the Second Circuit determines th[e] mandamus petition." *Id.* at 14.

After hearing nothing about the status of the mandamus petition for several weeks, on November 15, 2022, the Court ordered counsel to submit status reports by November 22, 2022. *See* Dkt. 66. Counsel for Workers United responded that he had not yet submitted the petition to the Second Circuit but "intend[ed] to file the petition in the week of November 28, 2022." Dkt. 67. Counsel for Petitioner stated that Petitioner was investigating an unfair labor practice charge regarding Respondent's subpoenas. *See* Dkt. 68.

On December 12, 2022, after receiving no further update, the Court again ordered counsel to submit status reports—this time by December 19, 2022. *See* Dkt. 70. Counsel for Workers United responded that, on December 15, 2022, the NLRB issued a complaint regarding Respondent's subpoenas. *See* Dkt. 71. Counsel for Petitioner provided a similar update, and also moved for an extension of time to file a notice of appeal, on December 19, 2022. *See* Dkt. 72; Dkt. 73. Counsel for Workers United ultimately filed the petition for a writ of mandamus with the Second Circuit on December 27, 2022. *See* Dkt. 81.

In sum, since September 7, 2022, issues related to the subpoenaed information—in particular, whether any privilege or other legal protection applies to the subpoenaed documents—have been a consistent topic of discussion, both in written submissions and court proceedings. And the Court repeatedly inquired about the status of the issue before the Second Circuit, in an effort to minimize the delay that any appellate intervention would have on the progress of this proceeding. With Petitioner and Workers United on notice of, and actively engaged with, the issue for more than three months, the Court cannot conclude that either established excusable neglect to justify relief under Rule 4(a)(5)(A). The Court therefore denies both requests.

## CONCLUSION

For these reasons, the Court denies Petitioner's motion for an extension of time to file a notice of appeal (Dkt. 72; Dkt. 77) and denies the request by Workers United for an extension of time to file a notice of appeal (Dkt. 67).

SO ORDERED.

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

Dated:   January 6, 2023
         Buffalo, New York