IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA M. LESLIE, Regional Director of Region 3 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>       Petitioner,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>       Respondent. | No. 1:22-cv-00478-JLS |

**REPLY IN SUPPORT OF RENEWED MOTION TO QUASH SUBPOENAS, MOTION FOR RECONSIDERATION OR RELIEF UNDER RULE 60, OR ALTERNATIVELY, TO CERTIFY QUESTION FOR APPEAL PURSUANT TO 28 U.S.C. 1292(b)**

Petitioner, by her counsel, submits this reply to Respondent Starbucks Corporation's Opposition [ECF No. 87] to Petitioner's renewed motion to quash Respondent's subpoenas [ECF No. 79].

1. Initially, Starbucks has misconstrued the Petitioner's position regarding discovery, by contending that Petitioner has argued that discovery is never appropriate in a Section 10(j) proceeding. ECF No. 87, pp. 6-7.[1] This is

---

[1] References are to the printed page numbers.

1

incorrect. Petitioner has acknowledged that limited discovery may be available as a general matter in Section 10(j) proceedings, but consistently argued in this case that even such limited discovery is inappropriate here. ECF Nos. 2, 3, 23. Petitioner noted in its initial motion to quash that subpoenas issued to employees in this case were inherently coercive. ECF No. 44, pp. 7-8. Petitioner's position has been that given the extensive administrative record that would be submitted in this Section 10(j) case and the full opportunity of Starbucks to question the employee witnesses during the administrative proceeding, including on the issue of whether injunctive relief is "just and proper," discovery would be duplicative, excessive, and unnecessary. ECF Nos. 23, 26, 34.

2. In this regard, Starbucks erroneously contends that Petitioner cited to *Int'l Union, U.A.W. v. Garner*, 102 F.R.D. 108, 114 (M.D. Tenn. 1984), for the proposition that "discovery should be disallowed because it would violate the Act." ECF No. 87, pp. 19, 20. But Petitioner is not claiming that the sought discovery definitely would violate the Act; rather, Petitioner contends that this Court must consider the coercive potential of that discovery under Federal Rule of Civil Procedure 45. Here, Starbucks seeks to compel information that would reveal organizing plans, union sympathies and affiliations of employees, and locations at which organizing is nascent. *Garner*'s recognition that "compulsory disclosure of organizational ties can constitute a significant encroachment on freedom of association," supports Petitioner's call for the proper balancing of Section 7 interests in deciding discovery disputes.

3. Although Starbucks relies on *D'Amico v. Cox Creek Ref. Co.*, 126 F.R.D. 501 (D. Md. 1989), another Section 10(j) case, to support its subpoena requests here, that case in fact supports Petitioner's position. In that case, it does not appear that Cox Creek even sought to subpoena employees, as Starbucks has done here. Instead, because the court recognized the potential for coercion whenever employers question employees, the District of Maryland ordered protections mirroring the employer assurances required under NLRA law (*Johnnie's Poultry Co.*, 146 NLRB 770 (1964)). *Cox Creek Ref. Co.*, 126 F.R.D. at 507. Thus, the Respondent in *Cox Creek* was required to tell the employees prior to the interview that: participation in the interview is voluntary; they may refuse to answer any or all questions; and no action affecting job status, either in the form of a benefit such as a promotion or reinstatement, or in the form of a reprisal, such as discharge, will be taken against them based on refusal to answer questions or on the contents of any answers given. *Id*. Those protections required by the District of Maryland for non-compulsory witness interviews are a far cry from the facts here, in which the coercive power of this Court (including its contempt power) has been enlisted to compel the disclosure of Section 7 protected information from individual employees. Moreover, the district court recognized the protections afforded to employees under the Act. That is the same as what we are asking the Court here to do.

4. Starbucks argues that no deference should be afforded to the NLRB General Counsel's determination that an administrative complaint is warranted alleging that the subpoenas at issue here violate the NLRA. It even suggests that

this determination was a fait accompli. ECF No. 87, p. 8. But "before the General Counsel issues a complaint, [she] conducts an investigation in order to ascertain, analyze, and apply the relevant facts. According to the Board's regulations, a complaint will issue only if 'the charge appears to have merit.' 'If investigation reveals that there has been no violation of the Act or evidence is insufficient to substantiate the charge,' no complaint will issue." *Davis Supermarkets v. NLRB*, 2 F.3d 1162, 1179 (D.C. Cir. 1993) (cleaned up). Accordingly, Starbucks "cannot credibly contend that a claim that makes it through this gauntlet" does not implicate NLRA rights. *Id.*

5.  Starbucks argues that the Court did not hold that Petitioner lacked standing to challenge Starbucks' subpoenas. ECF No. 87 at pp. 8-9. (Which is ironic, because in its opposition to the Petitioner's initial motion to quash the subpoenas, Respondent argued vehemently that Petitioner does not have such standing. *See* ECF No. 45 at p. 3.) And while the Court may have entertained Petitioner's oral arguments relating to the subpoenas' burden and relevance, it is the Court's written order that set forth its rulings as a matter of law. And that order found that the Petitioner's standing was limited to its own privileges and burdens on the case. *See* ECF No. 49, p. 2.

6.  Starbucks invokes the liberal standard usually employed by courts in discovery, ignoring that the scope of the Court's inquiry in this action is limited by the fact that only preliminary injunctive relief is requested. In such cases, discovery should be targeted and supported by good cause. *R.R. Donnelley & Sons Co. v.*

*Marino,* 505 F. Supp. 3d 194, 210 (W.D.N.Y. 2020) (permitting only limited discovery relevant to motion for preliminary injunction). Moreover, a court may disallow discovery that, while possibly relevant, is unduly burdensome, or interposed for improper purposes such as harassment or delay. *See Miscellaneous Docket Matter 1 v. Miscellaneous Docket Matter 2,* 197 F.3d 922, 925-26 (8th Cir. 1999) (finding that "even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information" and further noting that "in balancing competing interests under Rule 26 "a factor to consider is whether the information is being sought for . . . an improper purpose").

      Here, the subpoenaed information is cumulative and appears to include an effort to impose burdens on employees and obtain intelligence to further Starbucks' opposition to union organizing rather than its defenses in this proceeding.[2] Given the allegations against Starbucks set out in the petition that initiated the instant

---

[2] Starbucks cites to an overstatement in the Board's motion – that Starbucks issued subpoenas to every witness who testified in the administrative proceeding – as the only basis for Petitioner's allegation that the subpoenas had an improper purpose. ECF No. 87, p. 23. Rather, Starbucks issued subpoenas to witnesses who had testified as to "just and proper" evidence and who were already cross-examined by Starbucks. Seeking such duplicative evidence is nonetheless unduly burdensome under Rule 26, and thus evidence of an improper purpose. Moreover, Petitioner additionally relied on the ineffective savings provision in Paragraph 26 of the subpoenas, combined with their content, as showing an improper purpose. ECF 79-1, p. 20.

case, the danger of such actions cannot be gainsaid; particular care is required in balancing the competing interests at issue here.

7. Although Starbucks asserts that Petitioner failed to propose a protective order, ECF No. 87, p. 14, Petitioner did seek a protective order as an alternative to its initial motion to quash the subpoenas. *See* ECF No. 44. Given this Court's almost wholesale denial of the motion to quash, it is clear that proposing a protective order would have been futile.

8. Starbucks appears to argue that the Petitioner's motion conflicts with the Federal Rules, *see* ECF No. 87 at p. 7. But Petitioner has explained [ECF No. 79-1, pp. 8-9, 19] that the Federal Rules recognize, particularly with respect to nonparty subpoenas, that invasion of a confidentiality interest created under some other provision of law is a burden cognizable under discovery rules. *See, e.g., Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 184 (4th Cir. 2019). Moreover, it is appropriate to balance the needs of discovery with other rights and interests, including the public interest in enforcing the law and protecting vulnerable workers. *See Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 563-64 (5th Cir. 2016). The NLRB's policy under *Guess?* and its progeny is therefore fully compatible with the role of the courts in discovery.

9. Starbucks attempts to conjure a false conflict between the truth-seeking function of discovery and NLRA rights, and argues that in any civil discovery issue implicating Section 7, the court would have to wait for the Board to resolve the issue. *See* ECF No. 87, pp. 13-14, n.8. But that is not what Petitioner

argues here. Instead, Petitioner is asking this Court to consider NLRA confidentiality interests, just as courts consider other types of commercial and personal privacy interests. Such consideration is particularly appropriate in the instant litigation, which was brought in order to further employee rights granted by the NLRA.

Moreover, Starbucks incorrectly insists that no federal court has applied *Guess*?. ECF No. 87 at p. 12. But in *Lucas v. Gold Standard Baking, Inc.*, No. 13 CV 1524, 2017 WL 1436864, at *2-4 (N.D. Ill. Apr. 24, 2017), the Northern District of Illinois applied *Guess?* in a Title VII case, and ultimately ruled that the balance weighed in favor of disclosure. Similarly, in *Aldapa v. Fowler Packing Co.*, No. 15-cv-00420, 2016 WL 8738176, at *2 (E.D. Cal. Mar. 18, 2016), the Eastern District of California applied the *Guess?* factors and found employees' confidentiality interests outweighed by defendants' need for the information. Here, this Court should also apply *Guess?* in rendering decisions about this sensitive information; the present circumstances indicate that the subpoenas should be quashed.

10. Starbucks offers no response to Petitioner's observation that the Court did not appear to consider the higher standard applicable to nonparty subpoena recipients in its analysis. Instead, Starbucks attempts to distract from the fact that the subpoenaed employees are not parties to this proceeding, by noting that they are now represented by counsel for Workers United and prior to their actual representation, were functionally represented by that counsel. ECF No. 87 at pp. 19-20. But it is their status as nonparties, whether represented or not, that requires

this Court to consider whether these subpoenas impose an undue burden. Fed R. Civ. P. 45(d).

11. This Court should revisit its prior orders regarding the subpoenas, because it did not address important authorities (including *Guess?*), and instead focused on the absence of a wholly distinct evidentiary "union-employee privilege." ECF No. 49, pp. 2-3.

For the forgoing reasons, and those urged in support of Petitioner's motion, the Court should grant the requested relief or alternatively issue an order certifying an appeal pursuant to 28 U.S.C. 1292(b).

                Respectfully Submitted,

                Linda M. Leslie, Regional Director
                National Labor Relations Board – Region 3
                Niagara Center Building
                130 S. Elmwood Avenue—Suite 630
                Buffalo, NY 14202-2465

                By:
                /s/ Caroline V. Wolkoff
                COUNSEL FOR PETITIONER
                National Labor Relations Board – Region 3
                Leo O'Brien Federal Building
                11A Clinton Ave. – Room 342
                Albany, NY 12207
                E-mail: caroline.wolkoff@nlrb.gov
                New York Attorney Registration No. 4893434

Dated: January 20, 2023