UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



LINDA M. LESLIE, Regional
Director of the Third Region of
the National Labor Relations
Board for and on behalf of the
National Labor Relations Board,

                          Petitioner,

v.

                                                           22-CV-478 (JLS)

STARBUCKS CORPORATION,

                          Respondent.

## ORDER

Petitioner Linda M. Leslie moved, alternatively, (1) to quash subpoenas, (2) for reconsideration or relief under Federal Rule of Civil Procedure 60,[1] or (3) to certify a question for appeal under 28 U.S.C. § 1292(b).[2] Dkt. 79. Respondent Starbucks Corporation opposed Petitioner's motion in all respects (Dkt. 87), and Petitioner replied (Dkt. 88).

---

[1] *See Smith v. CVS Albany, LLC*, No. 20-4000, 2022 WL 3022526, at *1 (2d Cir. Aug. 1, 2022) (motions for reconsideration present "extraordinary requests[s]," and the "standard for . . . grant[ing] such a motion is strict") (internal citations, quotation marks, and alterations omitted); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (motions for reconsideration typically denied "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court").

[2] *See Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992) (Second Circuit "urged . . . district courts to exercise great care in making a § 1292(b) certification").

Underlying Petitioner's motion are the document subpoenas Respondent served in September 2022, and that the parties and subpoenaed individuals have been litigating since. This Court already has carefully balanced—both explicitly and implicitly—all of the competing fairness and confidentiality concerns Petitioner and Respondent raise here. *See* Dkt. 49 (order memorializing decision on motions to quash); Dkt. 51 (transcript of argument and bench decision on motions to quash); Dkt. 57 (decision and order denying Workers United's motion for reconsideration or to certify a question for appeal); *see also* Dkt. 53 (Workers United's motion for reconsideration or to certify a question for appeal). Even balancing these competing concerns anew based on the parties' current papers and cited authority, the Court denies Petitioner's motion. Moreover, a contrary result would shield from disclosure, for example, communications that may directly bear on the Section 10(j) merits issues, such as a chilling effect arising from a person, entity, or source other than Respondent. The law does not justify non-disclosure of such information.

Nor does Petitioner's motion raise "a controlling question of law as to which there is substantial ground for difference of opinion" to warrant certification under Section 1292(b). 28 U.S.C. § 1292(b); *see, e.g.*, *Kinzer v. Whole Foods Mkt., Inc.*, No. 20-cv-11358-ADB, 2022 WL 119109, at *2 (D. Mass. Jan. 12, 2022) (collecting cases), *appeal docketed*, No. 22-1064 (1st Cir. Jan. 25, 2022).

For these reasons, the Court denies Petitioner's motion (Dkt. 79), in its entirety.

SO ORDERED.

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

Dated:	January 25, 2023
	Buffalo, New York