UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

**LINDA M. LESLIE, Regional Director of the
Third Region of the National Labor Relations Board,
for and on behalf of the
NATIONAL LABOR RELATIONS BOARD**

           **Petitioner**
    vs.                                                 Civil Action 1:22-cv-000478 (JLS)

**STARBUCKS CORPORATION,**

           **Respondent**

### PETITIONER'S STATUS REPORT AND MOTION TO SUPPLEMENT THE RECORD WITH THE ADMINISTRATIVE LAW JUDGE'S DECISION

On October 27, 2022, the Court held the Petition in abeyance pending the outcome of Workers United's mandamus petition. (ECF No. 64.) On February 14, 2023, the Second Circuit consolidated the Union's mandamus petition and the Petitioner's All Writs Act petition. (Exhibit A.) Since that time, there has been no update on the petitions in the Second Circuit.

On March 1, 2023, Administrative Law Judge Michael A. Rosas issued his Decision and Recommended Order in Board Cases, 03-CA-285671 et al., the administrative case underlying this injunction proceeding. (Exhibit B.) Petitioner moves for the admission of Judge Rosas' decision into the record before this Court.

    I.      **SUMMARY OF DECISION**

In the attached decision, Judge Rosas found that Respondent interfered with, restrained and coerced employees in the exercise of their rights under the National Labor Relations Act by committing hundreds of violations of Section 8(a)(1), (3), (4), and (5) of the Act. Most significant to the case before this Court are Judge Rosas' findings that Respondent's serious and pervasive

unfair labor practices tainted the election at the Camp Road store warranting a bargaining Order under *Gissel*. *NLRB v. Gissel Packing Co.*, 395 U.S. 575, 617 (1969). Also significant to the petition before this Court is Judge Rosas' finding that all six terminations – including that of Cassie Fleischer, Daniel Rojas Jr., Minwoo Park, Brian Nuzzo, Nathan Tarnowski, and Angel Krempa – violated the Act. Similarly, Judge Rosas found that the constructive discharge of Kellen Higgins also violated the Act. Among other serious violations of the Act, Judge Rosas also found that Respondent unlawfully closed its Galleria kiosk.

Judge Rosas' decision, however, further determined that the following allegations in the petition were lawful. Accordingly, injunctive relief is no longer being sought as to those complaint allegations and the following paragraphs of the Petition for Injunction (ECF No. 1) are being withdrawn: paragraph 7(b)(v), 7(c)(i), 7(c)(ii), 7(c)(iii), 7(d)(ii), 7(j)(i), 7(j)(iii), 7(l), 8(b), 8(c), 9(h), 10(i), 10(l), 10(m), 10(o), 11(b)(iv), 11(d)(ii), 11(h), 12(f), 13(d), 13(h), 14(b), and 14(f)(ii).

## II.     ARGUMENT

As noted in the Memorandum in Support of the Petition for Injunction (ECF No. 1-2) the role of the district court in a Section 10(j) proceeding is to determine whether there is a likelihood of success on the merits in the administrative proceeding as well as the equitable necessity for interim injunctive relief. *Sharp v. Parents in Community Action, Inc.*, 172 F.3d 1034, 1038-39 (8th Cir. 1999); *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 112-13 (8th Cir. 1981) (en banc). Supplementing the record in this case with the ALJ decision will permit the Court a more complete picture of both elements of proof which are pertinent to the instant proceeding.  Courts have repeatedly found that favorable ALJ decisions bolster the Board's case that there is reasonable cause to believe that the Act has been violated. See, e.g., *Bloedorn v. Francisco Foods, Inc., d/b/a Piggly Wiggly*, 276 F.3d 270, 288 (7th Cir. 2001); *Silverman v. JRL Food Corp.*, 196 F.3d 334,

335-37 (2d Cir. 1999); *Rivera-Vega v. ConAgra, Inc.*, 70 F.3d 153, 157 n.3, 161 (1st Cir. 1995); *Seeler v. Trading Port, Inc.*, 517 F.2d 33, 37, n.7 (2d Cir. 1975). Thus, any concerns the Court may have had about the reasonable cause prong now cuts strongly in favor of issuing the injunction.

Despite Judge Rosas' largely favorable decision, a prompt ruling on Petitioner's request for injunctive relief is still imperative because an ALJ's ruling has no final force or effect until acted on by the Board. *See, e.g.*, *Schaub v. West Michigan Plumbing & Heating, Inc.*, 250 F.3d 962, 968 (6th Cir. 2001); *Sharp v. Webco Indus., Inc.*, 225 F.3d 1130, 1136 (10th Cir. 2000). Thus, Judge Rosas' decision does not place Respondent under any judicial restraint, nor does it compel on its own, Respondent to take any immediate action to remedy the unfair labor practices. Absent prompt injunctive relief, a final Board order could be rendered meaningless, and the harm done to employees' statutory rights will be irreparable. This outcome is precisely what Section 10(j) was enacted to prevent.

In accordance with Section 102.46 of the Board's Rules and Regulations, Respondent has 28 days to appeal ALJ Rosas' decision to the Board, in which case Petitioner has the right to file an answering brief and Respondent could then file a reply brief. Extensions of time to these appeals have already been granted. Considering the numerous stages remaining in the administrative proceeding, it is likely that it will take some time for the Board to review the record, the Judge's decision, and any briefs filed by the parties before a decision will be issued by the Board in this matter.  Petitioner anticipates that this process will require many more months of litigation, during which Respondent will continue to reap the benefits of its unlawful conduct unless injunctive relief is granted by this Court.

### III. CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court supplement the record with Judge Rosas' Decision and Recommended Order

Respectfully submitted this 5th day of April 2023.

               /s/_____
               COUNSEL FOR PETITIONER
               Caroline V. Wolkoff
               National Labor Relations Board
               Region 03
               Leo O'Brien Federal Building
               11A Clinton Avenue – Room 342
               Albany, New York 12207-2350

Cc: Ian Hayes, Esq., via ECF and electronic mail
   Michael Dolce, Esq., ECF and electronic mail
   Adam Tuzzo, Esq., via ECF and electronic mail
   Jacqueline Phipps Polito, Esq., via ECF and electronic mail
   Jonathan O. Levine, Esq., via ECF and electronic mail
   David A. Kadela, Esq., via ECF and electronic mail
   Jeffrey S. Hiller, Esq., via ECF and electronic mail
   Brittany L. Stepp, Esq., via ECF and electronic mail