IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA M. LESLIE, Regional Director of the Third Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>    **Petitioner,**<br><br>  v.<br><br>**STARBUCKS CORPORATION,**<br><br>    **Respondent.** | Case No. 1:22-cv-00478-JLS |

## STARBUCKS CORPORATION'S COUNTERCLAIM AGAINST THE NATIONAL LABOR RELATIONS BOARD, ITS GENERAL COUNSEL JENNIFER ABRUZZO, AND ITS REGIONAL DIRECTOR LINDA M. LESLIE

**INTRODUCTION**

1. In this Counterclaim, Starbucks Corporation seeks an order from the Court declaring unlawful and enjoining actions taken by the National Labor Relations Board ("NLRB"), through its General Counsel, Jennifer Abruzzo ("Abruzzo"), acting in her capacity as General Counsel, and its Regional Director of Region 3, Linda M. Leslie ("Leslie"), acting in her capacity as Regional Director, that deprive and interfere with the rights of Starbucks under the First and Fifth Amendments of the United States Constitution.

2. Starbucks is constrained to take the unusual step of bringing this Counterclaim against the NLRB based upon Abruzzo's and Leslie's contravention of the Court's discovery orders in this case and concomitant, unconstitutional and inappropriate abuse of the NLRB's prosecutorial power in a parallel agency unfair labor practice case alleging document subpoenas authorized by the Court that Starbucks issued in this case to be unlawful. When Starbucks sought to defend itself by seeking permissible discovery under the Federal Rules of Civil Procedure after Petitioner brought this case, Abruzzo and Leslie, in their roles as NLRB prosecutors, refused and

they continue to refuse to allow that to happen by, among other things, disregarding unambiguous orders of this Court. Worse, in an effort to preclude or dissuade Starbucks from, or punish it for, pursuing in this case discovery to which it is entitled under the Federal Rules of Civil Procedure, Abruzzo and Leslie have abused their power as NLRB prosecutors by first authorizing and issuing, and then prosecuting a complaint in the agency unfair labor practice case declaring the discovery authorized by the Court to be unlawful. Their blatant disregard for the authority of this Court, and abuse of their prosecutorial discretion is unconstitutional and otherwise unlawful and must be stopped.

3. This case presents a novel set of facts and issues raised by the actions of Abruzzo and Leslie to attempt to nullify, interfere with, and invalidate the Court's discovery orders, and usurp the Court's exclusive jurisdiction over Section 10(j) proceedings, and to otherwise chill, interfere with, and deprive Starbucks of its rights under the United States Constitution and other federal laws.

4. On June 21, 2022, Leslie, for and on behalf of the NLRB, with the authorization of Abruzzo, to whom she reports, filed the Petition in this case, seeking interim injunctive relief, including sweeping national remedies, under Section 10(j) of the National Labor Relations Act ("NLRA") ("Section 10(j)"), 29 U.S.C. § 160(j), in connection with unfair labor practice charges pending before the NLRB. (Dkt. 1).

5. On June 27, 2022, over the NLRB's objections, the Court granted limited discovery, which included depositions and document subpoenas. (Dkt. 20).

6. On June 30, 2022, the Court stayed this case until at least such time that the case-in-chief of the General Counsel was completed in the underlying unfair labor practice proceeding. (Dkt. 29).

7. On September 7, 2022, the Court lifted the stay and permitted Starbucks to issue document subpoenas. Pursuant to the Court's order, Starbucks issued document subpoenas to 22 individuals (the "subpoenaed non-parties") seeking documents relevant to the NLRB's claim that interim relief, including the sweeping national remedies, is "just and proper" under Section 10(j). (Dkt. 39).

8. On September 14, 2022, Starbucks filed its Answer in this case. (Dkt. 40).

9. On September 16, 2022, the subpoenaed non-parties and Petitioner moved the Court to quash Starbucks's document subpoenas. (Dkt. 42, 44).

10. On September 23, 2022, the Court granted in part and denied in part the motions to quash the subpoenas, and set a deadline of October 14, 2022, for the subpoenaed non-parties to produce documents. None of the document requests were quashed on the basis of relevance or privilege. (Dkt. 51).

11. On October 7, 2022, the subpoenaed non-parties filed a motion for reconsideration, which the Court denied on October 12, 2022. (Dkt. 53, 57).

12. On October 14, 2022, the Court's deadline for the subpoenaed non-parties to produce documents passed without a single document being produced or response of any kind.

13. On October 20, 2022, Starbucks filed its notice of motion pursuant to Fed. R. Civ. P. 45(g) for contempt and imposition of sanctions. (Dkt. 59, 60).

14. During oral argument on October 27, 2022, the subpoenaed non-parties informed the Court of their intention to file a writ of mandamus with the Court of Appeals for the Second Circuit. (Dkt. 64, 65).

15. On December 15, 2022, Abruzzo and Leslie issued a complaint against Starbucks in NLRB Case 03-CA-304675 (the "*Guess?* Complaint"), alleging that Starbucks's relevant

document subpoenas in this case violated Sections 8(a)(1) and (4) of the NLRA, 29 U.S.C. §§ 158(a)(1), (4). (Ex. A).

16. Abruzzo and Leslie, by authorizing, issuing, and prosecuting the *Guess?* Complaint, and seeking the application of *Guess?, Inc.*, 339 NLRB 432 (2003) ("*Guess?, Inc.*") in that case, while acting as the Petitioner in this case, have impermissibly interfered with Starbucks's rights of free speech, due process, and access to the courts in a manner that interferes with this Court's discovery orders and enforcement of those orders. Their interference with and violation of Starbucks's constitutional rights and the Court's exclusive jurisdiction over this case is ongoing.

17. Abruzzo and Leslie took and have continued to pursue these actions, even though Starbucks was acting with the explicit authority of the Court, and pursuant to the Federal Rules of Civil Procedure, when it issued the document subpoenas.

18. On December 22, 2022, the NLRB filed in this case a motion to quash the subpoenas, and a motion for reconsideration or relief under Fed. R. Civ. P. 60, or alternatively, to certify question for appeal pursuant to 28 U.S.C. § 1292(b). (Dkt. 79).

19. On December 29, 2022, the subpoenaed non-parties filed a petition for a writ of mandamus with the Court of Appeals for the Second Circuit. (Dkt. 81).

20. On January 23, 2023, the NLRB, by Abruzzo as General Counsel, filed with the same court a petition for a writ of injunction seeking to have the Court order Starbucks to withdraw the document subpoenas. (Dkt. 90).

21. On January 25, 2022, the Court denied the NLRB's motion to quash subpoenas, motion for reconsideration or relief under Fed. R. Civ. P. 60, or alternatively, to certify question for appeal pursuant to 28 U.S.C. § 1292(b). (Dkt. 79, 89).

22. On May 9, 2023, the Court of Appeals for the Second Circuit denied the writ petitions of the NLRB and the subpoenaed non-parties. (Dkt. 100).

23. On May 12, 2023, an administrative law judge ("ALJ") of the NLRB issued a recommended decision and order in the *Guess?* Complaint holding that all but two of Starbucks's document subpoena requests violated the NLRA, and ordering Starbucks to, among other things, withdraw its document subpoenas and its motion for contempt and imposition of sanctions in this case, and to reimburse, with interest, the subpoenaed non-parties upon whom the discovery requests were served for all legal and other expenses. (Ex. B).

24. To reach this holding, the ALJ relied upon *Guess?, Inc.*, which imposes a three-part test to ostensibly determine whether discovery in separate proceedings violates the NLRA. (Ex. B).

25. The NLRB, by the ALJ's decision, nullified or has attempted to nullify this Court's discovery orders in holding that the subpoenas request documents that are not relevant to whether Section 10(j) relief is just and proper or that have an unlawful purpose, and/or that Starbucks's need for the documents sought does not outweigh the supposed interference production of the documents would have with employee rights under the NLRA. (Ex. B).

26. In his recommended decision and order, the ALJ explicitly stated his concern over Abruzzo using the *Guess?* Complaint to challenge the Court's discovery orders and to weaken Starbucks's Section 10(j) defense in this case as part of her attempt to obtain an injunction against Starbucks. (Ex. B).

27. The NLRB's construction and application of *Guess?, Inc.*, is unconstitutional.

28. Further, the NLRB's conflicting role as Petitioner in this case and prosecutor of the *Guess?* Complaint, which used the NLRA and *Guess?, Inc.*, to weaken Starbucks's defense in the Section 10(j) case, violates the U.S. Constitution and the separation of powers it imposes.

29. In addition to the instant litigation, the NLRB, by Abruzzo, has issued numerous other *Guess?, Inc.* based administrative complaints against Starbucks and continues to threaten to prosecute Starbucks for issuing document subpoenas seeking relevant, non-privileged information or asking relevant questions of witnesses in both administrative cases and Section 10(j) litigation, chilling Starbucks's protected rights under the U.S. Constitution and undermining its right to defend itself in litigation brought by the NLRB.

30. The foregoing and related conduct has caused irreparable harm to Starbucks, and is likely to continue absent Court intervention.

## JURISDICTION AND VENUE

31. This Court has jurisdiction over this Counterclaim under the First and Fifth Amendments of the United States Constitution, 28 U.S.C. §§ 1331, 2201, and 2202, the Declaratory Judgment Act, the *Noerr-Pennington Doctrine,* Rules 57 and 65 of the Federal Rules of Civil Procedure, and the claims alleged herein arise out of the same nucleus of operative facts as the ongoing litigation in this case.

32. Venue is proper because Region 3 of the NLRB is located in the Western District of New York and because a substantial part of the events giving rise to this Counterclaim occurred in the Western District of New York.

## PARTIES

33. Starbucks is a Washington State corporation with its headquarters located at 2401 Utah Avenue South Seattle, Washington, 98134 and operations throughout the State of New York, including Buffalo, New York.

34. The NLRB is a federal agency with its headquarters in Washington, D.C. and regional offices throughout the United States, including Region 3, located at 130 S. Elmwood Ave., Suite 630, Buffalo, New York, 14202-2465.

35. Jennifer Abruzzo is the General Counsel of the NLRB and based upon information and belief, maintains an office located at 1015 Half St. SE, Washington, D.C. 20003.

36. Linda Leslie is the Regional Director of Region 3 of the National Labor Relations Board and, based upon information and belief, maintains an office at 130 S. Elmwood Ave., Suite 630, Buffalo, New York, 14202-2465.

## COUNT ONE

**THE *GUESS?* COMPLAINT VIOLATES THE FIRST AND FIFTH AMENDMENTS BECAUSE IT INFRINGES ON STARBUCKS'S FREE SPEECH AND PETITION RIGHTS AND DEPRIVES STARBUCKS OF PROPERTY WITHOUT DUE PROCESS FOR TAKING COURT-APPROVED DISCOVERY IN THE 10(J) LITIGATION**

37. Starbucks realleges and incorporates by reference the allegations contained in all preceding paragraphs as though set forth fully herein.

38. Starbucks further incorporates by reference the record in this case.

39. The claims alleged in the *Guess?* Complaint violate Starbucks's rights under the First Amendment of the United States Constitution.

40. The claims alleged in the *Guess?* Complaint violate the First Amendment because the test in *Guess?, Inc.* constitutes a content-based regulation that impermissibly regulates Starbucks's speech based on the viewpoint expressed and the topic of expression.

41. The *Guess?* Complaint violates the First Amendment because the test in *Guess?, Inc.* creates an impermissible prior restraint on Starbucks speech.

42. The *Guess?* Complaint violates the First Amendment because the test in *Guess?, Inc.* infringes on Starbucks free speech rights when Starbucks attempts to defend itself in Section 10(j) litigation brought against it by the NLRB and whenever the NLRB disagrees with the speech, even when issuing subpoena requests or asking questions that are relevant and authorized by a federal court with exclusive jurisdiction over the Section 10(j) litigation and deemed permissible by the court under the Federal Rules of Civil Procedure.

43. The *Guess?* Complaint violates the First Amendment because it relies on and uses the NLRB's impermissibly vague *Guess?, Inc.* test, which requires Starbucks and other employers to guess at its meaning.

44. The *Guess?* Complaint violates the First Amendment because the *Guess?, Inc.* test impermissibly infringes on Starbucks's right to petition the government, including by requiring Starbucks to request permission from the General Counsel of the NLRB before issuing subpoena requests that were already authorized by a federal court with exclusive jurisdiction over the Section 10(j) litigation and deemed permissible by the court under the Federal Rules of Civil Procedure.

45. The *Guess?* Complaint violates the Fifth Amendment of the United States Constitution.

46. The *Guess?* Complaint violates the Fifth Amendment because it relies on and uses the NLRB's impermissibly vague *Guess?, Inc.* standard, which requires Starbucks and other employers to guess at the standard's meaning and as to what behavior is permitted or prohibited, under penalty of heavy sanctions for guessing incorrectly, as ordered by the NLRB's administrative law judge in his decision on the *Guess?* Complaint.

47. The *Guess?* Complaint violates the First and Fifth Amendments because it unfairly uses a federal agency's authority to attempt to control the scope and content of a litigation opponent's discovery and permissible witness questions, under threat of heavy sanctions if the agency disagrees with such discovery or witness questions, even when such discovery or questions are already authorized by a federal court with exclusive jurisdiction over the Section 10(j) litigation and deemed permissible by the court under the Federal Rules of Civil Procedure.

48. The *Guess?* Complaint is an *ultra vires* action that exceeds the NLRB's statutory authority and unconstitutionally interferes with the Court's exclusive jurisdiction and Starbucks's ability to defend itself, including by issuing subpoenas and asking questions of witnesses, in ongoing Section 10(j) litigation brought by the NLRB as Petitioner.

## COUNT TWO

### *GUESS?* VIOLATES THE FIRST AND FIFTH AMENDMENTS BECAUSE IT INFRINGES ON AND CHILLS STARBUCKS'S FREE SPEECH AND PETITION RIGHTS AND DEPRIVES STARBUCKS OF DUE PROCESS IN A BROAD SWATH OF THE NLRB'S EXERCISE OF AUTHORITY

49. Starbucks realleges and incorporates by reference the allegations contained in all preceding paragraphs as though set forth fully herein.

50. *Guess? Inc.* is used by the NLRB in a broad swath of its work, in unfair labor practice litigation before the NLRB, in state court litigation, and now, for the first time, in litigation in federal courts under Section 10(j), to deprive Starbucks of its constitutional rights under the First and Fifth Amendments.

51. *Guess? Inc.* is unconstitutionally vague and standardless under the First and Fifth Amendments because a reasonable employer cannot know what speech is prohibited or permitted.

52. *Guess? Inc.* is an impermissible content-based regulation of employer speech.

53.     *Guess? Inc.* violates the First Amendment because it impermissibly infringes on Starbucks's right to petition the government, including by requiring Starbucks to request permission from the General Counsel of the NLRB before issuing subpoena requests.

## REQUEST FOR RELIEF

WHEREFORE, Starbucks respectfully requests that this Court:

A.      Issue a preliminary injunction, later to be made a permanent injunction, against the NLRB, General Counsel Abruzzo, and Regional Director Leslie:

(1) enjoining them from continuing to process the *Guess?* Complaint;

(2) enjoining them from using and threatening to use *Guess?, Inc.* against Starbucks; and

(3) nullifying the ALJ's Order to withdraw the subpoenas and motion for contempt and motion for sanctions, and/or nullifying the ALJ's Order to reimburse, with interest, the subpoenaed non-parties upon whom the discovery requests were served for all legal and other expenses.

B.      Declare under Claims One and Two that the NLRB, General Counsel Abruzzo, and Regional Director Leslie's pursuit of the *Guess?* Complaint violates the First and Fifth Amendments to the United States Constitution.

C.      Award Starbucks the costs and reasonable attorneys' fees it incurred in litigating this Counterclaim, the *Guess?* Complaint, and matters related to Starbucks's document subpoenas since the Court's ruling on September 23, 2022, on Petitioner's initial motion to quash the subpoenas.

D.      Grant Starbucks such further relief that the Court deems just, proper, and equitable.

Dated: June 16, 2023

/s/ David A. Kadela
David A. Kadela (*Pro Hac Vice*)
Jeffrey S. Hiller (*Pro Hac Vice*)
LITTLER MENDELSON, P.C.
41 South High Street, Suite 3250
Columbus, OH 43215
Tel: 614-463-4201
Fax: 614-573-7475
Email: dkadela@littler.com
          jhiller@littler.com

Jonathan Levine (*Pro Hac Vice*)
Adam-Paul Tuzzo (*Pro Hac Vice*)
LITTLER MENDELSON, P.C.
111 East Kilbourn Ave., Suite 1000
Milwaukee, WI 53202
Tel: 414-291-5536
Fax: 414-291-5526
Email: jlevine@littler.com
          atuzzo@littler.com

Brittany L. Stepp (*Pro Hac Vice*)
LITTLER MENDELSON, P.C.
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102
Tel: 267-402-3124
Fax: 267-402-3131
Email: bstepp@littler.com

Sam P. Wiles (Bar No. 5759725)
LITTLER MENDELSON, P.C.
375 Woodcliff Drive, Suite 2D
Fairport, NY 14450
Tel: 585-203-3400
Fax: 585-203-3414
Email: swiles@littler.com

*Attorneys for Respondent*
*Starbucks Corporation*

## CERTIFICATE OF SERVICE

I certify that on June 16, 2023, I caused a copy of the foregoing *Counterclaim of Starbucks Corporation* to be e-filed and served via email upon the following:

**Linda M. Leslie**
National Labor Relations Board
130 S. Elmwood Avenue, Suite 630
Buffalo, NY 14202
Email: *linda.leslie@nlrb.gov*

**Alicia Pender Stanley**
National Labor Relations Board
11A Clinton Avenue, Room 342
Albany, NY 12207
Email: *alicia.pender@nlrb.gov*

**Caroline V. Wolkoff**
National Labor Relations Board
11A Clinton Avenue, Room 342
Albany, NY 12207
Email: *cwolkoff@nlrb.gov*

**Jessica Lynn Cacaccio**
National Labor Relations Board
130 S. Elmwood Avenue, Suite 630
Buffalo, NY 14202
Email: *jessica.cacaccio@nlrb.gov*

**Ian H. Hayes**
Hayes Dolce
135 Delaware Avenue, Suite 502
Buffalo, NY 14202
Email: *ihayes@hayesdolce.com*

    */s/ David A. Kadela*
    David A. Kadela