**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **LINDA M. LESLIE, Regional Director of the Third Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,**<br><br>        **Petitioner,**<br><br>    **v.**<br><br>**STARBUCKS CORPORATION,**<br><br>        **Respondent.** | **Case No. 1:22-cv-00478-JLS** |

**STARBUCKS CORPORATION'S MEMORANDUM IN OPPOSITION
TO WORKERS UNITED'S MOTION TO RECONSIDER**

# TABLE OF CONTENTS

<span style="float:right">P<span style="font-variant:small-caps">AGE</span></span>

I.     INTRODUCTION ..................................................................................................... 1

II.    PROCEDURAL HISTORY......................................................................................... 3

III.   ARGUMENT ............................................................................................................ 4

      A.     The Court Owes No Deference to ALJ Muhl's Decision Because It Hinges
             Upon Application of the Federal Rules, Not the NLRA, Intrudes Upon the
             Court's Exclusive Jurisdiction in Section 10(j) Cases, and Was
             Erroneously Decided................................................................................................ 4

      B.     ALJ Rosas's Recommended Decision Does Not Render Discovery
             Unnecessary Because it is Under Appeal, It Does Not Address Whether
             Section 10(j) Relief is Just and Proper, and The Court May Not Infer
             Irreparable Harm Based Solely Upon ALJ Rosas's Factual Findings and
             Legal Conclusions................................................................................................... 6

IV.    CONCLUSION......................................................................................................... 9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Guess?, Inc.*,
  339 NLRB 432 (2003) ................................................................................4, 5

*Hooks v. Nexstar Broad., Inc.*,
  54 F.4th 1101 (9th Cir. 2022) ......................................................................7, 8

*Int'l Org. of Masters & Pilots v. Trinidad Corp.*,
  803 F.2d 69 (2d Cir. 1986)...............................................................................6

*Miller ex rel. NLRB v. California Pac. Medical Ctr.*,
  19 F.3d 449 (9th Cir. 1994) ..............................................................................7

*Northern California Dist. Council of Hod Carriers, etc. v. Opinski*,
  673 F.2d 1074 (9th Cir. 1982) ..........................................................................6

*Olson v. Major League Baseball*,
  No. 20-cv-632, 2022 U.S. Dist. LEXIS 166191 (S.D.N.Y. Sept. 14, 2022) ...........................2

*Siino v. City of New York*,
  No. 14-cv-7217, 2021 U.S. Dist. LEXIS 243501 (E.D.N.Y. Dec. 21, 2021)...........................2

**Statutes**

29 U.S.C. § 160................................................................................. *passim*

29 U.S.C. § 158.........................................................................................6

I.      INTRODUCTION

Starbucks Corporation ("Starbucks") opposes and requests that the Court deny the motion to reconsider filed by Workers United seeking to overturn the discovery order the Court issued on September 23, 2022. (Dkts. 42-44, 49, 108). This is not the first, second, or even third attempt by Workers United to deny Starbucks discovery and avoid producing documents potentially harmful to the Section 10(j) case. After the Court denied in part their motions to quash Starbucks' subpoenas, Workers United and Petitioner each filed two prior motions for reconsideration with this Court, and extraordinary writs with the Court of Appeals seeking to overturn the Court's discovery order, all of which were denied.

Since then, not much has changed that would lend any support to Workers United's quest to avoid the reasonable discovery the Court ordered. Starbucks still has not received any documents and Workers United and Petitioner continue to assert that Starbucks should not get them.  On March 23, 2023, Administrative Law Judge Rosas issued a recommended decision and order in the underlying unfair labor practice cases. On May 11, 2023, Administrative Law Judge Muhl issued a decision in NLRB Case Number 03-CA-304675 holding that the Subpoenas the Court approved violate the National Labor Relations Act ("NLRA"). Both recommended decisions are pending before the National Labor Relations Board ("NLRB") on exceptions filed by Starbucks, and are subject to eventual judicial review. Because they were wrongly decided, are not self-enforcing, and are not final, neither decision presents any basis for disturbing the Court's discovery order.

Apart from the discussion of those decisions, Workers United's motion rehashes the same arguments the Court has already rejected. For instance, pointing out that Petitioner already presented her supposed "just and proper" evidence during the administrative hearing is last year's news. Starbucks updated the Court on Petitioner's attempt at the hearing to usurp the Court's

1

province over just and proper evidence in its status report to the Court on August 31, 2022. (Dkt. 35). The Court, thus, had that information before the Court issued its discovery order. Workers United also continues to argue that a variety of so-called NLRB "privileges" prevent enforcement of the Subpoenas, even though the Court properly rejected that argument multiple times already. The Subpoenas seek relevant documents and the Court's discovery order authorizing them reflects the Court's reasonable weighing of the various competing interests. (Dkts. 49, 57, 89). Nothing in Workers United's motion changes that.

Therefore, as a threshold matter, the Court should summarily reject the motion to the extent it simply reasserts stale arguments the Court has already rejected in denying the prior motions for reconsideration. More specifically, after much consideration (and reconsideration), the Court has already rejected the arguments that Workers United sets forth in Sections II(A), III, and IV of its motion and those arguments should be denied on that basis alone. *See Olson v. Major League Baseball*, No. 20-cv-632, 2022 U.S. Dist. LEXIS 166191, *2-3 (S.D.N.Y. Sept. 14, 2022) ("Since the second motion for reconsideration presents precisely the same issues as its progenitor, it too is denied."); *Siino v. City of New York*, No. 14-cv-7217, 2021 U.S. Dist. LEXIS 243501, *13 (E.D.N.Y. Dec. 21, 2021) ("As this is Plaintiff's third motion for reconsideration of the same issues, Plaintiff is advised that additional, similar motions may result in a bar against further filings in this case without prior approval of the Court."). As the saying goes, old wine in new bottles is still old wine.

That is not to say that Workers United's motion contains nothing warranting comment because, indeed, it is flush with irony. For instance, Workers United urges the Court to defer to ALJ Muhl's recommended decision even though it was only reached by disregarding the Court's relevancy determinations and weighing of competing interests. Workers United also asks this

Court to consider the recent decertification petitions as new "just and proper" evidence, a request that if granted, would expand the scope of discovery and document production, even while Workers United steadfastly refuses to comply with the existing discovery order.

At this point, Workers United and the Subpoenaed Nonparties have a choice of two paths: comply with the discovery order, which they should do; or, refuse to comply, accept the consequences of that decision, and appeal a contempt order to the Second Circuit. They cannot continue to relitigate lost battles on the same grounds hoping for a different result, as they do here.

## II.   PROCEDURAL HISTORY

Starbucks incorporates by reference the procedural history section of its motion to lift the abeyance on its motion for sanctions, and petition for writ of injunction or alternative motion to dismiss. (Dkt. 109, at 13-19).

Following issuance of the ALJD, the Court gave Petitioner, Starbucks, and the Subpoenaed Nonparties the opportunity to submit briefs on the issue of how the Court should proceed following decisions from the Second Circuit and NLRB administrative law judge. (Dkt. 104).

On June 16, 2023, Starbucks filed its motion to lift the abeyance on the motion for sanctions, and a petition for a writ to enjoin the NLRB, or to dismiss the petition. (Dkt. 109). Starbucks also filed counterclaims against the NLRB, seeking, among other things, an order from the Court declaring unlawful and enjoining actions taken by the NLRB, through its General Counsel, Jennifer Abruzzo ("Abruzzo"), acting in her capacity as General Counsel, and its Regional Director of Region 3, Linda M. Leslie ("Leslie"), acting in her capacity as Regional Director, that deprive and interfere with the rights of Starbucks under the First and Fifth Amendments of the United States Constitution. (Dkt. 107).

Petitioner also filed a motion that day asking the Court: (1) to stay the 10(j) Litigation, including a stay on Starbucks' motion for sanctions, pending the Board's decision following appeal

3

of the ALJD; or alternatively, (2) to modify the discovery order in a manner "consistent with the Administrative Law Judge's decision in NLRB Case No. 03-CA-304675." (Dkt. 106).

Workers United filed a motion for reconsideration too that day, arguing: (1) the ALJD precludes enforcement of the subpoenas and the Court should defer to that administrative decision; (2) the subpoena requests are "no longer necessary" because the ALJD's analysis establishes the "just and proper" and "reasonable cause" standards were met, and also because "decertification petitions . . . provide further evidence of irreparable harm" to NLRA rights; (3) the subpoenas are unenforceable because they seek information that is "protected" and violate "NLRB and other federal authority" including requests that reveal: (i) employee support or lack of support for the union; (ii) "advice to potential members" and "strategic information;" (iii) "protected communications with the NLRB;" or (iv) "confidential communications with the media." (Dkt. 108).

On June 30, 2023, Starbucks filed its exceptions to the ALJD in NLRB Case No. 03-CA-304675.

## III.   ARGUMENT

### A.   The Court Owes No Deference to ALJ Muhl's Decision Because It Hinges Upon Application of the Federal Rules, Not the NLRA, Intrudes Upon the Court's Exclusive Jurisdiction in Section 10(j) Cases, and Was Erroneously Decided

Workers United claims the Court should defer to ALJ Muhl's recommended decision because he supposedly applied the NLRA to the Subpoenas. A more accurate portrayal is that ALJ Muhl improperly disregarded the Court's exclusive jurisdiction over the application of the Federal Rules in a Section 10(j) case, and the Court's findings that the Subpoenas sought relevant documents and that the competing interests tilted in Starbucks' favor. The ALJ then proceeded to conduct a *de novo* analysis in which he misapplied the Federal Rules to conclude that the Board's

4

*Guess?* test was violated.[1] Indeed, the General Counsel's arguments and the ALJ's recommended decision made it seem that the Court never weighed-in on these issues and that the Court's discovery order can be nullified simply by pretending it never happened. That, of course, is not the case. The ALJ's recommended decision deserves no deference, especially considering that it involved application of the Federal Rules, not any special interpretation or application of the NLRA, and gave no weight to the Court's expertise in applying the Federal Rules in Section 10(j) cases.

Workers United further cautions about the dangers of conflicting results in this case, yet it is a danger only present because the NLRB insists upon delving into areas which the Court has exclusive jurisdiction and special expertise – namely Section 10(j) petitions for injunctive relief and application of the Federal Rules. To determine relevancy and balance the competing interests in this case, the Court considered all of the factors involved with deciding whether interim injunctive relief is just and proper in a Section 10(j) case and crafting appropriate protective orders in preliminary injunction cases. Administrative law judges of the NLRB have no special expertise or jurisdiction in these areas, are not responsible for deciding Section 10(j) cases, and are, for these reasons, ill-suited to handle such inquiries.

Workers United likewise claims that moving forward with production jeopardizes employees' confidentiality interests. It is disturbing that this supposed confidentiality interest is seemingly forgotten whenever the NLRB and non-parties deem it in their interest to publicly disclose cherry-picked documents. In a Section 10(j) case, however, the Court makes that determination and decides the scope of an appropriate protective order consistent with the Federal Rules. Workers United does not even address that the Court granted Petitioner's request for an

---

[1] *Guess?, Inc.*, 339 NLRB 432 (2003).

5

attorneys' eyes-only protective order. That Petitioner and Workers United refuse to avail themselves of this order is not a sufficient reason to quash the Subpoenas.

Workers United fails to cite any compelling cases requiring a different result. *Northern California Dist. Council of Hod Carriers, etc. v. Opinski*, 673 F.2d 1074 (9th Cir. 1982), involved a union's breach of contract claim and an employer's competing unfair labor practice charge alleging that the contract provision the union was attempting to enforce violated the NLRA. The district court dismissed the breach of contract claim to allow the NLRB to decide the unfair labor practice charge. On appeal, the Second Circuit remanded the case and ordered the district court to consider issuing a stay since the Supreme Court had recently granted certiorari in a related case. *Id.* at 1076. And in *Int'l Org. of Masters & Pilots v. Trinidad Corp.*, 803 F.2d 69 (2d Cir. 1986), which Workers United also cites, the issue concerned the enforceability of an arbitrator's award applying the terms of a collective bargaining agreement to an unrepresented unit of employees. Because the union and the NLRB claimed that the award violated Sections 8(b)(1) and (2) of the NLRA, 29 U.S.C. § 158(b)(1) and (2), and the case involved application of the NLRB's highly technical alter ego doctrine, the court of appeals ordered the enforcement action stayed pending the outcome of the NLRB's administrative process. Neither case is comparable to this one, which involves the NLRB, as petitioner, attempting to tell the Court how to apply the Federal Rules to limit the scope of discovery in a Section 10(j) case over which the Court has exclusive jurisdiction and special expertise.

  **B.**  **ALJ Rosas's Recommended Decision Does Not Render Discovery Unnecessary Because it is Under Appeal, It Does Not Address Whether Section 10(j) Relief is Just and Proper, and The Court May Not Infer Irreparable Harm Based Solely Upon ALJ Rosas's Factual Findings and Legal Conclusions**

Discovery is still necessary because ALJ Rosas's recommended decision does not, and indeed could not, lawfully address whether Section 10(j) relief is just and proper. Congress

reserved the just and proper determination exclusively to the Court. In *Miller ex rel. NLRB v. California Pac. Medical Ctr.*, 19 F.3d 449, 458-59 (9th Cir. 1994), the Ninth Circuit properly held:

> Even though § 10(j) is an exception to the primary jurisdiction of the NLRB over labor disputes, it reflects an intention that the district court will exercise judgment rather than simply sign off on Board requests. Otherwise, jurisdiction for the court to grant such relief "as it deems just and proper" would be unnecessary. Also, it is the courts of appeals which are obliged to afford deferential review to final Board determinations, not the district courts in response to preliminary requests. The NLRA provisions requiring deference to the NLRB show that when Congress wanted to tell the courts to give the benefit of the doubt to the Board's expertise, it knew how to do so. *See* 29 U.S.C. § 160(e) (on petition for enforcement of its order, Board's factual findings deemed 'conclusive' 'if supported by substantial evidence on the record considered as a whole'); *id.* § 160(f) (same rule with respect to petition for review of Board's order). As we discuss, district courts should take the appellate standard of review into account in evaluating the likelihood of success on the merits, but nothing in the NLRA requires them to defer to the Board's § 10(j) request.

In *Hooks v. Nexstar Broad., Inc.*, 54 F.4th 1101 (9th Cir. 2022), the appellate court rejected the very theory Workers United is peddling here. Specifically, the appellate court vacated the order granting Section 10(j) relief because the district court improperly inferred irreparable harm based solely on its finding likelihood of success on the merits. The appellate court held that it was error for the district court "to infer the presumed fact (irreparable harm) once the Regional Director had proven likelihood of success on merits, in the absence of contrary evidence adduced by Nexstar." *Id.* at 1119.

Here, Workers United takes the error in *Nexstar* a step further by arguing that the Court should infer irreparable harm based solely on ALJ Rosas's decision that reasonable cause exists, *and* that Starbucks should not be allowed discovery to adduce contrary evidence. Workers United effectively asks the Court to collapse the "just and proper" analysis into a single inquiry concerning reasonable cause, the determination of which would be controlled almost exclusively by the NLRB, and if reasonable cause were found, the Court would be bound to that determination and

to find that just and proper follows. It is an illogical position that asks the Court to simply sign off on Section 10(j) petitions despite Congress's mandate that the district courts exercise discretion in determining whether to grant a petition.

Referring to so called hallmark violations, Workers United claims that "[f]ederal courts, including within the Second Circuit, have held that where such violations have occurred, there is no need for further discovery." (Dkt. 108, at 14). None of the cases it cites so hold, nor could they without committing the error the district court made in *Nexstar*. If Workers United wants the NLRB to be able to wrestle jurisdiction over Section 10(j) cases away from the district court, a result it seeks here, it must lobby Congress to rewrite the NLRA rather than miscite case law attempting to convince the Court that 29 U.S.C. § 160(j) means something other than what it says.[2]

The Court will recall that Petitioner opposed Starbucks' motion to stay this case until the conclusion of the administrative hearing. Later, in its initial motion to quash Starbucks' subpoenas, Petitioner urged the Court to forego discovery because of the nature of the alleged violations and the administrative record's being enough to show relief is just and proper, (Dkt. 44, at 6-7), which the Court considered and rejected. The Court's subsequent discovery orders were made on the premise that discovery was still necessary despite the NLRB's administrative process and the eventual ALJ decision that would flow from it. The impact of ALJ Rosas's decision is old ground that the parties covered last year, and it is not a basis for reconsideration.[3]

---

[2] In its motion, Workers United also misquotes ALJ Muhl's recommended decision. ALJ Muhl intentionally did not rule on Starbucks' arguments that *Guess?* violated Supreme Court precedent and the U.S. Constitution, leaving those arguments for the Members of the NLRB to address. He did not, as Workers United argues, reject those arguments.

[3] Workers United cites to the Second Circuit's dicta in its dismissal of *In re Workers United* that a motion for reconsideration might be appropriate in light of ALJ Rosas's decision. That might be true if Starbucks' document requests were relevant to the issue of reasonable cause. However, the document requests are all relevant to the issue of "just and proper."

The Court should likewise deny Workers United's request to certify the application of the ALJ decisions to the Second Circuit. Those recommended decisions are subject to judicial review under 29 U.S.C. §§ 160(e) and (f). If Workers United desires to get to the Second Circuit before then, the path is to appeal a contempt order.

## IV.    CONCLUSION

For the foregoing reasons, Starbucks respectfully requests that the Court issue an order denying Workers United's motion to reconsider in its entirety.

Dated: July 21, 2023

/s/ *David A. Kadela*
David A. Kadela (*Pro Hac Vice*)
Jeffrey S. Hiller (*Pro Hac Vice*)
LITTLER MENDELSON, P.C.
41 South High Street, Suite 3250
Columbus, OH 43215
Tel:  614-463-4211
Fax: 614-573-7475
Email: dkadela@littler.com
         jhiller@littler.com

Jonathan Levine (*Pro Hac Vice*)
Adam-Paul Tuzzo (*Pro Hac Vice*)
LITTLER MENDELSON, P.C.
111 East Kilbourn Ave., Suite 1000
Milwaukee, WI 53202
Tel: 414-291-5536
Fax: 414-291-5526
Email: jlevine@littler.com
         atuzzo@littler.com

Brittany L. Stepp (*Pro Hac Vice*)
LITTLER MENDELSON, P.C.
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102
Tel: 267-402-3124
Fax: 267-402-3131
Email: bstepp@littler.com

Sam P. Wiles (Bar No. 5759725)
LITTLER MENDELSON, P.C.
375 Woodcliff Drive, Suite 2D
Fairport, NY 14450
Tel:  585-203-3400
Fax:  585-203-3414
Email: swiles@littler.com

*Attorneys for Respondent*
*Starbucks Corporation*

## CERTIFICATE OF SERVICE

I certify that on July 21, 2023, I caused a copy of the foregoing *Starbucks Corporation's Memorandum in Opposition to Workers United's Motion for Reconsideration* to be e-filed and served via email upon the following:

**Alicia Pender Stanley**
National Labor Relations Board
11A Clinton Avenue, Room 342
Albany, NY 12207
Email: *alicia.pender@nlrb.gov*

**Caroline V. Wolkoff**
National Labor Relations Board
11A Clinton Avenue, Room 342
Albany, NY 12207
Email: *cwolkoff@nlrb.gov*

**Jessica Lynn Cacaccio**
National Labor Relations Board
130 S. Elmwood Avenue, Suite 630
Buffalo, NY 14202
Email: *jessica.cacaccio@nlrb.gov*

**Linda M. Leslie**
National Labor Relations Board
130 S. Elmwood Avenue, Suite 630
Buffalo, NY 14202
Email: *linda.leslie@nlrb.gov*

**Ian H. Hayes**
Hayes Dolce
135 Delaware Avenue, Suite 502
Buffalo, NY 14202
Email: *ihayes@hayesdolce.com*

*/s/ David A. Kadela*
David A. Kadela