IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA M. LESLIE, Regional Director of the Third Region of the National Labor Relations BOARD, for and on behalf of the NATIONAL LABOR RELATIONS BOARD<br><br>Petitioner,<br><br>vs.<br><br>STARBUCKS CORPORATION,<br><br>Respondent. | No. 1:22-cv-00478-JLS |

## RESPONSE OF WORKERS UNITED

Ian Hayes, Esq.
Hayes Dolce
Attorneys for Workers United
135 Delaware Ave.
Ste. 502
Buffalo, NY 140202
716-608-3427
ihayes@hayesdolce.com

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ............................................................................................... 1

**ARGUMENT** ............................................................................................................................... 1

    I.    THERE IS ADEQUATE PRECEDENT FOR THE COURT TO APPLY NLRB LAW AND FINDINGS TO THIS PROCEEDING............................................................................ 1

    II.    THE RELIEF STARBUCKS REQUESTS UNDER THE ALL WRITS ACT IS NOT APPROPRIATE................................................................................................................... 3

    III.    NLRB AUTHORITY UNDER *GUESS?* PROTECTS THE RIGHTS OF THE SUBPOENA RECEIPIENTS, AND THOSE RIGHTS OUTWEIGH STARBUCKS' DISCOVERY INTERESTS................................................................................................ 4

        A.    The *Guess?* standard applies here................................................................................. 4

        B.    Under the *Guess?* analysis, the subpoena recipients' rights outweigh Starbucks' interests in the information sought, especially given its irrelevance in this matter. ................ 5

        C.    The *Guess?* standard is not unconstitutionally vague....................................................... 7

    IV.    THE NLRB IS NOT INTERFERING WITH STARUBUCKS' CONSTITUTIONAL RIGHTS ............................................................................................................................ 7

**CONCLUSION** ........................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Baldwin-United Corp.*,
    770 F.2d 328 (2d Cir. 1985) ................................................................................................ 3

*Berbiglia, Inc.*,
    233 NLRB 1476 (1977) ....................................................................................................... 5

*Bevona v. Field Bridge Assocs.*,
    No. 90 Civ. 5191 (RJW), 1991 BL 202, (S.D.N.Y. Dec. 5, 1991) ...................................... 2

*Bill Johnson's Rests., Inc. v. NLRB*,
    461 US 731 (1983)................................................................................................................ 8

*Champ Corp.*,
    291 N.L.R.B. 803 (1988) ..................................................................................................... 5

*Chino Valley Medical Center*,
    362 NLRB 283 (2015) .......................................................................................................... 4

*Comm. on Masonic Homes of R. W. Grand Lodge, F. & A. M. of Pa. v. NLRB*,
    556 F.2d 214  (3d Cir. 1977) ................................................................................................ 5

*Constellation Brands, U.S. Operations, Inc. v. NLRB*,
    842 F.3d 784 (2d Cir. 2016) ................................................................................................ 2

*Elec. Contractors, Inc. v. NLRB*,
    245 F.3d 109 (2d Cir. 2001) ................................................................................................ 2

*Grayned v. City of Rockford*,
    408 US 104 (1972)................................................................................................................ 7

*Hoffman ex rel. NLRB v. Inn Credible Caterers, Ltd.*,
    247 F.3d 360 (2d Cir. 2001) ................................................................................................ 6

*Int'l Org. of Masters, Mates & Pilots v. Trinidad Corp.*,
    803 F.2d 69 (2d Cir. 1986) .................................................................................................. 2

*Kaiser Steel Corp. v. Mullins*,
    455 U.S. 72 (1982)................................................................................................................ 2

*Kaynard v. Bagel Bakers Council of Greater New York*,
    No. 67-C-776, 1968 BL 212 (E.D.N.Y. Feb. 20, 1968) ...................................................... 6

*Kreisberg ex rel. NLRB v. HealthBridge Mgmt., LLC*,
    732 F.3d 131 (2d Cir. 2013) ................................................................................................ 6

*Laguna College of Art and Design*,
    362 NLRB 965 (June 15, 2015)............................................................................................ 5

*Longshore and Warehouse v. ICTSI Or., Inc.*,
    932 F. Supp. 2d 1181 (D. Or. 2013) .................................................................................... 2

*Meyers v. Bethlehem Shipbuilding Corp.*,
    303 U.S. 41, 49 (1938).................................................................................................... 1, 3

*N. Cal. Dist. Council of Hod Carriers, Bldg. & Constr. Laborers v. Opinski*,
 673 F.2d 1074 (9th Cir. 1982) ................................................................................... 2

*NLRB v. Associated Gen. Contractors of Cal., Inc.*,
 633 F.2d 766 (9th Cir. 1980) ..................................................................................... 8

*NLRB v. C&C 5 Plywood Corp.*,
 385 U.S. 421 (1967) ................................................................................................... 2

*NLRB v. Gissel Packing Co.*,
 395 US 575 (1969) ..................................................................................................... 8

*NLRB v. Maxwell*,
 637 F.2d 698 (9th Cir. 1981) ..................................................................................... 5

*Pac. Molasses Co. v. NLRB Reg'l Office # 15*,
 577 F.2d 1172 (5th Cir. 1978) ................................................................................... 5

*Pain Relief Centers, P.A.*,
 371 NLRB No. 143 (2022) ........................................................................................ 5

*Paulsen ex rel. NLRB v. Remington Lodging & Hosp., LLC*,
 773 F.3d 462 (2d Cir. 2014) ...................................................................................... 7

*San Diego Building Trades Council v. Garmon*,
 359 U.S. 236 (1959) ................................................................................................... 1

*Seeler v. The Trading Port, Inc.*,
 517 F.2d 33 (2d Cir. 1975) ........................................................................................ 6

*Sheet Metal Workers Local 36 v. Murphy Constr. Co.*,
 191 F.3d 909 (8th Cir. 1999) ..................................................................................... 2

*Silverman v. Imperia Foods, Inc.*,
 646 F.Supp. 393 (S.D.N.Y. 1986) ............................................................................. 6

*United Nurses Associations of California v. NLRB*,
 871 F.3d 767 (9th Cir. 2017) ............................................................................. 4, 5, 8

*Venetian Casino Resort, L.L.C. v. NLRB*,
 484 F.3d 601 (D.C. Cir. 2007) .................................................................................. 8

*Veritas Health Servs., Inc. v. NLRB*,
 671 F.3d 1267 (D.C. Cir. 2012) ................................................................................ 4

**PRELIMINARY STATEMENT**

Workers United ("Union") hereby submits this Response to Starbucks Corporation's Motion to Dismiss and its request for relief under the All Writs Act. Starbucks repeats arguments regarding the application of NLRB authority in this forum, its rights under the Constitution, and its need for the information sought in the subpoenas. Those arguments were already rejected by ALJ Muhl in the related NLRB case regarding the subpoenas, and they fail here for the following reasons.

**ARGUMENT**

**I. THERE IS ADEQUATE PRECEDENT FOR THE COURT TO APPLY NLRB LAW AND FINDINGS TO THIS PROCEEDING**

Starbucks argues NLRB authority does not apply to this proceeding. Its position is essentially that the Court must therefore ignore the findings of ALJ Muhl and all other relevant authority the agency has produced on the exact subpoenas in this case, and the issue of illegal abuse of discovery generally. Those arguments fail. Federal courts routinely adopt or follow the findings or position of the NLRB on what counts as an unfair labor practice ("ULP") – the agency's name for a violation of federal labor law. The NLRB is the body Congress designated to decide whether an employer commits a ULP. *Meyers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 49 (1938). Since the agency decided Starbucks committed a ULP by issuing the subpoenas in this case, that plainly must have bearing here. While the Court has exclusive jurisdiction over the merits of the 10(j) petition itself, it does not have exclusive jurisdiction over whether a party's conduct is a ULP; that is the NLRB's role.

Federal courts "must defer to the exclusive competence of the National Labor Relations Board." *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245 (1959). As such, a

1

federal court cannot enforce a party's potential legal right if doing so would compel violation of the NLRA. *See Kaiser Steel Corp. v. Mullins*, 455 U.S. 72 (1982). Indeed, the Supreme Court has held the concurrent jurisdiction over a 10(j) case, between the NLRB and a federal court, does not deprive the Board of its role in determining whether a ULP has been committed. *NLRB v. C&C 5 Plywood Corp.*, 385 U.S. 421, 428 (1967). Since the NLRB is the body the U.S. Congress tasked with deciding whether there has been a violation of the NLRA, federal courts have held they must defer to the Board's processes where its decision on a ULP would affect the results of litigation. *See N. Cal. Dist. Council of Hod Carriers, Bldg. & Constr. Laborers v. Opinski*, 673 F.2d 1074 (9th Cir. 1982) ("Appropriate deference to the jurisdiction and expertise of the agency often will require a stay of judicial proceedings.") (Kennedy, J.); *Bevona v. Field Bridge Assocs.*, No. 90 Civ. 5191 (RJW), 1991 BL 202, at *7 (S.D.N.Y. Dec. 5, 1991).

This is true within the Second Circuit and other circuits. *See Int'l Org. of Masters, Mates & Pilots v. Trinidad Corp.*, 803 F.2d 69 (2d Cir. 1986) ("[T]he NLRB, having issued an unfair labor practice complaint and scheduled a hearing, is in the best position to determine whether a violation of the NLRA has occurred . . . ."); *see also Sheet Metal Workers Local 36 v. Murphy Constr. Co.,* 191 F.3d 909 (8th Cir. 1999). Generally, the Second Circuit often looks to Board precedent in interpreting NLRA, given the Board's role in enforcing the Act and the deference this Court affords the Board's interpretations of the Act. *See Elec. Contractors, Inc. v. NLRB*, 245 F.3d 109, 116 (2d Cir. 2001); *Constellation Brands, U.S. Operations, Inc. v. NLRB*, 842 F.3d 784 (2d Cir. 2016). Federal courts also defer to the NLRB even when considering a related claim under a statute other than the NLRA. *E.g.*, *Longshore and Warehouse v. ICTSI Or., Inc.*, 932 F. Supp. 2d 1181 (D. Or. 2013) (deferring to the NLRB's adjudication of a ULP charge when considering

2

a related claim under the Labor Management Relations Act, in part because "the NLRB has primary responsibility for resolving issues arising under the NLRA.").

## II.  THE RELIEF STARBUCKS REQUESTS UNDER THE ALL WRITS ACT IS NOT APPROPRIATE

Starbucks requests relief under the All Writs Act, arguing such action is necessary to preserve the sanctity of the Court's jurisdiction.  It is not.  Starbucks relies on inapposite case law and flawed analogies in its position on this point.

The case law Starbucks cites regarding a party attempting to subvert the jurisdiction of a federal court by filing a parallel action in state court is not relevant here.  Rather than attempting to engage in forum shopping, the NLRB's General Counsel did precisely what Congress has demanded the agency do: decide whether a party has engaged in a ULP and prosecute them for violations of federal law.  *See Meyers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 49 (1938).  This is the Board's role, and the NLRB GC and ALJ Muhl carried out that role in the way they must.

Similarly, Starbucks relies on authority such as *Baldwin-United Corp*. to argue action under the All Writs Act is appropriate.  770 F.2d 328 (2d Cir. 1985).  Again, this authority involves parallel state law action and the effect that has on a federal court's jurisdiction, and is therefore not relevant here.  Far from a situation where a state court attempts to intrude on the jurisdiction of a federal court, the NLRB carried out its role in investigating and prosecuting ULPs, and the agency's ALJ ruled on whether that prosecution was correct.

These arguments also fail because of a fundamental mischaracterization of ALJ Muhl's Decision.  Contrary to Starbucks' repeated claims, the ALJ did not order this Court do anything.  Rather, ALJ Muhl ordered that *Starbucks*, as the party violating federal law, withdraw its subpoena

3

requests and motion for sanctions/contempt. The ALJ's Order did not contain any explicit command to this Court. While justice demands this Court defer to the expertise of the agency in detecting and deciding violations of federal labor law, its findings and Orders are not infringements on the Court's jurisdiction.

### III. NLRB AUTHORITY UNDER *GUESS?* PROTECTS THE RIGHTS OF THE SUBPOENA RECEIPIENTS, AND THOSE RIGHTS OUTWEIGH STARBUCKS' DISCOVERY INTERESTS

Starbucks makes several arguments related to the application of the NLRB's *Guess?* standard to the subpoenas in this case, all of which have already failed before the NLRB and must fail here.

#### A. The *Guess?* standard applies here.

Starbucks takes the position that *Guess?* does not apply in this matter. First, that argument fails because of the authority above, which establishes federal courts can and should defer to the NLRB's expertise in applying federal labor law, including in discovery matters.

Second, the authority the parties have presented to this Court shows the NLRA continues to apply to a Union and workers in the 10(j) setting, and that an employer violates the Act when it seeks confidential and protected information. The confidentiality of communications regarding organizing is central to the protections of the NLRA. *See Veritas Health Servs., Inc. v. NLRB,* 671 F.3d 1267, 1274 (D.C. Cir. 2012). Employers violate this right by seeking information about protected activity. *United Nurses Associations of California v. NLRB*, 871 F.3d 767 (9th Cir. 2017); *Chino Valley Medical Center,* 362 NLRB 283, 283 n. 1 (2015) *enfd.* 871 F.3d 767 (9th Cir. 2017); *Guess?, Inc.*, 339 NLRB 432 (2003). They also violate the Act when they seek information

4

shared with the NLRB. *See Pain Relief Centers, P.A.*, 371 NLRB No. 143, slip op. at *2 (2022) (violation where employer subpoenaed information that would reveal "the specifics of [employee] participation in a Board proceeding—a core right under the Act").

Third, the Act protects information about organizing. The subpoenas seek information about organizing and contact with the NLRB. Assuming Starbucks continues to ignore ALJ Muhl's Order to withdraw the subpoena requests and its motion, the Court should not insist on compliance with the subpoenas. *See Berbiglia, Inc.*, 233 NLRB 1476, 1495 (1977); *Champ Corp.*, 291 N.L.R.B. 803, 817-818 (1988); *Laguna College of Art and Design*, 362 NLRB 965 n.1 (June 15, 2015).

    **B.**     **Under the *Guess?* analysis, the subpoena recipients' rights outweigh Starbucks' interests in the information sought, especially given its irrelevance in this matter.**

With this authority in mind, and in light of the limited role federal courts must play in 10(j) actions generally, the right of the subpoena recipients to have their communications protected outweighs Starbucks' interests in the information it seeks in the subpoenas.

Applying the *Guess?* standard, the recipients' rights outweigh Starbucks' interests. As explained in more detail in Workers United's Motion for Reconsideration, the subpoenas seek information about organizing, private communications, and other highly sensitive subjects. Any interest Starbucks has in getting this information fails to outweigh the heavily-protected nature of the information, so the subpoenas cannot be enforced. *See United Nurses Associations of California v. NLRB*, 871 F.3d 767 (9th Cir. 2017); *Pac. Molasses Co. v. NLRB Reg'l Office # 15*, 577 F.2d 1172, 1182 (5th Cir. 1978); *Comm. on Masonic Homes of R. W. Grand Lodge, F. & A. M. of Pa. v. NLRB*, 556 F.2d 214 , 221 (3d Cir. 1977). This is also true regarding communications with the NLRB. *NLRB v. Maxwell*, 637 F.2d 698 , 702 (9th Cir. 1981).

There can be no question the information Starbucks seeks is irrelevant in a 10(j) case. The question before this Court is far narrower than in most proceedings, including other types of injunction cases. The question is whether there is cause to believe that a ULP was committed, and an injunction would be just and proper. *Kreisberg ex rel. NLRB v. HealthBridge Mgmt., LLC*, 732 F.3d 131, 141 (2d Cir. 2013). Petitions under 10(j) "come from a unique statutory scheme that requires (1) deference to the NLRB, which resolves the underlying unfair labor practice complaint on the merits and makes an initial determination, prior to the filing of a petition, to file such a complaint . . . as well as (2) speedy resolution to preserve the status quo in a labor dispute." *Id.* (internal quote omitted); *see also Seeler v. The Trading Port, Inc.*, 517 F.2d 33, 36-37 (2d Cir. 1975). This is why courts routinely rule on 10(j) petition based only on the administrative record. *See Silverman v. Imperia Foods, Inc.*, 646 F.Supp. 393, 400 (S.D.N.Y. 1986); *Kaynard v. Bagel Bakers Council of Greater New York*, No. 67-C-776, 1968 BL 212, at fn. 4 (E.D.N.Y. Feb. 20, 1968).

On this point, it should be noted Starbucks misstates the analysis. It claims there is a public interest in knowing whether Starbucks was the victim of a conspiracy among workers and the Union. This is plainly not the question. Rather, the question is whether *Starbucks*, not the public, has an interest, *within the context of this litigation*, in the information, and whether that outweighs other interests.

The recipients' rights under the NLRA outweigh Starbucks' interest in part because the information sought in the surviving subpoena requests is not relevant to the just and proper inquiry. That question requires the Court to consider whether the injunction is "necessary to prevent irreparable harm or to preserve the status quo." *Hoffman ex rel. NLRB v. Inn Credible Caterers, Ltd.*, 247 F.3d 360, 368 (2d Cir. 2001). The existing record answers that question, meaning further

6

discovery is not warranted.  *See Paulsen ex rel. NLRB v. Remington Lodging & Hosp., LLC*, 773 F.3d 462, 469 (2d Cir. 2014).  For example, emails from workers interested in attending union meetings or Union communications with the press would not serve to contradict the NLRB's arguments.  Even if the communications sought showed that employees remained supportive of the Union after the ULPs, that would not defeat the Board's claim that there was a chilling effect or that an injunction should issue.  *See Dunbar ex rel. NLRB v. Landis Plastics, Inc.*, 996 F. Supp. 174, 182 (N.D.N.Y. 1998).  For the same reasons, the subpoena requests seek an irrelevant scope of information.

      **C.**      **The *Guess?* standard is not unconstitutionally vague.**

Starbucks' attempt to argue the *Guess?* standard is impossible to apply because it is vague fails.  First, Starbucks itself appears to have no trouble comprehending and applying the test, in arguing that under the standard it is entitled to the information sought in the subpoenas.  Second, the standard is clearly no more vague than any other balancing test the law has created, including ones having to do with a party's entitlement to discovery.  The test can be reasonably applied in a predictable and fair way, meaning it is not unconstitutionally vague.  *See Grayned v. City of Rockford*, 408 US 104, 108 (1972).

**IV.**    **THE NLRB IS NOT INTERFERING WITH STARUBUCKS' CONSTITUTIONAL RIGHTS**

Starbucks' various arguments regarding alleged violations of its rights under the Constitution all fall short as well.  First, to repeat, the NLRB has not taken any action that directly infringes on this Court's jurisdiction; ALJ Muhl's decision was regarding what Starbucks must do.

It should be noted that in making these arguments, Starbucks routinely conflates the NLRB's General Counsel with the agency's Administrative Law Judges.  This is absurd.  As with any other federal government agency, the NLRB has distinct segments that do not coordinate or communicate outside of a formal setting, and which are often at odds with each other.  Indeed, the GC was a party *before* ALJ Muhl, with the burden of proving violations of the Act.  To treat the actions of distinct, independent portions of the agency as one body carrying out an agenda against Starbucks requires a fundamental misunderstanding of administrative law.

Supreme Court authority says a party's rights under the First Amendment do not outweigh the right of others to freely associate, as that right has been recognized and enshrined in the NLRA.  *NLRB v. Gissel Packing Co.*, 395 US 575, 617 (1969).  Conduct that is normally protected by the First Amendment, therefore, is still tempered by workers' and unions' rights under the NLRA, and an employer's First Amendment rights often must yield to the latter.  *See NLRB v. Associated Gen. Contractors of Cal., Inc.*, 633 F.2d 766, 772, n. 9 (9th Cir. 1980).  This is such a case, for the reasons stated above.

Furthermore, Starbucks' position that the *Noerr-Pennington* doctrine applies is without merit.  The doctrine does not protect indirect petitioning in the labor context.  *See United Nurses Associations of California v. NLRB*, 871 F.3d 767, 787-88 (9th Cir. 2017) (and cases cited therein); *Venetian Casino Resort, L.L.C. v. NLRB*, 484 F.3d 601, 611 (D.C. Cir. 2007).  Otherwise, the NLRA's protections would have no effect in federal litigation – a result for which Starbucks appears to advocate.  In any event, the First Amendment cannot protect speech that has an illegal objective under federal law like the NLRA.  *See Bill Johnson's Rests., Inc. v. NLRB*, 461 US 731, 737 n. 5 (1983).

## CONCLUSION

For the foregoing reasons, Workers United respectfully requests that:

a. The Court reconsider the September 23, 2022 discovery order, and grant the Motions to Quash of Workers United and the NLRB with respect to all requests in Starbucks' 22 subpoenas duces tecum; or

b. In the alternative, certify the question of whether the subpoenas should be enforced in light of the Decision by ALJ Muhl and/or the Decision by ALJ Rosas, pursuant to 28 U.S.C. § 1292(b);

c. In any event stay enforcement of the discovery order until Starbucks complies with the Order of Judge Muhl to withdraw the discovery requests and its motion for contempt and sanctions;

d. Deny Starbucks' request under the All Writs Act;

e. Deny Starbucks' Motion to Dismiss the petition;

f. In addition to any other relief the Court deems appropriate.


Dated:       Buffalo, NY
             July 21, 2023

                                            Respectfully submitted,

                                            /s/ Ian Hayes
                                            Ian Hayes, Esq.

## CERTIFICATE OF SERVICE

I certify that on July 21, 2023, the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Ian Hayes
Ian Hayes