

**Littler Mendelson, P.C.**
41 South High Street
Suite 3250
Columbus, OH  43215


Jeffrey S. Hiller
614.463.4230 direct
614.463.4201 main
614.573.7475 fax
jhiller@littler.com

July 28, 2023


**BY ELECTRONIC CASE FILING & EMAIL SINATRA@NYWD.USCOURTS.GOV**

Hon. John Sinatra, Jr.
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

Re:     *Leslie ex rel. NLRB v. Starbucks Corporation*, No. 1:22-cv-00478 (JLS)

Dear Judge Sinatra:

Respondent Starbucks respectfully requests an expansion of the Local Rule 7(a)(2)(C) page limits with respect to the "motions regarding next steps in this case" you requested during the May 18, 2023 Status Conference, as follows:

- With respect to its Motion to Lift Abeyance on Motion for Sanctions and Petition for Writ of Injunction or, in the Alternative, Motion to Dismiss 10(j) Petition (Dkt. 109), filed June 16, 2023, Starbucks requests retroactive approval of its 40-page memorandum, which exceeds the page limit by fifteen (15) pages; and,

- With respect to the Reply to Petitioner's Response that Starbucks will file on or before Friday, August 4, 2023, Starbucks seeks permission to exceed the ten (10) page limit on replies by sixteen (16) pages, to permit a twenty-six (26) page Reply.  Further, if this extension is granted, then Respondent wlll limit its Reply to Workers United's Response to no more than five (5) pages.

Respondent recognizes that Local Rule 7(a)(2)(C) establishes that "[m]emoranda in support of or in opposition to any motion shall not exceed twenty-five (25) pages in length, and reply memoranda shall not exceed ten (10) pages in length" and that applications to exceed these limits are to be made before the date on which the memoranda must be filed.  At the September 23, 2022 hearing, the Court requested briefing on the merits and left it to the parties to submit briefs of any length needed to educate the Court in their memoranda.  Dkt. 51 at Tr. 46.  At the hearing on May 18, 2023, the Court requested briefing on the impact, if any, of the intervening ALJ decisions in the underlying merits and subpoenas cases before the Board and any motions regarding the path forward.  Dkt. 104, 105 at Tr. 9.  To the extent the prior

Hon. John Sinatra, Jr.
July 28, 2023
Page 2

ruling lifting page limits does not apply to the briefing requested on May 18, Respondent requests that the Court exercise its discretion to extend the page limits.

Courts have discretion whether to strictly enforce or provide relief from a local rule. *See Duttweiller v. Eagle Janitorial, Inc.*, 2009 WL 5171834, at *3 n. 4, 2009 U.S. Dist. LEXIS 119181, at *8 n. 4 (N.D.N.Y. Dec. 22, 2009), *aff'd*, 407 F. App'x 552 (2d Cir. 2011) (noting court's discretion, refusing to strike plaintiff's memorandum of law, despite the fact that it violated local rules); *Sunlight Solutions, LLC v. Birnbaum*, No. 06CV638A, 2008 WL 508459, at *1–2, 2008 U.S. Dist. LEXIS 13037, at *2–3 (W.D.N.Y. Feb. 21, 2008) (denying defendants' motion to strike plaintiff's response to defendants' motion to dismiss, even where plaintiff did not request or obtain permission to exceed the page and font limitations set by the local rules). Other district courts have held that a brief exceeding a page limit by 15 pages does not justify striking the submission. *See Kendall v. Fisse*, No. 00 CV 5154(SJ), 2004 WL 1196811, at *1 n. 1, 2004 U.S. Dist. LEXIS 28505, at *2 n. 1 (E.D.N.Y. June 1, 2004), *aff'd*, 149 F. App'x. 19 (2d Cir. 2005).

Both the NLRB and *amicus curiae* Workers United filed responses to Starbucks's motion. (Dkt. 116, 117). As such, it is evident that neither was prejudiced by the length of Starbucks's submission. Starbucks asks that the Court exercise its discretion to consider its June 16, 2023, memorandum.

The additional pages in Starbucks's June 16, 2023, memorandum were required because of the complexity of the subject matter and the requests for alternative relief. Questions of whether the NLRB has acted to deprive and interfere with the rights of Starbucks under the First and Fifth Amendments of the United States Constitution, and the jurisdiction of the Court under Section 10(j) and the All Writs Act to enjoin the Board's abuses, are unusual. The manner in which the Board acted to subvert the Court's discovery order while this case was held in abeyance for proceedings in the Second Circuit is novel.

The General Counsel and Starbucks each submitted post-hearing briefs of 45 pages to ALJ Muhl in the administrative end-run around this Court's authority in the *Guess?* Complaint. The ALJ explained in his decision: "To my knowledge, this is the first Board case involving this factual situation. As the Respondent correctly points out, this case posture is cause for serious concern." Additional pages were required for Starbucks's prior memorandum and will be for its Reply because these are issues of first impression.

Sincerely,

*/s/ Jeffrey S. Hiller*

Jeffrey S. Hiller
Shareholder

JH/DWS
cc:   Jessica Cacaccio, Esq. for Petitioner
       Ian Hayes, Esq. for Amicus Curiae