

**UNITED STATES GOVERNMENT**
**NATIONAL LABOR RELATIONS BOARD**

| | |
|---|---|
| REGION 3 | Agency Website: www.nlrb.gov |
| 130 S Elmwood Ave Ste 630 | Telephone: (716)551-4931 |
| Buffalo, NY 14202-2465 | Fax: (716)551-4972 |

July 28, 2023

VIA ECF and EMAIL to sinatra@nywd.uscourts.gov

Hon. John Sinatra, Jr.
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square Buffalo, New York 14202

                Re: *Leslie ex rel. NLRB v. Starbucks Corporation*, No. 1:22-cv-00478 (JLS)

Dear Judge Sinatra:

Petitioner Linda M. Leslie opposes Respondent Starbucks' requests [ECF 118] for (1) a retroactive expansion of fifteen pages to its motion [ECF 109] and (2) further expansion of sixteen pages to reply to Petitioner's opposition [ECF 117], for a total of thirty-one extra pages. The Court granted Starbucks' requests without allowing Petitioner to be heard [ECF 119]. As discussed below, Petitioner respectfully asks this Court to now deny the requests, or alternatively, grant Petitioner an opportunity to file a sur-reply of an equivalent length of thirty-one pages.

- Starbucks' requests are not timely. Local Rule 7(a)(2)(C) requires that requests to expand page limits be made at least seven days prior to the time for filing. Starbucks, with full knowledge of the scope of the issues it intended to brief (including a counterclaim not contemplated in the Court's briefing order), had ample opportunity to request this leave from the Court but neglected to do so. It now asks for this leave, one week after submitting its oversize brief and only after its noncompliance was noted by Petitioner [ECF 117 at 3, n.2].
- Starbucks should have asked for clarification prior to submitting its oversize brief rather than deciding for itself that it was no longer bound by this Court's rules and that the Court's prior waiver of page limits in relation to merits briefing in September of last year should forever excuse it from complying with local rules.
- Starbucks has also demonstrated disregard for the Federal Rules, including by filing a counterclaim without seeking leave of the Court as required by Rule 13(e) of the Federal Rules of Civil Procedure, which was also addressed in its oversize brief.
- Starbucks' requests prejudice parties who complied with the Rules. Petitioner limited her opposing brief to the twenty-five-page limit. While Petitioner presented her arguments within that space, additional argument and authority could have been provided were she not bound by the rules.
- While the Court would be within its right to strike Starbucks' oversize brief in whole or part, the Court may exercise its discretion not to do so, but Starbucks' flagrant disregard of federal

Case 1:22-cv-00478-JLS   Document 120   Filed 07/28/23   Page 2 of 2

*Leslie ex rel. NLRB v. Starbucks Corp.*            - 2 -                           July 28, 2023
No. 1:22-cv-00478 (JLS)

- and local rules should weigh against granting its requests for even more briefing space that complicates, rather than simplifies, the issues presented.
- Allowing a reply brief more than double the normally permitted length (which also exceeds the limit for an initial brief) would not be helpful to the Court. Starbucks may adequately present responsive arguments within the ten pages allowed by the rules.
- In total, Starbucks seeks leave for sixty-six pages of briefing in support of its motion (thirty-one more than the rules allow), as compared with Petitioner's twenty-five pages in opposition. As an alternative to denying Starbucks' requests, Petitioner submits that the patent unfairness of this situation would be best remedied by allowing Petitioner a corresponding sur-reply equivalent to the extra briefing space allowed to Starbucks. Petitioner would file its sur-reply on or before August 18, 2023, prior to the date for hearing set by the Court of August 23, 2023.

Accordingly, Petitioner requests that the Court deny Starbucks' requests or, alternatively, grant the requested sur-reply.

Respectfully submitted,

DAWN L. GOLDSTEIN
*Deputy Associate General Counsel*

POLLY MISRA
*Supervisory Attorney*

s/David P. Boehm
DAVID P. BOEHM
*Trial Attorney* (D.C. Bar 1033755)

National Labor Relations Board
1015 Half Steet, S.E.
Washington, D.C. 20003
(202) 273-4202
david.boehm@nlrb.gov

cc: Parties and amicus via ECF and email