IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA M. LESLIE, Regional Director of the Third Region of the National Labor Relations BOARD, for and on behalf of the NATIONAL LABOR RELATIONS BOARD<br><br>Petitioner,<br><br>vs.<br><br>STARBUCKS CORPORATION,<br><br>Respondent. | No. 1:22-cv-00478-JLS |

## WORKERS UNITED'S REPLY TO RESPONDENT'S MEMO IN OPPOSITION TO MOTION TO RECONSIDER

Ian Hayes, Esq.
Hayes Dolce
Attorneys for Workers United
135 Delaware Ave.
Ste. 502
Buffalo, NY 140202
716-608-3427
ihayes@hayesdolce.com

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................... 1

ARGUMENT ................................................................................................................................. 2

    I.    ALLOWING ALJ MUHL'S DECISION TO HAVE EFFECT IN THIS MATTER IS THE ONLY APPROPRIATE COURSE ............................................................................ 2

    II.    ALJ ROSAS'S DECISION IS RELEVANT, AND THE PARTIES HAD A FULL OPPORTUNITY TO LITIGATE THE "JUST AND PROPER" QUESTION BEFORE HIM ................................................................................................................................... 3

        A.    Findings that types of ULPs occurred supports a finding that 10(j) relief is just and proper, without any further development of a record. ............................................... 3

        B.    Starbucks has had an ample opportunity to develop a record on its defenses against 10(j) relief being just and proper ................................................................................ 5

CONCLUSION .............................................................................................................................. 6

## TABLE OF AUTHORITIES

**Cases**

*Angle v. Sacks*,
    382 F.2d 655 (10th Cir. 1967) .................................................................................. 5

*Dunbar v. Carrier Corp.*,
    66 F. Supp. 2d 346 (N.D.N.Y. 1999) ......................................................................... 4

*Fernbach v. Sprain Brook Manor Rehab., LLC*,
    91 F. Supp. 3d 531 (S.D.N.Y. 2015) ......................................................................... 4

*Int'l Org. of Masters, Mates & Pilots v. Trinidad Corp.*,
    803 F.2d 69 (2d Cir. 1986) ........................................................................................ 3

*Kaiser Steel Corp. v. Mullins*,
    455 U.S. 72 (1982) ..................................................................................................... 2

*Kayard v. Palby Lingerie, Inc.*,
    625 F.2d 1047 (2d Cir. 1980) .................................................................................... 4

*McLeod v. General Electric Co.*,
    385 US 533 (1967) ..................................................................................................... 3

*Meyers v. Bethlehem Shipbuilding Corp.*,
    303 U.S. 41 (1938) ..................................................................................................... 2

*N. Cal. Dist. Council of Hod Carriers, Bldg. & Constr. Laborers v. Opinski*,
    673 F.2d 1074 (9th Cir. 1982) .................................................................................. 3

*NLRB v. C&C 5 Plywood Corp.*,
    385 U.S. 421 (1967) ................................................................................................... 3

*San Diego Building Trades Council v. Garmon*,
    359 U.S. 236 (1959) ................................................................................................... 2

*Seeler v. Williams*,
    97 LRRM 2764 (N.D.N.Y.1977) .............................................................................. 4

*Sheet Metal Workers Local 36 v. Murphy Constr. Co.*,
    191 F.3d 909 (8th Cir. 1999) ..................................................................................... 3

*Taylor v. Circo Resorts, Inc.*,
    458 F.Supp. 152 (D.Nev.1978) ................................................................................. 5

**PRELIMINARY STATEMENT**

Workers United ("Union") hereby submits this Reply to Starbucks Corporation's July 21, 2023 Memo in Opposition to the Union's Motion to Reconsider. Starbucks' arguments in its memo repeat the same positions this Court has heard already, so this submission will only briefly note why they are wrong.

This matter has become a tangle of deeply-entrenched positions and difficult-to-reconcile legal principles. Attempting to adopt some intellectual humility, the Union recognizes a resolution of the questions raised by Starbucks' subpoenas, employees' claims under the National Labor Relations Act ("Act"), ALJ Muhl's Decision that the subpoenas violate the Act, and ALJ Rosas's sprawling Decision finding Starbucks committed the underlying ULPs is not simple. Starbucks claims it has a right to the type of discovery that is usual in other types of matters before a district court, outside the context of a 10(j) petition. It would be natural to guess a party must be entitled to it here as well. At the same time, the NLRB and the non-parties claim they also have rights that conflict with the one Starbucks asserts – in their case, to protect highly sensitive information given to them in confidence. That right is not a fiction or concept that only exists in some other venue; it is firmly established in federal law, and it applies to the discovery process itself. The Court is put in the unenviable position of reconciling these competing rights that have merit under various circumstances.

The only way through this puzzle is for this Court to be guided by the body that the United States Congress made responsible for finding a party has violated the Act – the NLRB – and to apply that agency's findings to the situation at hand. The NLRB's General Counsel investigated Starbucks's subpoenas and found the mere act of issuing them violated the non-parties' rights under federal law, and an ALJ applied the law and concluded the GC had successfully proven that

1

violation. Applying this expertise here can only mean one thing for the Court: to take the guidance of the ALJ and decline to participate in what he found was a violation of federal law taking place within the Court's discovery process. No other approach can balance the respective rights here.

**ARGUMENT**

I. **ALLOWING ALJ MUHL'S DECISION TO HAVE EFFECT IN THIS MATTER IS THE ONLY APPROPRIATE COURSE**

Starbucks' position continues to be that when it walks through the doors of district court, it is insulated absolutely from following federal labor law before this Court. This is not correct.

Congress designated the NLRB as the authority on whether an employer committed an unfair labor practice ("ULP"). *Meyers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 49 (1938). Therefore, contrary to Starbucks' position, this Court does not have exclusive jurisdiction over whether a party's conduct is a ULP; that is the NLRB's role. *See San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245 (1959) (NLRB has "exclusive competence" to decide whether a party violates the Act).

Starbucks recharacterizes its position in its Opposition by saying only this Court has authority to enforce the Federal rules. It then attempts to equivocate this proposition with a much broader one: that this means a district court must ignore a federal agency's decision on whether something that happens in district court is a ULP. No authority supports this position.

Rather, federal courts for decades have held they cannot allow a party to violate the Act within the halls of a district court – a separate question from a district court's authority to enforce the Federal Rules. *See Kaiser Steel Corp. v. Mullins*, 455 U.S. 72 (1982); *NLRB v. C&C 5 Plywood Corp.*, 385 U.S. 421, 428 (1967) (concurrent jurisdiction in a 10(j) case does not deprive NLRB of role in determining ULPs). *See also N. Cal. Dist. Council of Hod Carriers, Bldg. & Constr.*

2

*Laborers v. Opinski*, 673 F.2d 1074 (9th Cir. 1982). Courts in the Second Circuit are no exception. *See Int'l Org. of Masters, Mates & Pilots v. Trinidad Corp.*, 803 F.2d 69 (2d Cir. 1986) ("[T]he NLRB, having issued an unfair labor practice complaint and scheduled a hearing, is in the best position to determine whether a violation of the NLRA has occurred . . . ."); *see also Sheet Metal Workers Local 36 v. Murphy Constr. Co.,* 191 F.3d 909 (8th Cir. 1999).

For these reasons, Starbucks is not correct that ALJ Muhl mistakenly applied the Federal Rules in his Decision. Rather, the GC and ALJ carried out the rules Congress gave them: to investigate, prosecute, and decide whether a party violated the Act, including violations that happen in a district court's discovery process. This does not represent the NLRB or the ALJ inappropriately ruling on the application of the Federal Rules.

## II. ALJ ROSAS'S DECISION IS RELEVANT, AND THE PARTIES HAD A FULL OPPORTUNITY TO LITIGATE THE "JUST AND PROPER" QUESTION BEFORE HIM

### A. Findings that types of ULPs occurred supports a finding that 10(j) relief is just and proper, without any further development of a record.

Starbucks claims in its Opposition that "not much has changed" since the Court first considered the issues surrounding the subpoenas. Opposition to Workers United Motion to Reconsider, p. 1. This is not quite true. Since the discovery order at issue, one ALJ has found Starbucks violated federal labor law before this Court, and another ALJ has found Starbucks did indeed commit the hundreds of ULPs throughout Buffalo and Rochester that are the basis for the 10(j) petition. As an initial matter, there is no question supervening events are relevant in litigation of NLRB matters. *McLeod v. General Electric Co.*, 385 U.S. 533, 634 (1967).

ALJ Rosas's Decision does have a clear bearing on the need for discovery in this case, as well as the merits of the 10(j) petition itself. First, as the Union has already argued, federal case

law clearly holds that findings of certain kinds of violations also support a finding that 10(j) relief is just and proper.  Starbucks summarily claims the case law the Union presented in its Motion to Reconsider does not support the Union's position, but does not even attempt to explain why.  Opposition, p. 8.  Starbucks is wrong on this point as well.

Federal case law has supporting finding 10(j) relief is just and proper based only on an ALJ's record and conclusions that certain kinds of ULPs occurred.  In *Kayard v. Palby Lingerie, Inc.*, for example, the Second Circuit held the administrative record supported a finding that workers have been fired in violation of the Act (i.e., that reasonable cause had been met) *and* that, since those workers were active union supporters, the district court's order to reinstate under 10(j) was just and proper.  625 F.2d 1047, 1053 (2d Cir. 1980).  It also held that the administrative record alone support the district court's decision to issue a bargaining order under 10(j).  *Id*. at 1055.

District Courts within the circuit also follow this principle.  For example, in *Fernbach v. Sprain Brook Manor Rehab., LLC*, the district court concluded that relief under 10(j) was just and proper based only on the findings of certain violations in the not-yet-completed administrative record.  91 F. Supp. 3d 531, 537 n.1 (S.D.N.Y. 2015).  Similarly, the district court in *Dunbar v. Carrier Corp.* reviewed the limited record submitted to it, including affidavits, and ruled that 10(j) relief was just and proper without the need for the type of discovery Starbucks seeks here.  *See* 66 F. Supp. 2d 346, 351-52, 354 n.4 (N.D.N.Y. 1999).  *See also Seeler v. Williams*, 97 LRRM 2764, 2768-69 (N.D.N.Y.1977) (finding certain ULPs occurred, and 10(j) relief was therefore just and proper).

Courts in other circuits have followed this same pattern.  *Angle v. Sacks*, 382 F.2d 655, 660-61 (10th Cir. 1967) (affirming the district court's conclusion that finding a certain type of

ULP occurred makes 10(j) relief just and proper); *Taylor v. Circo Resorts, Inc.*, 458 F.Supp. 152, 155 (D.Nev.1978) (findings that ULPs occurred support ordering reinstatement).

### B. Starbucks has sufficient opportunity to develop a record on its defenses against 10(j) relief being just and proper.

The authority above would plainly support the Court here ruling on the 10(j) petition without further discovery, even if ALJ Rosas had not explicitly received evidence on the just and proper analysis. But he did. Starbucks' position on the need for further discovery is therefore doubly incorrect and off-base here.

Throughout discussion of this matter, Starbucks has appeared to argue from the premise that it has been denied the ability to submit evidence of its own, or scrutinize the NLRB's evidence, on whether 10(j) relief is just and proper. This is plainly wrong. After hearing arguments from the NLRB and Starbucks on the need for discovery on the 10(j) petition, this Court ordered that the matter was stayed while the parties submitted evidence on both the reasonable cause and just and proper questions to ALJ Rosas. *See* Order, Dkt. 29. And indeed, the parties did spend entire days of the hearing before ALJ Rosas submitting evidence on the just and proper issue before him, going so far as to explicitly state that was the purpose of offering certain witnesses or lines of questioning. The ALJ treated those portions of the hearing entirely differently, refusing to rule on objections during such testimony, and acknowledging that those sections of the hearing were only for the purpose of this Court's decision on the just and proper question. When a party was done submitting evidence on the just and proper question for the time being, it announced so to the ALJ. Using this method, both the NLRB and Starbucks offered many witnesses and days' worth of testimony into the record. That record was created solely for this Court, and is now before the Court. Order, Dkt. 30.

In short, Starbucks' claims it as been denied the ability to develop a record or denied due process on that ground ring hollow. The parties and Court agreed on the method of submitting just and proper evidence, and this has been accomplished. Particularly in light of ALJ Rosas's decision, Starbucks is not entitled to any further discovery.

## CONCLUSION

For the foregoing reasons, Workers United respectfully requests that:

a. The Court reconsider the September 23, 2022 discovery order, and grant the Motions to Quash of Workers United and the NLRB with respect to all requests in Starbucks' 22 subpoenas duces tecum; or

b. In the alternative, modify the September 23, 2022 discovery order to reflect the conclusions of ALJ Muhl; or

c. In the alternative, certify the question of whether the subpoenas should be enforced in light of the Decision by ALJ Muhl and/or the Decision by ALJ Rosas, pursuant to 28 U.S.C. § 1292(b); and

d. In any event stay enforcement of the discovery order until Starbucks complies with the Order of Judge Muhl to withdraw the discovery requests and its motion for contempt and sanctions;

e. Deny Starbucks' request under the All Writs Act; and

f. Deny Starbucks' Motion to Dismiss the petition;

g. In addition to any other relief the Court deems appropriate.

Dated:     Buffalo, NY
           August 4, 2023

                                              Respectfully submitted,

                                              /s/ Ian Hayes
                                              Ian Hayes, Esq.

## CERTIFICATE OF SERVICE

I certify that on August 4, 2023, the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Ian Hayes
Ian Hayes