IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA M. LESLIE, Regional Director of the Third Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>**Petitioner,**<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>**Respondent.** | Case No. 1:22-cv-00478-JLS |

**REPLY TO WORKERS UNITED'S RESPONSE TO MOTION TO LIFT ABEYANCE ON MOTION FOR SANCTIONS AND PETITION FOR WRIT OF INJUNCTION OR, IN THE ALTERNATIVE, MOTION TO DISMISS 10(J) PETITION**

**I.        INTRODUCTION**

The arguments of Workers United (Dkt. 116) mostly replicate what Petitioner argues (Dkt. 117). To that extent, Starbucks addresses the arguments in its Reply to Petitioner's Response, which Starbucks incorporates herein by reference. Starbucks addresses below any new matters raised by Workers United.

**II.       ARGUMENT**

      **A.      In a Section 10(j) Case, The Court Owes No Deference To The Board**

In its opening discussion of jurisdiction, *amicus curiae* Workers United cites *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245 (1959), which stands for the unremarkable proposition that the Board has expertise interpreting the NLRA. Dkt. 116 at 1. However, a district court owes no deference to the Board on whether injunctive relief is "just and proper," which is reserved to the "United States district court[s]." 29 U.S.C. § 160(j). Workers United then misrepresents that in *NLRB v. C&C Plywood Corp.*, 385 U.S. 421, 428 (1967), the Supreme Court "held that concurrent jurisdiction over a 10(j) case, between the NLRB and a federal court, does

not deprive the Board of its role in determining whether a ULP has been committed." Dkt. 116 at 2. The Supreme Court held no such thing. *C&C Plywood* did not involve a Section 10(j) petition at all. It interpreted Section 301 of the Labor Management Relations Act, and held that "the Board, in necessarily construing a labor agreement to decide [an] unfair labor practice case, has not exceeded the jurisdiction laid out for it by Congress." 385 U.S. at 428. The Board was not a party to any separate proceeding in which the labor agreement was at issue, unlike here where the Board is prosecuting both the ULP and the 10(j). Perhaps more importantly, the Board's actions in *C&C Plywood* did not interfere with a federal court's exclusive jurisdiction and nullify that federal court's prior order, as the Board's actions here do in the ongoing 10(j) proceedings.

Workers United's remaining arguments and cites in this section asking the Court to stay the case and defer to the Board based on primary jurisdiction principles simply repeat the Board's prior arguments in its motion to stay. Starbucks incorporates its response opposing the Board's motion to stay. It should be noted that Workers United's remaining cites do not involve a court staying a 10(j) case, nor any other expedited proceeding seeking emergency relief. Instead, they mostly involve overlap between an ongoing unfair labor practice case at the Board and either a Section 301 breach of collective bargaining agreement claim in a district court or an action to enforce an arbitrator's award. These cases do not mandate a stay but rather an exercise of discretion to determine whether proceedings should be stayed or move forward. Dkt. 116 at 2-3.[1] The present action seeking extraordinary relief should move forward rather than being placed in indefinite limbo and risking witnesses becoming unavailable or unable to remember events clearly

---

[1] Workers United also cites a pair of Second Circuit cases (Dkt. 116 at 2) that merely entail review of Board decisions under Section 10(e) or (f), and which did not involve a 10(j) proceeding. *Elec. Contractors, Inc. v. NLRB*, 245 F.3d 109, 116 (2d Cir. 2001); *Constellation Brands, U.S. Operations, Inc. v. NLRB*, 842 F.3d 784 (2d Cir. 2016).

after the passage of potentially years.

### B. AWA Relief is Appropriate

The Union fails to distinguish Starbucks' citation to cases where a party was enjoined after it went to a second forum to obtain a different ruling that contradicted the ruling in the first action, like here. Dkt. 116 at 3. Further, the Union's excuse that the General Counsel was merely doing her duty ignores that her action of using a *Guess?* Complaint to interfere with an ongoing 10(j) is unprecedented, and that she is using *Guess?* as a sword and a shield to try to attack Starbucks for defending itself against her attack - a point that even drew the criticism of ALJ Muhl. Lastly, contrary to the Union's argument, Starbucks did not argue that ALJ Muhl's decision "contain[s] any explicit command to this Court." Dkt. 116 at 4. Rather, the interference is with the Court's ability to enforce its prior discovery orders by creating competing commands and legal uncertainty for the Subpoenaed Non-Parties; the Board's failure to adopt and seeking to reweigh this Court's prior holdings on the same issues now before it; and the intervening harm to Starbucks's right to defend itself from the Board's 10(j) allegations, with eventual appellate review of the *Guess?* Complaint not covering the subject of the harms occurring in the 10(j) case nor arriving in time to remedy them.

### C. *Guess?* Does Not Apply and Employee Statutory Rights Do Not Outweigh Starbucks' Constitutional Rights

Starbucks, in its Reply to Petitioner's Response and its Responses to Workers United's Motion for Reconsideration and Petitioner's Motion to Stay or Reconsider, already addressed the arguments and cases Workers United cites in section III of its Response, which involve Board law or appellate courts reviewing Board decisions or enforcement of an administrative subpoena under Section 10(e) or (f) or Section 11 of the NLRA. They do not apply here. Contrary to Workers United's arguments, employees' alleged Section 7 rights do not outweigh Starbucks's rights; the

3

information sought is relevant; the administrative record did not permit Starbucks to obtain the evidence needed for its defenses prior to examining witnesses; and Petitioner and Workers United's selective revelation and use of only those emails from workers and communications on social media and in the press do not tell the full story - as the Court has already determined repeatedly. *See Hickman v. Taylor,* 329 U.S. 495, 507 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation").

Further, that lawyers are able to articulate what an administrative test like *Guess?* says does not mean it is not unconstitutionally vague. Petitioner recently advocated in the *Guess?* Complaint proceeding for a new and unexplained relevancy test for the first *Guess?* factor. (The Board's own half-hearted defense in its Response – essentially, that it may be vague, but it's not vaguer than some other tests – does not assist *Guess?* here). Beyond that, for the past 20 years (since the Board issued the split decision in *Guess?* in 2003), the Board has applied the third factor as a *de facto* proscription on employer evidence gathering by always finding that such discovery is "coercive" and always exalting alleged threats to employee rights over any employer or public interest in discovery. When an administrative test cannot be passed by any employer in 20 years regardless of the circumstances, then it is unconstitutionally vague. The Board inappropriately deployed this vague test here as a sword and a shield, this time to assist itself in its own 10(j) for the first time.

   D.   **The Board is Interfering With Starbucks's Constitutional Rights**

All of Workers United's arguments in Section IV are already covered elsewhere by Starbucks's arguments, which need not be repeated here.

**III.   CONCLUSION**

The Court should lift the abeyance on Starbucks's motion for sanctions, hold the Subpoenaed Non-Parties in contempt, enjoin the Board's and General Counsel's prosecution of the *Guess?* Complaint, and award Starbucks other relief as requested – or dismiss the 10(j) petition.

Dated: August 4, 2023

/s/ *Jeffrey S. Hiller*
David A. Kadela (*Pro Hac Vice*)
Jeffrey S. Hiller (*Pro Hac Vice*)
LITTLER MENDELSON, P.C.
41 South High Street, Suite 3250
Columbus, OH 43215
Tel: 614-463-4201
Fax: 614-573-7475
Email: dkadela@littler.com
  jhiller@littler.com

Jonathan Levine (*Pro Hac Vice*)
Adam-Paul Tuzzo (*Pro Hac Vice*)
LITTLER MENDELSON, P.C.
111 East Kilbourn Ave., Suite 1000
Milwaukee, WI 53202
Tel: 414-291-5536
Fax: 414-291-5526
Email: jlevine@littler.com
  atuzzo@littler.com

Brittany L. Stepp (*Pro Hac Vice*)
LITTLER MENDELSON, P.C.
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102
Tel: 267-402-3124
Fax: 267-402-3131
Email: bstepp@littler.com

Sam P. Wiles (Bar No. 5759725)
LITTLER MENDELSON, P.C.
375 Woodcliff Drive, Suite 2D
Fairport, NY 14450
Tel: 585-203-3400
Fax: 585-203-3414
Email: swiles@littler.com

*Attorneys for Respondent Starbucks Corporation*

Dated: August 4, 2023

/s/ *Jeffrey S. Hiller*
David A. Kadela (*Pro Hac Vice*)
Jeffrey S. Hiller (*Pro Hac Vice*)
LITTLER MENDELSON, P.C.
41 South High Street, Suite 3250
Columbus, OH 43215
Tel: 614-463-4201
Fax: 614-573-7475
Email: dkadela@littler.com
  jhiller@littler.com

Jonathan Levine (*Pro Hac Vice*)
Adam-Paul Tuzzo (*Pro Hac Vice*)
LITTLER MENDELSON, P.C.
111 East Kilbourn Ave., Suite 1000
Milwaukee, WI 53202
Tel: 414-291-5536
Fax: 414-291-5526
Email: jlevine@littler.com
  atuzzo@littler.com

Brittany L. Stepp (*Pro Hac Vice*)
LITTLER MENDELSON, P.C.
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102
Tel: 267-402-3124
Fax: 267-402-3131
Email: bstepp@littler.com

Sam P. Wiles (Bar No. 5759725)
LITTLER MENDELSON, P.C.
375 Woodcliff Drive, Suite 2D
Fairport, NY 14450
Tel: 585-203-3400
Fax: 585-203-3414
Email: swiles@littler.com

*Attorneys for Respondent*
*Starbucks Corporation*

## CERTIFICATE OF SERVICE

I certify that on August 4, 2023, I caused a copy of the foregoing *Reply to Workers United's Response to Starbucks's Motion to Lift Abeyance on Motion for Sanctions and Petition For Writ Of Injunction Or, In The Alternative, Motion To Dismiss* to be e-filed and served via email upon the following:

**Alicia Pender Stanley**
National Labor Relations Board
11A Clinton Avenue, Room 342
Albany, NY 12207
Email: *alicia.pender@nlrb.gov*

**Caroline V. Wolkoff**
National Labor Relations Board
11A Clinton Avenue, Room 342
Albany, NY 12207
Email: *cwolkoff@nlrb.gov*

**Jessica Lynn Cacaccio**
National Labor Relations Board
130 S. Elmwood Avenue, Suite 630
Buffalo, NY 14202
Email: *jessica.cacaccio@nlrb.gov*

**Linda M. Leslie**
National Labor Relations Board
130 S. Elmwood Avenue, Suite 630
Buffalo, NY 14202
Email: *linda.leslie@nlrb.gov*

**Ian H. Hayes**
Hayes Dolce
135 Delaware Avenue, Suite 502
Buffalo, NY 14202
Email: *ihayes@hayesdolce.com*

/s/ Jeffrey S. Hiller

4885-4166-5651.1 / 055187-2405
DRAFT