

UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD

REGION 3
130 S Elmwood Ave Ste 630
Buffalo, NY 14202-2465

Agency Website: www.nlrb.gov
Telephone: (716)551-4931
Fax: (716)551-4972

August 11, 2023

VIA ECF and EMAIL to sinatra@nywd.uscourts.gov

Hon. John Sinatra, Jr.
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

          Re:    *Leslie ex rel. NLRB v. Starbucks Corporation,*
               No. 1:22-cv-00478 (JLS)

Dear Judge Sinatra:

Petitioner Linda M. Leslie respectfully asks this Court to defer responsive pleadings or Rule 12 motions to Starbucks' Counterclaim (ECF 107 and 126) until this Court has decided the pending motions set for hearing on August 23 (ECF 106, 108, 109). A number of issues being briefed in those motions may obviate the need for such responsive pleadings. Questions of subject-matter jurisdiction of this Court predominate over Starbucks' request for relief under the All Writs Act and its Counterclaim. And if the Court were to reconsider its discovery orders, or stay or dismiss this proceeding, this too may affect the viability of the counterclaim. Moreover, the additional parties Starbucks seeks to join to the proceeding (who would have 60 days from service to file an answer or Rule 12 motion) have not been properly served. If the Court is not disposed to defer a responsive pleading as requested, we would ask for a fourteen (14) day extension to respond to Starbucks' Motion for leave to file a supplemental pleading (ECF 126). Petitioner also notes that it would be inefficient to require her to respond to the counterclaim while other third-party defendants, if added, would have a separate opportunity to respond at a later date once served pursuant to Rule 4(i).

There were significant procedural deficiencies with Starbucks' original counterclaim (ECF 107). First, Starbucks filed the counterclaim without leave of the Court as required by Rules 13(e) and 15(d) of the Federal Rule of Civil Procedure.  Next, through the counterclaim, Starbucks added the Board and its General Counsel as third-party defendants to the proceeding, again without leave of the Court in contravention of Rule 14(a)(1). And of course, the parties sought to be joined as defendants have not been properly served. After flouting the Federal Rules of Civil Procedure, Starbucks belatedly (and only after Petitioner pointed out these deficiencies) attempts to retroactively seek the Court's permission to file the counterclaim and add parties (ECF 126). *See GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 100–01 (2d Cir. 2019) (citing Fed. R. Civ. P. 15) (internal citations omitted) ("As to procedure for presenting a new counterclaim, most attempts to amend an answer to include a new counterclaim require permission of the court or consent of the parties. The only exceptions occur when a counterclaimant seeks to amend its answer within 21 days

Case 1:22-cv-00478-JLS  Document 129  Filed 08/11/23  Page 2 of 2

*Leslie ex rel. NLRB v. Starbucks Corp.*     - 2 -                                                     August 11, 2023
No. 1:22-cv-00478 (JLS)

after serving its original answer, or within 21 days after service upon it of (1) a required responsive pleading, *e.g.*, an answer to a counterclaim, or (2) a motion under 12(b), (e), and (f)[.] And attempts to amend an answer to include a new counterclaim after an amended complaint that requires a response has been filed must be made within 14 days after service of the amended complaint.").

To ensure adequate briefing time that does not prejudice the General Counsel or Board, or interfere with consideration of the many questions slated for hearing on August 23, I respectfully request that the Court set the response deadline to Starbucks' counterclaim as thirty (30) days following meeting the all of following conditions: the Court's disposition of the pending motions set for hearing on August 23, identification of all proper parties to the counterclaim, and proper service to the identified parties. Alternatively, the Board requests a fourteen (14) day extension to respond to its motion to file a supplemental pleading (ECF 126), through and including August 30, 2023.

Accordingly, Petitioner requests that the Court grant a deferral to responsive pleadings or Rule 12 motions or grant the requested extension.

                                                Respectfully submitted,

                                                DAWN L. GOLDSTEIN
                                                *Deputy Associate General Counsel*

                                                POLLY MISRA
                                                *Supervisory Attorney*

                                                <u>s/ David P. Boehm</u>
                                                DAVID P. BOEHM
                                                *Trial Attorney* (D.C. Bar 1033755)

                                                National Labor Relations Board
                                                1015 Half Steet, S.E.
                                                Washington, D.C. 20003
                                                (202) 273-4202
                                                david.boehm@nlrb.gov

cc: Parties and amicus via ECF and email