IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA M. LESLIE, Regional Director of Region 3 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD, | : : : : : : |
| Petitioner, | : Case No. 1:22-cv-478-JLS |
| v. | : : |
| STARBUCKS CORPORATION, | : : |
| Respondent, | : : |
| v. | : : |
| LINDA M. LESLIE, | : : |
| Counterclaim Defendant. | : |

### NATIONAL LABOR RELATION BOARD'S CERTIFICATION WITH RESPECT TO ONGOING ADMINISTRATIVE PROCEEDINGS

Petitioner Linda M. Leslie, Regional Director of the Third Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, files this Certification pursuant to this Court's Decision and Order [ECF 132], entered on August 23, 2023 by this Court, conditionally dismissing the Board's Petition for interim injunctive relief under Section 10(j) of the National Labor Relations Act, 29 U.S.C. § 160(j). In that Decision and Order, the Court granted Respondent's motion to dismiss the 10(j) petition unless Petitioner certifies by September 1, 2023 "that she has terminated all efforts to impede or frustrate the

discovery order, including termination of the *Guess?* proceeding."[1] This notice is to inform the Court that Petitioner will not comply with the Court's demand, and accordingly considers this action dismissed pursuant to this Court's order of this date.

First, for the reasons repeatedly set forth in Petitioner's briefing to this Court [ECF 117, 131], this Court has no jurisdiction to enjoin, affect, or control the prosecution of the *Guess?* proceeding, directly or indirectly. Such limitations on judicial subject-matter jurisdiction would be set at naught if courts could strongarm parties into taking actions in cases over which they have no jurisdiction by threatening to improperly withhold relief or other action in the case before the court. The order entered this day is thus void for want of jurisdiction.

Second, the National Labor Relations Act assigns to the Board's General Counsel the "final authority" to issue complaints and prosecute such complaints before the Board. 29 U.S.C. § 153(d). The Board is empowered "to prevent any person from engaging in any unfair labor practice" and confirms that "[t]his power shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, law, or otherwise . . . ." 29 U.S.C. § 160(a).

As this Court is aware, on May 12, 2023, Administrative Law Judge Charles J. Muhl issued a decision in the *Guess?* proceeding, NLRB Case 03-CA-304675.

---

[1] Petitioner objects in the strongest possible terms to this Court's baseless characterization of the investigation and prosecution of allegedly unlawful conduct under the National Labor Relations Act as "efforts to impede or frustrate the discovery order." [ECF 132, at 11.]

Thereafter, on May 12, 2023, the proceeding was transferred to the Board pursuant to Section 102.45 of the National Labor Relations Board's Rules and Regulations. The case is currently pending before the Board. After an unfair labor practice hearing has concluded and a case has been transferred to the Board for review, the General Counsel possesses no unilateral authority to withdraw a complaint.[2] Once a case is before the Board, the complaint may only be withdrawn upon the General Counsel's motion and with the consent of the Board.[3] We are aware of no authority that requires, or even permits, the General Counsel to unilaterally withdraw or dismiss a meritorious complaint at the direction of a United States District Court.

Finally, even if Petitioner had such authority, she would not exercise it here. Confronted with the choice between obedience to a court directive that would require the violation of the statutory rights of a charging party, and accepting the legally erroneous dismissal of the action, Petitioner concludes that only the latter course is consistent with her statutory duty to effectuate the purposes and policies of the National Labor Relations Act.

---

[2] *National Nurses Org. Cmte.*, 370 NLRB No. 128, slip op. at 1 (2021). Indeed, the General Counsel loses the power to unilaterally withdraw a complaint once they begin the presentation of merits evidence at the unfair labor practice hearing. *See Sheet Metal Workers Int'l Assoc.,* 306 NLRB 981, 982 (1992).

[3] *National Nurses Org. Cmte.*, 370 NLRB No. 128, slip op. at 1.

Respectfully submitted,

DAWN L. GOLDSTEIN
*Deputy Associate General Counsel*

PAUL A. THOMAS
*Supervisory Attorney*

/s/ David P. Boehm
David P. Boehm
*Trial Attorney* (D.C. Bar 1033755)
National Labor Relations Board
1015 Half Street, S.E.
Washington, D.C. 20003
(202) 273-4202
david.boehm@nlrb.gov

Dated: August 23, 2023 at Washington, D.C.