

UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD

REGION 3
130 S Elmwood Ave Ste 630
Buffalo, NY 14202-2465

Agency Website: www.nlrb.gov
Telephone: (716)551-4931
Fax: (716)551-4972

September 8, 2023

VIA ECF

Hon. John Sinatra, Jr.
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

         Re: *Leslie ex rel. NLRB v. Starbucks Corporation,*
           No. 1:22-cv-00478 (JLS)

Dear Judge Sinatra:

Regional Director Linda M. Leslie ("Director") respectfully responds to the Court's order [ECF No 137] addressing how to proceed with respect to Starbucks' counterclaim. The Director is of the view that any further proceedings regarding the counterclaim should be held in abeyance pending the Second Circuit's decision regarding the dismissal of the Section 10(j) Petition. The Second Circuit will decide key legal issues also raised by the counterclaim, including whether attempts to enjoin or control separate NLRB proceedings are permissible under constitutional principles of separation of powers and statutory limits on this Court's jurisdiction, as well whether Starbucks' subpoenas should have been quashed or further limited.

Should you decline to stay this matter, we note that in order to obtain the relief Starbucks requests, the Board members themselves and the Board's General Counsel would be indispensable parties under Rule 19 of the Federal Rules of Civil Procedure. Accordingly, in addition to whatever defenses the Regional Director may present under Rule 12, she would seek dismissal pursuant to Fed. R. Civ. P. 12(b)(7) if these parties were not joined as defendants. As previously noted to the Court, the Regional Director has no unilateral authority to stop or dismiss the *Guess?* proceeding at this point. *See* ECF No 134. The Board members and General Counsel have distinct and independent statutory functions not delegated to the Director when, as here, she acts pursuant to an authorization to pursue Section 10(j) relief (which is why the Petitioner previously noted that counterclaims are unavailable in such cases) [ECF No. 117 at 14; ECF No. 131 at 2, 10-11].

Moreover, we would renew our request [ECF No. 129] that any responsive pleadings or Rule 12 motions be due no less than 30 days after Starbucks perfects service of summons and complaint on all additional necessary defendants.

Hon. John Sinatra, Jr.
*Leslie ex rel. NLRB v. Starbucks Corp.,* No. 1:22cv-00478 (JLS)
September 8, 2023
Page 2

        Respectfully submitted,

        DAWN L. GOLDSTEIN
        *Deputy Associate General Counsel*

        PAUL A. THOMAS
        *Supervisory Attorney*

        <u>s/ David P. Boehm</u>
        DAVID P. BOEHM
        *Trial Attorney* (D.C. Bar 1033755)

        National Labor Relations Board
        1015 Half Steet, S.E.
        Washington, D.C. 20003
        (202) 273-4202
        david.boehm@nlrb.gov

cc: Parties and amicus via ECF and email